UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 03-10220-MEL |
| | ) | VIOLATIONS: |
| v. | ) | |
| | ) | 21 U.S.C. § 846 -- Conspiracy To Distribute Marijuana |
| 1. SEAN BUCCI | ) | |
| 2. DARREN MARTIN | ) | |
| 3. CATHERINE BUCCI | ) | |
| | ) | 21 U.S.C. § 841(a)(1) -- Possession Of Marijuana With Intent To Distribute |
| | ) | 18 U.S.C. § 1956(h) -- Conspiracy to Commit Money Laundering |
| | ) | 18 U.S.C. § 1957 -- Money Laundering |
| | ) | 31 U.S.C. § 5324 -- Structuring |
| | ) | 26 U.S.C. § 7201 -- Tax Evasion |
| | ) | 18 U.S.C. § 2 -- Aiding and Abetting |
| | ) | 21 U.S.C. § 853 -- Criminal Forfeiture Allegation |
| | ) | 18 U.S.C. § 982(a)(1) -- Criminal Forfeiture Allegation |
| | ) | 31 U.S.C. § 5317 -- Criminal Forfeiture Allegation |
| | ) | 26 U.S.C. § 7301, 28 U.S.C. §2461 Criminal Forfeiture Allegation |

SECOND SUPERSEDING INDICTMENT

**COUNT ONE:** **(21 U.S.C. § 846 - Conspiracy To Distribute Marijuana)**

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about January, 2002, and continuing thereafter until on or about June 4, 2003, at North Reading, and elsewhere in the District of Massachusetts,

**1. SEAN BUCCI, and**
**2. DARREN MARTIN**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further alleges that the conspiracy described herein involved at least 1000 kilograms of a mixture and substance containing a detectable amount of marijuana. Accordingly, Title 21, United States Code, Section 841 (b)(1)(A)(vii), is applicable to this offense.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:** **(21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Marijuana; 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about June 4, 2003, at North Reading, in the District of Massachusetts,

**1. SEAN BUCCI,**

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

The Grand Jury further alleges that the offense involved at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana. Accordingly, Title 21, United States Code, Section 841 (b)(1)(B)(vii), is applicable to this offense.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT THREE: (21 U.S.C. § 841(a)(1) - Possession With Intent To Distribute Marijuana; 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about June 4, 2003, at North Reading, in the District of Massachusetts,

**2. DARREN MARTIN,**

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR:** **(18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering)**

The Grand Jury further charges that:

1. Defendant **Sean Bucci** was a resident of North Reading, Massachusetts. He was an owner and operator of a small disc jockey business called "911 Productions," with a business address of 412 Essex Street, Salem, Massachusetts.

2. Defendant **Catherine M. Bucci** is a resident of Danvers, Massachusetts, and the mother of defendant **Sean Bucci**. From at least tax year 1998 until at least tax year 2002, **Catherine M. Bucci** filed joint income tax returns with her husband in which she listed her occupation as housewife and reported no income attributable to herself for each said tax year.

3. At least by in or about 1995, and continuing thereafter until in or about June 2003, **Sean Bucci** earned significant amounts of cash by trafficking controlled substances in North Reading, Massachusetts, and elsewhere in the District of Massachusetts.

4. Beginning in or about May 1998, **Sean Bucci** regularly provided cash proceeds derived from his drug trafficking activity to **Catherine M. Bucci**, who caused the proceeds to be deposited into her own bank accounts to allow **Sean Bucci** to invest in real estate and pay creditors without revealing the illegal nature of his income.

5.   In or about June 1999, **Catherine M. Bucci** opened a nominee bank account at SIS Family Bank in Middleton, Massachusetts (which was subsequently acquired by Banknorth, N.A.) (herinafter, "SIS Family Bank"), into which large sums of cash proceeds derived from **Sean Bucci**'s drug trafficking activity were deposited, and which was used by **Sean Bucci** to make mortgage and other monthly payments to his creditors.

6.   Throughout the period covered by this Second Superseding Indictment, domestic financial institutions were required to report to the Internal Revenue Service every transaction involving in excess of $10,000 in currency.  They were required to report these transactions by filing Currency Transaction Reports ("CTR's") with the Internal Revenue Service.  SIS Family Bank, Salem Five Savings Bank, Warren Five Cents Savings Bank (which was subsequently acquired by Banknorth, N.A.), and Beverly Cooperative Bank, were domestic financial institutions.

7.   From on or about June 1, 1998, through on or about December 26, 2002, **Sean Bucci**, **Catherine M. Bucci**, and others acting on their behalf, structured cash transactions with these domestic financial institutions by breaking up $95,700 in cash and converting it into Cashier's, Treasurer's, or personal checks, which were used to acquire real property for the benefit of **Sean Bucci**.

8. From a time unknown to the Grand Jury, but at least by in or about May 1998, and continuing thereafter until at least in or about June 2003, at North Reading, Danvers, Marblehead, Beverly, Salem, Middleton, Peabody, Topsfield and elsewhere in the District of Massachusetts,

**1. SEAN BUCCI and**

**3. CATHERINE M. BUCCI,**

defendants herein, did knowingly combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: conducting or attempting to conduct financial transactions affecting interstate commerce, knowing that the property involved represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of some form of unlawful activity, and knowing that the transactions were designed, in whole or in part, (i) to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, to wit, the distribution of marijuana, as alleged in Counts One and Two, and (ii) to avoid a transaction reporting requirement under State and Federal law, in violation of 18 U.S.C. § 1956(a)(1).

