UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs.                                                      )<br>)<br>SEAN BUCCI,                                      )<br>DARREN MARTIN,                          )<br>CATHERINE BUCCI.                        )<br>_____) | CR No. 03-10220-MEL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT FOR VIOLATION OF THE STATUTE OF LIMITATIONS**

Defendant, Catherine Bucci, was indicted on August 11, 2005 and charged with conspiracy to launder money. It is alleged that Mrs. Bucci conspired with her adult son, Sean Bucci, to launder his money that he obtained by distributing marijuana.

Money laundering carries a limitation period of five years. 18 U.S.C.A §3282; See Grunewald v. United States, 353 U.S. 391, 396-97 FN9 (1957) (finding that five year limitations period starts tolling at date indictment is handed down); See also United States v. Iacaboni, 221 F.Supp. 2d 104, 108, n.1 (D. Mass 2002), aff'd, 363 F.3d. 1 (1st Cir. 2004) (certain financial transactions excluded from consideration in money laundering forfeiture as violative of statute of limitations). Defendant, Catherine Bucci's, indictment was issued on August 11, 2005. Thus, unless the charged conduct occurred later than August 11, 2000, it must be dismissed as violative of the statute of limitation.

In the government's introduction to the conspiracy count, it alleges: "From a time unknown until at least June 2003…". United States v. Sean Bucci, et al. Second Superseding Indictment, p 7. The government utilizes this vague formulation of language to circumvent the five year period. A careful analysis of the indictment reveals that almost all charged conduct

occurred well before the limitation date of August 11, 2000. <u>United States v. Sean Bucci, et al. Second Superseding Indictment</u>, pp 5-19. In fact, the conduct upon which the government most heavily relies took place in 1999. <u>Id.</u>

The charges in the indictment that occurred after August 11, 2000 are benign. They are listed in paragraphs 44 and 46. <u>Id.</u> at 18-19. Paragraph 44 represents four small cash deposits to Defendant's personal Family Bank account. <u>Id.</u> They are dated December 18, 20, 23, and 26 of 2002. <u>Id.</u> They total $14,700. <u>Id.</u> Paragraph 46 represents a check in the amount of $14,382.89 taken from the same bank account and payable to World Savings and Loan Association for her mortgage. <u>Id.</u> Said transactions were completed over three years after the last charged conduct occurred on November 9, 1999. <u>Id.</u> at 17-19. Over three years passed where the government does not show any evidence of financial transactions made by defendant. <u>Id.</u> Furthermore, in paragraph 40, the government states:

> "**On or about July 28, 2000**, Sean Bucci deposited approximately $222,179.88 into his First Massachusetts Account, **at which time virtually all of the banking activity and payment of creditors** of Sean Bucci that was previously made through Catherine M. Bucci's nominee account at SIS Family Bank **shifted to Sean Bucci's** new First Massachusetts Account." <u>United States v. Sean Bucci, et al. Second Superseding Indictment</u>, p 18.

Thus, the government has overreached with empty hands against Mrs. Bucci. Four small bank deposits and a mortgage payment three years after the fact is not sufficient evidence to constitute continuance of a conspiracy and to circumvent the five year limitation period. Hence, all charges against Defendant should be dismissed.

In order to sustain a charge for conspiracy to launder money under 18 U.S.C.A §1956(h) proof of an overt act is not required. <u>Whitfield v. United States</u>, 543 U.S. 209, 213-17 (2005); <u>United Stated v. Upton</u>, 352 F.Supp.2d 92, 95 n.1 (D. Mass 2005); <u>United States v. Astronomo</u>, 183 F.Supp.2d 158, 168 (D. Mass 2001). Although the overt act is not required, the government

is still obligated to prove that the conspiracy existed during the statute of limitations period. United Stated v. Upton, 352 F.Supp.2d at 95 n.1 (citing Grunewald v. United States, 353 U.S. 391, 396-97 (1957)).

The government alleges that the December, 2002 transactions, made three years after the alleged conspiracy, are sufficient to constitute its continuance.  However, said charges violate the statute of limitations period because they were not done in furtherance of the alleged conspiracy and they exceed the scope of the alleged conspiratorial agreement.  Results from the writing exemplar prove that Mrs. Bucci did not conduct these transactions.  She had no knowledge of said bank deposits, nor did she have knowledge as to the amount on the mortgage payment.  Furthermore, allowing said transactions to extend the duration of the alleged conspiracy contradicts the Supreme Court's view against "broadening the already pervasive and wide-sweeping nets of conspiracy prosecutions".  United States v. Grunewald, 353 U.S. 391, 404 (1957).

To prove that the conspiracy existed during the statute of limitations period the government must establish that conduct was done in furtherance of the charged conspiracy and that it is within the scope of the conspiratorial agreement.  United States v. Upton, 352 F.Supp.2d at 97; Grunewald v. United States, 353 U.S. at 397.

