UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
UNITED STATES OF AMERICA,    )
                             )
vs.                          )
                             )   CR No. 03-10220-MEL
SEAN BUCCI,                  )
DARREN MARTIN,               )
CATHERINE BUCCI.             )
_____)
```

### DEFENDANT CATHERINE BUCCI'S MOTION FOR PRODUCTION OF EXCULPATORY EVIDENCE

Defendant, Mrs. Catherine Bucci respectfully requests that this Honorable Court order the United States to furnish her with copies, or the opportunity to view and copy, any evidence known to or in the possession of the government that is favorable to her.  This request is made pursuant to Fed. R. Crim. P. 16., and Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, including but not limited to Kyles v. Whitely, 514 U.S. 419 (1995), United States v. Bagley, 473 U.S. 667 (1985), and United States v. Agurs, 427 U.S. 97 (1976).

Defendant asks this Honorable Court to require the United States prior to trial to produce or provide an opportunity to inspect all exculpatory material including:

1.     Any evidence, material or information within possession, custody or control of the United States or that by exercise of reasonable diligence may be obtained by the United States, including any information in the possession of any investigative agencies, that is favorable to or exculpates the Defendant in any way; that tends to establish a defense in whole or in part to the allegations in the indictment; that impeaches any witness the state intends to call; or that may help the Defendant avoid conviction or mitigate punishment.

The Defendant believes that such information may include but will not be limited to:

    a.    Any statements made at any time by any co-operating witness or co-defendant to any government agent or law enforcement officer including but not limited to the following:

        i.    statements evidencing Defendant, Catherine Bucci's lack of knowledge that her son was involved in specified unlawful activity.

        ii.    statements evidencing Defendant's lack of knowledge that property of financial transactions completed in her bank accounts, and referenced in the indictment, represented proceeds of her son's illegal activity.

        iii.    statements evidencing Defendant's lack of knowledge that financial transactions referenced in the indictment were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of her son's specified unlawful activity.

        iv.    statements that Defendant did not have knowledge of particular financial transactions referenced in the indictment, that Sean Bucci conducted in Defendant's SIS Family Bank account.

    b.    The full content of any letters, phone conversations, faxes, emails, notes of meetings, notes of proffers, or any communication in any way related to the procurement by the United States of any co-operation of any witness that will testify on behalf of the United States;

    c.    Any statements, documents or materials evidencing Defendant's lack of requisite knowledge under the conspiracy to launder money statute, 18 U.S.C.A §1956.

    d.    Any statements, documents or materials evidencing Defendant's state of mind with regard to the allegations in the indictment.

  e.  Any statements, documents or materials that evidence or lead one to believe that property used in any particular financial transaction was not proceeds of illegal activity.

2. Any evidence, material or information that would tend to impeach the credibility of any person whom the United States intends to call as a witness. See <u>Kyles v. Whitely</u>, 514 U.S. 419 (1995); <u>United States v. Bagley</u>, 473 U.S. 667 (1985); Mills v. Scully, 653 F.Supp. 885 (S.D.N.Y. 1987), rev'd on the grounds, 827 F.2d 1192 (2d. Cir. 1987), including but not limited to the following:

  a.  Any record of the witness's arrest or conviction maintained and prepared by the Federal Bureau of Investigation, the Drug Enforcement Administration, other federal law enforcement agencies, or state law enforcement agencies;

  b.  Any facts or allegations concerning criminal or other misconduct of the witness that is not reflected on his criminal record including any material information found in his probation file or any pending criminal charge or investigation against the witness or any business entity with which he is connected. See <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989) (probation file must be produced if material and relevant).

  c.  Any material relating to the witness's mental or physical history that tends to impair or reflect adversely on his reliability as a witness, including but not limited to any information that would tend to affect the witness's motive to testify or ability to perceive, recall, or understand events.

  d.  Any statements made, written or recorded, by or of the witnesses referred or relating to any of the above mentioned matters.

e.  Any information that tends to contradict the testimony that the United States anticipates will be given by any of its witnesses. See McDowell v. Dixon, 858 F.2d 945 (4th Cir. 1988) cert. denied, 489 U.S. 1033 (1989) (Government witness misidentified the defendant before trial and it should have been revealed).

f.  Any information showing that the testimony was motivated in any degree by a personal animosity or feelings of revenge toward the defendant. E.g. State v. Brown, 552 S.W.2d 383 (Tenn. 1977).