**Purpose of the Conspiracy**

9. It was a purpose of the conspiracy to engage in financial transactions using defendant **Catherine M. Bucci**'s name

and bank accounts in order to conceal or disguise the nature and source of cash proceeds from defendant **Sean Bucci**'s marijuana trafficking activity and thereby allow **Sean Bucci** to engage in real estate investments and other financial transactions without revealing the illegal source of his income.

10. It was a further purpose of the conspiracy to engage in financial transactions involving multiple deposits of cash proceeds derived from the sale of marijuana in amounts less than $10,000.00 into accounts held by **Catherine M. Bucci** in order to avoid a transaction reporting requirement under State and Federal law.

**Manner and Means of the Conspiracy**

11. It was a part of the conspiracy that **Sean Bucci** regularly provided cash proceeds from his drug trafficking activity to **Catherine M. Bucci**, who deposited the proceeds into her own bank accounts and used the deposits to purchase Cashier's Checks, which were used to acquire real property for **Sean Bucci** without revealing the illegal nature and source of his income.

12. It was a further part of the conspiracy that **Catherine M. Bucci** made material false statements on loan and refinancing applications involving property located at 23 Marshall Street, North Reading, Massachusetts (the "Marshall Street Property") in order to enable **Sean Bucci** to acquire, purchase, maintain and control the Marshall Street Property and real property located at

10 Alderbrook Drive, Topsfield, Massachusetts (the "Alderbrook Drive Property"), without revealing the illegal source of his income.

13. It was a further part of the conspiracy that **Sean Bucci** provided approximately $60,000 of cash proceeds from the sale of controlled substances to **Catherine Bucci** for deposit into a safe deposit box held by **Catherine Bucci** and **Sean Bucci** in order to assist **Catherine Bucci** to qualify for a mortgage to acquire the Marshall Street Property for the benefit of **Sean Bucci**.

14. It was a further part of the conspiracy that **Sean Bucci** and **Catherine M. Bucci** caused large amounts of cash, derived from **Sean Bucci**'s illegal trafficking of marijuana, to be deposited into accounts held by **Catherine M. Bucci** at multiple domestic financial institutions, and at different branches of the same domestic financial institution.

15. It was a further part of the conspiracy that in or about June 1999, **Catherine M. Bucci** opened a new bank account at SIS Family Bank, into which **Sean Bucci** and **Catherine M. Bucci** caused large sums of cash proceeds from **Sean Bucci**'s marijuana trafficking activity, to be deposited for the benefit of **Sean Bucci** and the payment of **Sean Bucci**'s creditors through the use of pre-signed, blank checks, which **Catherine M. Bucci** provided to **Sean Bucci**.

16. It was a further part of the conspiracy that **Sean Bucci**

and **Catherine M. Bucci** caused these cash deposits to be structured into amounts less than $10,000.00 in order to avoid the reporting requirements under State and Federal law.

**Overt Acts**

17. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts were committed in the District of Massachusetts:

18. On or about May 29, 1998, defendant **Sean Bucci** attended an auction of the Marshall Street Property, and used $10,000 of proceeds from the sale of marijuana to secure the highest bid of $287,000.00 to purchase the property.

19. On or about May 30, 1998, defendant **Catherine M. Bucci** made material false statements on a mortgage application for a loan in the amount of $229,600.00 from a domestic financial institution in order to acquire the Marshall Street Property, including:

a. Falsely stating that the Marshall Street Property would be used as the primary residence of defendant **Catherine M. Bucci**;

b. Falsely stating that 4 Loris Road, Danvers, Massachusetts, (the actual primary residence of defendant **Catherine M. Bucci**) would be used as rental property, providing additional income needed to qualify for the loan;

    c. Falsely stating that **Catherine M. Bucci** was employed by defendant **Sean Bucci**'s disc jocky business, 911 Productions, earning $20,000 per year as a bookkeeper;

d. Falsely stating that **Catherine M. Bucci** had been so employed for a period of four (4) years;

e. Falsely stating that her husband earned $57,600 per year as a manager at Simpson's Package Store, Beverly, Massachusetts;

f. Falsely stating that **Catherine M. Bucci** had $60,000 cash savings in a safe deposit box, which would be used for the down payment on the loan needed to purchase the Marshall Street Property; and

g. Falsely listing the $10,000 illegal cash drug proceeds, which **Sean Bucci** paid to auctioneer W. Todd Finn on May 29, 1998, as an asset of **Catherine Bucci**.

20. On or about June 5, 1998, **Sean Bucci** obtained a safe deposit box at the Danvers, Massachusetts, branch of Fleet Bank (which was subsequently acquired by Sovereign Bank) in the names of **Sean Bucci** and **Catherine M. Bucci,** into which he deposited $60,000 of cash proceeds from his drug trafficking activity in order to assist **Catherine M. Bucci** and her husband in qualifying for the loan used to purchase the Marshall Street Property.