In Upton the court states that money laundering is a crime for which the scope of a conspiratorial agreement must include acts of concealment because "the successful accomplishment of the crime necessitates concealment".  United States v. Upton, 352 F.Supp.2d at 97.  It also states, however, that not just any act will constitute a continuance of the conspiracy.  Id. at 98.  The court held that failing to report stolen money to the IRS is in furtherance of the central crime of laundering money.  Id. at 93.  In reasoning, the court adopts

the Second Circuit decision in United States v. LaSpina which states that allowing any monetary transaction to constitute continuance of the conspiracy is overly broad and it results in an indeterminate extension of the statute of limitations. Id.; United States v. LaSpina, 299 F.3d 165, 175 (2d Cir. 2002). Hence, not just any monetary transaction involving criminally derived property constitutes continuance of the conspiracy, but blatant acts such as failure to disclose stolen monies in a tax return can evidence such a continuance.

In Upton the defendant filed fraudulent tax returns, a blatant, overt act to accomplish concealment of stolen money from the government. In Mrs. Bucci's case, the typical bank transactions were made. They consisted of four small deposits and a mortgage payment. There was no objective to conceal a conspiracy. In fact, there are no facts purporting that there even was a conspiracy at all.

Transactions that are not within the statute of limitations cannot be used to establish that the conspiracy continued on the single fact that the conspirator engaged in monetary transactions involving criminally derived property. United States v. Upton, 352 F.Supp.2d at 98. Allowing the transactions of December 2002 to extend the duration of the alleged conspiracy would promote extending the scope of conspiracy to launder money and making it "an indefinitely continuing offense" with an indeterminate" statute of limitations. See United States v. Upton, 352 F.Supp.2d at 98; See United States v. LaSpina, 299 F.3d 165, 175 (2d Cir. 2002).

In LaSpina, which is cited in the First Circuit case Upton, the court explicitly rejects the "overbroad" idea that any monetary transaction involving unlawfully obtained property automatically extends the duration of the money laundering conspiracy. United States v. LaSpina, 299 F.3d at 174. Defendant was convicted under 18 U.S.C.A §1956(h) for conspiracy to engage in monetary transactions in violation of 18 U.S.C.A §1957, the sister statute to the

money laundering statute §1956.  Id.; See United States v. Castellini, 392 F.3d 35, 46, FN7 (2d Cir. 2004) (courts have interpreted §§ 1956 and 1957 to be equivalent and cases decided under §1957 are persuasive authority in the interpretation of §1957).  Defendant's conspiracy charge arose from a scheme to launder money made in kickbacks from business he steered to a computer company called Cerplex, Inc.  United States v. LaSpina, 299 F.3d at 170.  The conspiracy began in 1991 and continued until 1994 when defendant and co-conspirator took legal title to a real estate property called Papago Place.  Id. at 171-72.  The government argued that defendant's $118,000 withdrawal from a certificate of deposit in 1996, and the sale of Papago Place in 1998 bring the conspiracy within the statute of limitations.  Id. at 174.  The LaSpina court held that the 1998 sale of Papago Place carries the conspiracy within the limitations period, but the $118,000 withdrawal in 1996 alone would not have been sufficient.  Id.  The court reasons that the sale of Papago Place was in furtherance of the conspiracy because the conspirators did not receive their anticipated economic benefits from the conspiracy until the property was sold.  The court further reasons that if the $118,000 withdrawal were deemed to continue the conspiracy, then section[s] 1957 [and 1956] would be "indefinitely continuing offense[s]" with an "indeterminate" statute of limitations, hence undermining its purpose.  See Id. 174-75.

The charge that was dismissed in LaSpina was a $118,000 bank withdrawal, similar to the December 2002 transactions in Catherine Bucci's Family Bank account, but involving a lot more money.  Just as the bank transaction in LaSpina was deemed benign and not in furtherance of the conspiracy, the court should hold the same when considering the charged conduct against Mrs. Bucci.

Statutes of limitations are designed to protect individuals from having to defend

themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment of acts in the far distant past.  United States v. Upton, 339 F.Supp.2d 190, 196 (D. Mass 2004) (aff'd, 352 F.Supp. 2d 92 (D. Mass 2005)) (citing United States v. O'Bryant, 998 F.2d 21, 24 (1st Cir. 1993); See also United States v. Lieberman, 608 F.2d 889, 902 (1st Cir. 1979) (statutes of limitation are the primary safeguards against overly stale criminal charges).  Failure to dismiss the charges against Mrs. Bucci would undermine the Supreme Court's view that the nets of conspiracy prosecution are large enough and that the statute of limitations must be upheld.  Grunewald v. United States, 353 U.S. at 404.  Allowing said charged to constitute continuance of the conspiracy promotes the idea that conspiracy to launder money is an indefinitely continuing offense with an indeterminate statute of limitations.  See United States v. LaSpina, 299 F.3d at 175.  The government cannot use the insignificant transactions dated December 2002, which occurred three years after the alleged conspiracy, to establish its continuance and therefore extend the limitations period.  See United States v. Upton, 352 F.Supp.2d 92, 98 (D. Mass 2005).

For the reasons stated above, defendant, Catherine Bucci hereby asks that this court dismiss all charges against her.

                                                    Respectfully Submitted,
CATHERINE BUCCI,
By her attorney,

/s/ Robert S. Sinsheimer
B.B.O No. 464940
Denner Pellegrino, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114
617-722-9954

Dated: August 17, 2006

**Certificate of Service**

  I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2006.

                     /s/ Robert S. Sinsheimer