g.  Any information concerning any United States witness's failure (especially repeated failure) of a lie detector test. Carter v. Rafferty, 826 F.2d 1299 (3rd Cir. 1987), cert. denied, 484 U.S. 1011 (1988) (star witness incapable of telling the truth because he failed numerous lie detector tests and this must be revealed to the defense). But See Wood v. Batholomew, 516 U.S. 1 (1995), rehearing denied 116 S.Ct. 583 (1995).

h.  Any and all statements, testimony, memoranda, interviews, documents or summaries, relating to this case, or any portion thereof, by any person, that contradict, in whole or in part, any statement (by that any person or any other person) that the United States intends to use or rely on in any matter in connection with the trial of this cause. Kyles v. Whitley, 514 U.S. 419 (1995).

i.  Any evidence whatsoever that any government witness uses or abuses any controlled substance including but not limited to alcohol and narcotic drugs.

j.  The complete personnel file of any government agent involved in this matter. In the alternative, any evidence whatsoever that any agent involved in this matter has been reprimanded or disciplined at any time.

3. All evidence that tends to minimize or negate the probative effect of the United States evidence of defendant's participation in the allegation set forth in the indictment. *See* United States ex rel. Smith v. Fairman, 769 F.2d 386 (7th Cir. 1985) (report revealed gun allegedly used by defendant was inoperable).

4. Any evidence, statement, or information in the possession of the United States describing or relating to the conduct of the defendant that in any way refutes or is inconsistent with her participation in the alleged offenses, including but not limited to the following:

    a. Any written, recorded, or oral statements or comments made by witnesses or others to any person, including United States agents and the Grand Jury, that are favorable to the defendant. This should include even unsubstantiated opinions.

b. Any written, recorded, or oral statements or comments made by any person in the employ of any alleged victim institution to any person, including United States agents and the Grand Jury, that are favorable to the defendant. This should include even unsubstantiated opinions.

c. Any written, recorded or oral statements or comments of person interviewed by the United States in this matter who are not expected to be witnesses for the United States at the trial.

5. Any results, reports, and opinions obtained from examinations, tests, and experiments on physical items, reviews of property, examinations of real estate or personality that indicate a lack of criminal involvement or otherwise are favorable to the defendant, including but not limited to results of Defendant Catherine Bucci's writing exemplar.

6. Any promises, rewards inducements, agreements, or deals offered by the Unites States to obtain testimony from any individual. Any evidence that any United States witness has or has sought a

financial inducement to testify or a promise of leniency in witness's own criminal dealings. Bagley v. Lumpkin, 798 F.2d 1297 (9th Cir.1986); Moynahan v. Manson, 419 F.Supp. 1139 (D.Conn 1976) aff'd, 559 F.2d 1204 (2d Cir.1977) cert. denied, 434 U.S. 939 (1977); Hughes v. Bowers, 711 F. Supp. 1574 (N.D.Ga.1989), aff'd, 896 F.2d 558 (11th Cir.1990).

7. Any evidence, statement or information that tends to contradict the testimony that the United States anticipates will be given by any one of its witnesses. United States v. Foster, 874 F.2d 491 (8th Cir.1988) (prosecutor failed to correct false testimony which was a violation of due process); Brown v. Wainwright, 785 F.2d 1457 (11th Cir.1986).

8. Any written or oral statement and/or confession or statement the government believes to be an admission or partial admission made by the defendant that the government has any reason to believe is unknown to the defense counsel. See Government of Virgin Islands v. Martinez, 780 F.2d 302 (3d Cir.1985).

9. Any statement or testimony by an expert which would tend to corroborate the defendant's theory of defense. People v. Johnson, 38 Cal.App.3d 228 (1974).

10. Any evidence that proves or, in the alternative, leads one to believe that co-defendant's disc jockey company, 911 Productions, was legitimate.

11. Information concerning statements of any witness concerning Mrs. Bucci, which statements the government believes are demonstrably false.

12. The names and identities of informants, whether or not the government intends to call them as witnesses. Rovario v. U.S. 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d. 639 (1957).

13. The entire set of Grand Jury minutes.

    Respectfully Submitted,
    CATHERINE BUCCI,

        By her attorney,

/s/ Robert S. Sinsheimer
B.B.O No. 464940
Denner Pellegrino, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114
617-722-9954

Dated: August 17, 2006

## Certificate of Service

      I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2006.

        /s/ Robert S. Sinsheimer