21. On or about the following dates, **Catherine M. Bucci** made the following cash deposits into three different accounts held by **Catherine M. Bucci**:

| | DATE | DEPOSIT | DEPOSITOR | BANK | ACCOUNT |
|---|---|---|---|---|---|
| a. | 06/01/98 | $8,000.00 | **Catherine M. Bucci** | Salem Five Savings Bank | **Catherine M. Bucci,** Account No. 042062745 |
| b. | 06/25/98 | $8,500.00 | **Catherine M. Bucci** | Salem Five Savings Bank | **Catherine M. Bucci,** Account No. 042062745 |
| c. | 06/26/98 | $9,500.00 | **Catherine M. Bucci** | Salem Five Savings Bank | **Catherine M. Bucci,** Account No. 042062745 |
| d. | 06/26/98 | $9,500.00 | **Catherine M. Bucci** | Warren Five Cents Savings Bank | **Catherine M. Bucci,** Account No. 0008000922 |

22. On or about the following dates, **Catherine M. Bucci** purchased Cashier's Checks in the following amounts, which were used in the purchase of the Marshall Street Property:

| | DATE | AMOUNT | BUYER | BANK | ACCOUNT |
|---|---|---|---|---|---|
| a. | 06/25/98 | $15,540.00 | **Catherine M. Bucci** | Salem Five Savings Bank | **Catherine M. Bucci,** Account No. 042062745 |

| | | | | | |
|---|---|---|---|---|---|
| c. | 06/26/98 | $9,500.00 | **Catherine Bucci** | Salem Five Savings Bank | **Catherine M. Bucci**, Account No. 042062745 |
| d. | 06/26/98 | $9,500.00 | **Catherine Bucci** | Warren Five Cents Savings Bank | **Catherine M. Bucci**, Account No. 0008000922 |

23. On or about June 12, 1998, **Sean Bucci** and **Catherine M. Bucci** accessed the safe deposit box at Fleet Bank, along with a representative from World Savings and Loan Association, who photographed the $60,000 in illegal cash proceeds, which **Sean Bucci** had deposited into the safe deposit box on June 5, 1998.

24. On or about June 26, 1998, defendant **Catherine M. Bucci** signed a Settlement Statement at the closing for the acquisition of the Marshall Street Property, wherein she provided approximately $58,960.00 in cash and cash equivalents, of which funds approximately $41,420.00 had been previously structured.

25. On or about June 10, 1999, **Catherine M. Bucci** opened Account No. 802-0308090 at SIS Family Bank into which **Sean Bucci** and **Catherine M. Bucci** regularly deposited large amounts of cash, derived from **Sean Bucci**'s illegal trafficking of marijuana, for the benefit of **Sean Bucci** and the payment of **Sean Bucci**'s creditors.

26. On or after June 10, 1999, **Catherine M. Bucci** provided **Sean Bucci** with pre-signed checks from her SIS Family Bank

Account No. 802-0308090 for the benefit of **Sean Bucci** and the payment of **Sean Bucci**'s creditors.

27. On various dates between June 10, 1999, and January 6, 2003, **Catherine M. Bucci** and **Sean Bucci** caused at least $118,000.00 to be deposited and $117,998.00 to be withdrawn from **Catherine M. Bucci**'s Account No. 802-0308090 at SIS Family Bank.

28. Between on or about July 1998 and on or about May 2003, **Catherine M. Bucci** and **Sean Bucci** caused multiple significant payments to be made against the mortgage on the Marshall Street Property, using proceeds derived from **Sean Bucci**'s sale of marijuana, including payments totaling approximately $258,625.25.

29. On or about October 9, 1999, **Catherine M. Bucci** made material false statements on an application for a loan in the amount of $260,000.00 from World Savings and Loan Association, a domestic financial institution, in order to refinance the original mortgage on the Marshall Street Property, for a new loan that provided cash back at closing, in order to facilitate the acquisition of a second piece of property by **Sean Bucci**, including:

a. Falsely stating that 23 Marshall Street, North Reading, Massachusetts, was her current primary residence;

b. Falsely stating that 4 Loris Road, Danvers, Massachusetts, was her former residence;

c. Falsely stating that **Catherine M. Bucci** was

employed by defendant **Sean Bucci**'s disc jockey business, 911 Productions, earning $48,000.00 per year as a bookkeeper;

d. Falsely stating that **Catherine M. Bucci** had been so employed for a period of five (5) years; and

e. Falsely stating that her husband earned $60,000 per year as a manager at Simpon's Package Store, Beverly, Massachusetts.

30. On or about November 2, 1999, **Sean Bucci** and **Catherine M. Bucci** attempted to make a cash deposit of $10,000.00 at the Middleton, Massachusetts, branch of SIS Family Bank.

31. On or about November 2, 1999, defendant **Catherine M. Bucci**'s husband made the following cash deposits into his and **Catherine M. Bucci**'s joint Account No. 53003109 at Beverly Cooperative Bank:

| | DATE | TIME | DEPOSIT | BRANCH |
|---|---|---|---|---|
| a. | 11/02/99 | 11:34 a.m. | $9,000.00 | Main Office, Cabot Street, Beverly, MA, Beverly Cooperative Bank |
| b. | 11/02/99 | 12:15 p.m. | $9,000.00 | Branch Office, Dodge Street, Beverly, MA, Beverly Cooperative Bank |

32. On or about November 2, 1999, defendant **Catherine M. Bucci**'s husband also made the following purchases of Treasurer's Checks through his and **Catherine M. Bucci**'s joint Account No.

53003109 at Beverly Cooperative Bank, which were used in **Sean Bucci**'s purchase of the Alderbrook Drive Property:

| | DATE | TIME | TREASURER'S CHECK AMOUNT | BRANCH |
|---|---|---|---|---|
| a. | 11/02/99 | 11:34 a.m. | $9,000.00 | Main Office, Cabot Street, Beverly, MA, Beverly Cooperative Bank |
| b. | 11/02/99 | 12:15 p.m. | $9,000.00 | Branch Office, Dodge Street, Beverly, MA, Beverly Cooperative Bank |
| c. | 11/02/99 | 3:54 p.m. | $5,000.00 | Main Office, Cabot Street, Beverly, MA, Beverly Cooperative Bank |

33. On or about November 3, 1999, **Sean Bucci** and **Catherine M. Bucci** made the following cash deposits into **Catherine M. Bucci**'s Account No. 8020308090 at SIS Family Bank:

| | DATE | TIME | DEPOSIT | BRANCH |
|---|---|---|---|---|
| a. | 11/03/99 | 1:18 p.m. | $9,000.00 | Middleton, MA, Branch, SIS Family Bank |
| b. | 11/03/99 | 2:10 p.m. | $9,000.00 | Peabody, MA, Branch, SIS Family Bank |

34. On or about November 3, 1999, **Sean Bucci** and **Catherine M. Bucci** also made the following purchases of Cashier's Checks through **Catherine M. Bucci**'s, Account No. 8020308090 at SIS Family Bank, which were used in **Sean Bucci**'s purchase of the Alderbrook Drive Property:

| | DATE | TIME | CASHIER'S CHECK AMOUNT | BRANCH |
|---|---|---|---|---|
| a. | 11/03/99 | 1:18 p.m. | $9,000.00 | Middleton, MA, Branch, SIS Family Bank |
| b. | 11/03/99 | 2:10 p.m. | $9,000.00 | Peabody, MA, Branch, SIS Family Bank |

35. On or about November 3, 1999, **Catherine M. Bucci** signed a Settlement Statement at the closing for the refinancing of the mortgage on the Marshall Street Property, wherein she received approximately $44,400.03 in cash, which was used in **Sean Bucci**'s acquisition of the Alderbrook Drive Property.

36. On or about November 9, 1999, **Catherine M. Bucci** and **Sean Bucci** caused a cash deposit of $9,500.00 to be made into **Catherine M. Bucci**'s Account No. 042062745 at Salem Five Cents Savings Bank, followed by the purchase of a Cashier's Check in the same amount, which was used in **Sean Bucci**'s acquisition of the Alderbrook Drive Property.

37. On or about November 10, 1999, **Sean Bucci** purchased the Alderbrook Drive Property for $465,000.00, including making a cash payment of approximately $126,956.96 at the closing.

38. On or about July 19, 2000, **Sean Bucci** opened Checking Account No. 824-0004593 in his own name at First Massachusetts Bank, which was subsequently acquired by Banknorth, N.A. (the "First Massachusetts Account").

39. Approximately one (1) week later, on or about July 26, 2000, **Sean Bucci** sold his investment property at 10 Alderbrook

Drive, Topsfield, Massachusetts, yielding a gain of approximately $222,000.00.

40. On or about July 28, 2000, **Sean Bucci** deposited approximately $222,179.88 into his First Massachusetts Account, at which time virtually all of the banking activity and payment of creditors of **Sean Bucci** that was previously made through **Catherine M. Bucci**'s nominee account at SIS Family Bank shifted to **Sean Bucci**'s new First Massachusetts Account.

41. On or about April 15, 2001, **Sean Bucci** filed an Individual Income tax return for the fiscal year 2000, reporting a taxable gain of approximately $70,000.00 from the sale of the Alderbrook Drive Property, as his only taxable income for that year.

42. On or about October 2, 2001, **Sean Bucci** filed an Individual Income tax return for the fiscal year 1999, reporting $9,101.00 of earnings from employment as a disc jockey as his only taxable income for that year.

43. **Sean Bucci** failed to file Individual Income tax returns for fiscal years 1998, 2001, 2002 and 2003.

44. On or about the following dates in December 2002, **Sean Bucci** and **Catherine M. Bucci** made the following cash deposits into **Catherine M. Bucci**'s Account No. 8020308090 at SIS Family Bank:

| | DATE | AMOUNT |
|---|---|---|
| a. | 12/18/02 | $5,000.00 |
| b. | 12/20/02 | $4,000.00 |
| c. | 12/23/02 | $4,000.00 |
| d. | 12/26/02 | $1,700.00 |
| | **TOTAL:** | $14,700.00 |

45. On or about December 20, 2002, **Sean Bucci** caused Check No. 1382 from his First Massachusetts Account to be made payable to "A & B Consulting," a fictitious entity, in the amount of $3,000.00, falsely indicating in the memo section of the check that the money was in payment of "consulting" services, when such check served to pay for controlled substances in connection with **Sean Bucci**'s illegal trafficking of marijuana.

46. On or about December 27, 2002, after making the foregoing cash deposits into **Catherine M. Bucci**'s account at SIS Family Bank, which totaled $14,700.00, **Sean Bucci** and **Catherine M. Bucci** made Check No. 138 payable to World Savings and Loan Association in the amount of $14,382.89, in payment of one (1) monthly mortgage payment on the Marshall Street Property, plus approximately $13,000.00 against the principal balance on the loan.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT FIVE:** **(18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)**

The Grand Jury further charges that:

On or about July 28, 2000, at Middleton, in the District of Massachusetts,

**1. Sean Bucci**

defendant herein, did knowingly and intentionally engage in a monetary transaction in property derived from specified unlawful activity - to wit: the deposit of approximately $222,179.88 into his Checking Account No. 824-0004593 at First Massachusetts Bank (subsequently acquired by Banknorth, N.A.) with proceeds derived from the sale of controlled substances.

All in violation of Title 18, United States Code, Section 1957.

**COUNT SIX:** **(18 U.S.C. § 1957 - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)**

The Grand Jury further charges that:

On or about July 22, 2002, at Lowell, in the District of Massachusetts,

**1. Sean Bucci**

defendant herein, did knowingly and intentionally engage in a monetary transaction in property derived from specified unlawful activity - to wit: the purchase of a 2002 Chevrolet Avalanche for $35,901.95 from Chevrolet of Lowell, Inc., with proceeds derived from the sale of controlled substances.

All in violation of Title 18, United States Code, Section 1957.

**<u>COUNTS SEVEN THROUGH THIRTEEN</u>:**
**(31 U.S.C. §§ 5324(a)(3) & 5322(b) - Structuring Currency Transactions; 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

From a time unknown to the Grand Jury, but at least by in or about April 2001, and continuing thereafter until at least June 2003, at Middleton and elsewhere in the District of Massachusetts,

**1. SEAN BUCCI**

defendant herein, did knowingly and intentionally structure, assist in structuring, and attempt to structure the following transactions in Checking Account No. 824-0004593 at First Massachusetts Bank (subsequently acquired by Banknorth, N.A.), a domestic financial institution:

| COUNT | DATE | DEPOSIT |
|---|---|---|
| 7 | 04/17/01 | $5,000.00 |
| | 04/18/01 | $5,000.00 |
| 8 | 03/07/02 | $8,000.00 |
| | 03/12/02 | $8,000.00 |
| 9 | 03/19/02 | $8,000.00 |
| | 03/21/02 | $5,000.00 |
| 10 | 07/17/02 | $9,000.00 |
| | 07/18/02 | $9,000.00 |
| 11 | 01/30/03 | $5,000.00 |
| | 02/01/03 | $5,000.00 |
| 12 | 04/28/03 | $6,000.00 |
| | 04/28/03 | $6,000.00 |
| 13. | 05/30/03 | $7,000.00 |

| | |
|---|---|
| 06/02/03 | $7,000.00 |
| 06/03/03 | $7,000.00 |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and 5322(b), and Title 18, United States Code, Section 2.

**COUNT FOURTEEN: (26 U.S.C. § 7201 - Tax Evasion (1999))**

The Grand Jury further charges that:

1. Each of the foregoing allegations in Counts Four through Thirteen are realleged and incorporated as if fully set forth herein.

2. On or about October 2, 2001,

**1. Sean Bucci**,

defendant herein, a resident of North Reading, Massachusetts, did willfully attempt to evade and defeat income tax due and owing by him to the United States of America for the calendar year 1999 by filing and causing to be filed with the Director, Internal Revenue Service Center, at Andover, Massachusetts, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, wherein he stated that his taxable income for the calendar year 1999 was the sum of $0.0, and that the amount of tax due and owing thereon was the sum of $0.0, whereas as he then and there well knew and believed, his taxable income for the said calendar year was the sum of at least $80,846.00, upon which said taxable income there was owing to the United States of America an income tax of at least $19,841.00.

In violation of Title 26, United States Code, Section 7201.

**COUNT FIFTEEN: (26 U.S.C. § 7201 - Tax Evasion (2000))**

The Grand Jury further charges that:

1. Each of the foregoing allegations in Counts Four through Thirteen are realleged and incorporated as if fully set forth herein.

2. On or about April 15, 2001,

**1. Sean Bucci,**

defendant herein, a resident of North Reading, Massachusetts, did willfully attempt to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2000 by filing and causing to be filed with the Director, Internal Revenue Service Center, at Andover, Massachusetts, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, wherein he stated that his taxable income for the calendar year 2000 was the sum of $43,372.00, and that the amount of tax due and owing thereon was the sum of $8,733.00, whereas as he then and there well knew and believed, his taxable income for the said calendar year was the sum of at least $97,866.00, upon which said taxable income there was owing to the United States of America an income tax of at least $25,019.00.

In violation of Title 26, United States Code, Section 7201.

**<u>COUNT SIXTEEN</u>: (26 U.S.C. § 7201 - Tax Evasion (2001))**

The Grand Jury further charges that:

1. Each of the foregoing allegations in Counts Four through Thirteen are realleged and incorporated as if fully set forth herein.

2. During the calendar year 2001,

**1. Sean Bucci**,

defendant herein, a resident of North Reading, Massachusetts, had and received taxable income in the sum of at least $95,114.00. Upon said taxable income, there was owing to the United States of America an income tax of at least $23,662.00. Well-knowing and believing the foregoing facts, defendant **Sean Bucci**, on or about April 15, 2002, in the District of Massachusetts, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2002, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income and tax liability of at least $23,662.00 by dealing extensively in cash and by engaging in the conduct described herein in Counts Four through Thirteen.

In violation of Title 26, United States Code, Section 7201.

**COUNT SEVENTEEN:** **(26 U.S.C. § 7201 - Tax Evasion (2002))**

The Grand Jury further charges that:

1. Each of the foregoing allegations in Counts Four through Thirteen are realleged and incorporated as if fully set forth herein.

2. During the calendar year 2002,

**1. Sean Bucci,**

defendant herein, a resident of North Reading, Massachusetts, had and received taxable income in the sum of at least $238,206.00. Upon said taxable income, there was owing to the United States of America an income tax of at least $70,624.00. Well-knowing and believing the foregoing facts, defendant **Sean Bucci**, on or about April 15, 2003, in the District of Massachusetts, did willfully attempt to evade and defeat the said income tax due and owing by him to the United States of America for said calendar year by failing to make an income tax return on or before April 15, 2003, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income and tax liability of at least $70,624.00 by dealing extensively in cash and by engaging in the conduct described herein in Counts Four through Thirteen.

In violation of Title 26, United States Code, Section 7201.

**FORFEITURE ALLEGATION**
**(21 U.S.C. § 853)**

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts 1 through 3 of this Indictment,

**1. SEAN BUCCI,**
**2. DARREN MARTIN, and**
**3. CATHERINE M. BUCCI**

defendants herein, upon conviction, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to the following:

(a) the real property and buildings located at 23 Marshall Street, North Reading, Massachusetts, having a deed recorded at the Middlesex County Registry of Deeds, at Book 28760, Page 410;

(b) one black 2002 Chevrolet Avalanche, bearing Vehicle Identification Number 3GNGK23G52G233472, seized from Sean Bucci;

(c) $35,486.18 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Sean Bucci";

(d) $435.53 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Catherine Bucci";

(e) $12,187.40 in United States currency seized on June 6, 2003, from a Salem Five Bank Account in the name of "Sean Bucci";

(f) all funds seized from an Ameritrade Brokerage Account in the name of "Sean Bucci"; and

        (g)   one 31' 1972 Silverton Cabin Cruiser, with a white
            and blue hull, bearing Massachusetts boat
            registration number MS2576AF, hull identification
            number MSZMT095I202, and the name "That's Amore".

2.    If any of the property described in paragraph 1, above,

as a result of any act or omission of the defendants --

        (a)   cannot be located upon the exercise of due
            diligence;

        (b)   has been transferred or sold to, or deposited
            with, a third party;

        (c)   has been placed beyond the jurisdiction of the
            Court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property which
            cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the property

described in paragraph 1.

All in accordance with Title 21, United States Code, Section

853 and Rule 32.2(a), Federal Rules of Criminal Procedure.

**SECOND FORFEITURE ALLEGATION**
**(18 U.S.C. §982(a)(1))**

The Grand Jury further alleges that:

1. As a result of committing one or more of the offenses alleged in Counts 4 through 6 of this Indictment, charging money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957,

**1. SEAN BUCCI,**
**and**
**3. CATHERINE M. BUCCI**

defendants herein, upon conviction, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), the following:

(a) All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956 and 1957 or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956 or 1957; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations;

(b) A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense,

for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2. Such property includes, but is not limited to:

(a) the real property and buildings located at 23 Marshall Street, North Reading, Massachusetts, having a deed recorded at the Middlesex County Registry of Deeds, at Book 28760, Page 410;

(b) one black 2002 Chevrolet Avalanche, bearing Vehicle Identification Number 3GNGK23G52G233472, seized from Sean Bucci;

(c) $35,486.18 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Sean Bucci";

(d) $435.53 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Catherine Bucci";

(e) $12,187.40 in United States currency seized on June 6, 2003, from a Salem Five Bank Account in the name of "Sean Bucci";

(f) all funds seized from an Ameritrade Brokerage Account in the name of "Sean Bucci"; and

(g) one 31' 1972 Silverton Cabin Cruiser, with a white and blue hull, bearing Massachusetts boat registration number MS2576AF, hull identification number MSZMT095I202, and the name "That's Amore".

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph

1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

**THIRD FORFEITURE ALLEGATION**

**(31 U.S.C. §5317)**

The Grand Jury further alleges that:

1. As a result of committing one or more of the offenses alleged in Counts 7 through 13 of this Indictment, charging structuring currency transactions and aiding and abetting, in violation of Title 31, United States Code, Section 5324 and Title 18, United States Code, Section 2,

**1. SEAN BUCCI,**

**and**

**3. CATHERINE M. BUCCI**

defendants herein, upon conviction, shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c), all property, real and personal, involved in the offense(s), and any property traceable thereto, including but not limited to the following:

(a) the real property and buildings located at 23 Marshall Street, North Reading, Massachusetts, having a deed recorded at the Middlesex County Registry of Deeds, at Book 28760, Page 410;

(b) one black 2002 Chevrolet Avalanche, bearing Vehicle Identification Number 3GNGK23G52G233472, seized from Sean Bucci;

(c) $35,486.18 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Sean Bucci";

    (d)   $435.53 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Catherine Bucci";

    (e)   $12,187.40 in United States currency seized on June 6, 2003, from a Salem Five Bank Account in the name of "Sean Bucci";

    (f)   all funds seized from an Ameritrade Brokerage Account in the name of "Sean Bucci"; and

    (g)   one 31' 1972 Silverton Cabin Cruiser, with a white and blue hull, bearing Massachusetts boat registration number MS2576AF, hull identification number MSZMT095I202, and the name "That's Amore".

2.   If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third party;

    (c)   has been placed beyond the jurisdiction of the Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

3.   It is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 31 U.S.C. §5317(c), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in accordance with Title 31, United States Code, Section 5317 and Rule 32.2(a), Federal Rules of Criminal Procedure.

**FOURTH FORFEITURE ALLEGATION**
**(26 U.S.C. §7301, 28 U.S.C. 2461)**

The Grand Jury further alleges that:

1. As a result of committing one or more of the offenses alleged in Counts 14 through 17 of this Indictment, charging tax evasion, in violation of Title 26, United States Code, Section 7201,

**1. SEAN BUCCI,**
**and**
**3. CATHERINE M. BUCCI**

defendants herein, upon conviction, shall forfeit to the United States, pursuant to Title 26, United States Code, Section 7301 and Title 28, United States Code 2461, any property on which, or for or in respect whereof, any tax is imposed, which shall be found in the possession or custody or within the control of any person, for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which is removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof, including but not limited to the following:

(a) the real property and buildings located at 23 Marshall Street, North Reading, Massachusetts, having a deed recorded at the Middlesex County Registry of Deeds, at Book 28760, Page 410;

(b) one black 2002 Chevrolet Avalanche, bearing Vehicle Identification Number 3GNGK23G52G233472, seized from Sean Bucci;

(c) $35,486.18 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Sean Bucci";

(d) $435.53 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Catherine Bucci";

(e) $12,187.40 in United States currency seized on June 6, 2003, from a Salem Five Bank Account in the name of "Sean Bucci";

(f) all funds seized from an Ameritrade Brokerage Account in the name of "Sean Bucci"; and

(g) one 31' 1972 Silverton Cabin Cruiser, with a white and blue hull, bearing Massachusetts boat registration number MS2576AF, hull identification number MSZMT095I202, and the name "That's Amore".

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

3. It is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. §2461(c), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in accordance with Title 26, United States Code, Section 7301, Title 28, United States Code, Section 2461 and Rule 32.2(a), Federal Rules of Criminal Procedure.

**A TRUE BILL**

FOREPERSON OF THE GRAND JURY

PETER K. LEVITT
LISA ASIAF
ASSISTANT U.S. ATTORNEYS

DISTRICT OF MASSACHUSETTS; July 28, 2005.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

4.12 P

JS 45 (5/97) - (Revised USAO MA 6/29/04)

**Criminal Case Cover Sheet** **U.S. District Court - District of Massachusetts**

**Place of Offense:** North Reading **Category No.** I **Investigating Agency** DEA & IRS

**City** North Reading, MA **Related Case Information:**

**County** Middlesex

Superseding Ind./ Inf. 2d Superseding Case No. 03-10220-MEL
Same Defendant Yes New Defendant ______
Magistrate Judge Case Number 2003-M-0839-MBB
Search Warrant Case Number 2003-M-0865-MBB
R 20/R 40 from District of ______

**Defendant Information:**

Defendant Name Darren Martin Juvenile ☐ Yes ☒ No

Alias Name ______

Address 26 Central Avenue, Everett, MA

Birth date (Year only): 1967 SSN (last 4 #): ______ Sex M Race: Caucasian Nationality: USA

**Defense Counsel if known:** **Henry B. Brennan, Esq.** **Address:** **20 Park Plaza, Suite 1405**
**Boston, MA 02116**

**Bar Number:** ______

**U.S. Attorney Information:**

**AUSA** **Peter K. Levitt / Lisa M. Asiaf** **Bar Number if applicable** ______

**Interpreter:** ☐ **Yes** ☒ **No** **List language and/or dialect:** **English**

**Matter to be SEALED:** ☐ **Yes** ☒ **No**

☐ **Warrant Requested** ☒ **Regular Process** ☐ **In Custody**

**Location Status:**

**Arrest Date:** **June 4, 2003**

☐ **Already in Federal Custody as** ______ **in** ______.

☐ **Already in State Custody** ______ ☐ **Serving Sentence** ☐ **Awaiting Trial**

☒ **On Pretrial Release:** **Ordered by** **USMJ Bowler** **on** **Jan. 6, 2004**

**Charging Document:** ☐ **Complaint** ☐ **Information** ☒ **Indictment**

**Total # of Counts:** ☐ **Petty** ______ ☐ **Misdemeanor** ______ ☒ **Felony** **2**

**Continue on Page 2 for Entry of U.S.C. Citations**

☒ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

**Date:** **July 28, 2005** **Signature of AUSA:** **Lisa M. Asiaf**

**District Court Case Number (To be filled in by deputy clerk):** ______________________

**Name of Defendant** Darren Martin

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 21 U.S.C. § 846 | Conspiracy to Distribute Marijuana | 1 |
| Set 2 | 21 U.S.C. §841(a)(1) | Possess w/ Intent to Distribute Marijuana | 3 |
| Set 3 | 21 U.S.C. §853 | Criminal Forfeiture Allegation | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 6/29/04)

**Criminal Case Cover Sheet** **U.S. District Court - District of Massachusetts**

**Place of Offense:** North Reading **Category No.** I **Investigating Agency** DEA & IRS

**City** North Reading & Danvers, MA **Related Case Information:**

**County** Middlesex

Superseding Ind./ Inf. 2d Superseding Case No. 03-10220-MEL
Same Defendant ______ New Defendant Yes
Magistrate Judge Case Number ______
Search Warrant Case Number ______
R 20/R 40 from District of ______

**Defendant Information:**

Defendant Name Catherine Bucci Juvenile ☐ Yes ☒ No

Alias Name ______

Address 4 Loris Road, Danvers, MA

Birth date (Year only): ______ SSN (last 4 #): ______ Sex F Race: Caucasian Nationality: USA

**Defense Counsel if known:** **Joseph Majchrzak, Esq.** **Address:** **85 Merrimac Street**
**Boston, MA**

**Bar Number:** ______

**U.S. Attorney Information:**

**AUSA** **Peter K. Levitt / Lisa M. Asiaf** **Bar Number if applicable** ______

**Interpreter:** ☐ **Yes** ☒ **No** **List language and/or dialect:** **English**

**Matter to be SEALED:** ☐ **Yes** ☒ **No**

☐ **Warrant Requested** ☒ **Regular Process** ☐ **In Custody**

**Location Status:**

**Arrest Date:** ______

☐ **Already in Federal Custody as** ______ **in** ______.
☐ **Already in State Custody** ______ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release:** **Ordered by** ______ **on** ______

**Charging Document:** ☐ **Complaint** ☐ **Information** ☒ **Indictment**

**Total # of Counts:** ☐ **Petty** ______ ☐ **Misdemeanor** ______ ☒ **Felony** 1

**Continue on Page 2 for Entry of U.S.C. Citations**

☒ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

**Date:** **July 28, 2005** **Signature of AUSA:** **Lisa M. Asiaf**

**District Court Case Number (To be filled in by deputy clerk):** ____________

**Name of Defendant** Catherine M. Bucci

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. §1956(h) | Conspiracy to Commit Money Laundering | 4 |
| Set 2 | 21 U.S.C. §853 | Criminal Forfeiture Allegation | |
| Set 3 | 18 U.S.C. §982(a)(1) | Criminal Forfeiture Allegation | |
| Set 4 | 31 U.S.C. §5317 | Criminal Forfeiture Allegation | |
| Set 5 | 26 U.S.C. §7301 | Criminal Forfeiture Allegation | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

JS 45 (5/97) - (Revised USAO MA 6/29/04)

**Criminal Case Cover Sheet** **U.S. District Court - District of Massachusetts**

**Place of Offense:** North Reading **Category No.** I **Investigating Agency** DEA & IRS

**City** North Reading & Danvers, MA **Related Case Information:**

**County** Middlesex

Superseding Ind./ Inf. 2d Superseding Case No. 03-10220-MEL
Same Defendant Yes New Defendant _____
Magistrate Judge Case Number 2003-M-0839-MBB
Search Warrant Case Number 2003-M-0865-MBB
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name Sean Bucci Juvenile ☐ Yes ☒ No

Alias Name _____

Address 4 Ellis Road, Peabody, MA (c/o Third Party Custodian Donald O'Connor)

Birth date (Year only): 1972 SSN (last 4 #): _____ Sex M Race: Caucasian Nationality: USA

**Defense Counsel if known:** **Robert M. Goldstein, Esq.** **Address:** **20 Park Plaza, Suite 903**
**Boston, MA 02116**

**Bar Number:** **630584**

**U.S. Attorney Information:**

**AUSA** **Peter K. Levitt / Lisa M. Asiaf** **Bar Number if applicable** _____

**Interpreter:** ☐ **Yes** ☒ **No** **List language and/or dialect:** **English**

**Matter to be SEALED:** ☐ **Yes** ☒ **No**

☐ **Warrant Requested** ☒ **Regular Process** ☐ **In Custody**

**Location Status:**

**Arrest Date:** **June 4, 2003**

☐ **Already in Federal Custody as** _____ **in** _____ .
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☒ **On Pretrial Release:** **Ordered by** **USDJ Lasker** **on** **May 6, 2004**

**Charging Document:** ☐ **Complaint** ☐ **Information** ☒ **Indictment**

**Total # of Counts:** ☐ **Petty** _____ ☐ **Misdemeanor** _____ ☒ **Felony** **16**

**Continue on Page 2 for Entry of U.S.C. Citations**

☒ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

**Date:** **July 28, 2005** **Signature of AUSA:** **Lisa M. Asiaf**

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number (To be filled in by deputy clerk):** ______________________

**Name of Defendant** Sean Bucci

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 21 U.S.C. § 846 | Conspiracy to Distribute Marijuana | 1 |
| Set 2 | 21 U.S.C. §841(a)(1) | Possess w/ Intent to Distribute Marijuana | 2 |
| Set 3 | 18 U.S.C. §1956(h) | Conspiracy to Commit Money Laundering | 4 |
| Set 4 | 18 U.S.C. §1957 | Money Laundering | 5-6 |
| Set 5 | 31 U.S.C. §5324 | Structuring | 7-13 |
| Set 6 | 26 U.S.C. §7201 | Tax Evasion | 14-17 |
| Set 7 | 21 U.S.C. §853 | Criminal Forfeiture Allegation | |
| Set 8 | 18 U.S.C. §982(a)(1) | Criminal Forfeiture Allegation | |
| Set 9 | 31 U.S.C. §5317 | Criminal Forfeiture Allegation | |
| Set 10 | 26 U.S.C. §7301 | Criminal Forfeiture Allegation | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**