UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA,	)
	)
vs.	)
	)	CR No. 03-10220-MEL
SEAN BUCCI,	)
DARREN MARTIN,	)
CATHERINE BUCCI.	)
_____)

## MEMORANDUM IN SUPPORT OF MOTION FOR EARLY DISCLOSURE OF CERTAIN ALLEGED JENCKS ACT MATERIAL

The defendant Catherine Bucci requests that the government produce all exculpatory evidence, including evidence which can be used to impeach any witness, and evidence of promises, rewards and inducements or other "Giglio" material, even if such information is "Jencks" material.

The government letters to defense counsel are ambiguous as to when it intends to disclose the identity, records of, and all statements made by confidential sources and cooperating witnesses. It is anticipated that the government will seek to interpose the Jencks Act to prevent disclosure until immediately before trial.

For the reasons set forth below, defendant requests disclosure at least 90 days before trial.

ARGUMENT

The legal question created by a motion for early disclosure of Jencks Act materials was addressed in United States v. Snell, 899 F. Supp. 17 (D. Mass 1995) and United States v. Owens, 933 F. Supp. 76 (D. Mass 1996). See also United States v. Lino, 2000 U.S. Dist. Lexis 18753 (S.D.N.Y); United States v. Shvarts, 90 F. Supp. 2d 219 (E.D.N.Y 2000). In Snell and Owens the courts held that the Brady requirement and Local Rule 116.1 trump the Jencks Act protection. If evidence at issue is conceded to be Brady material, due process requires that it be

turned over immediately unless the Government meets the requirements for exempting the information from disclosure, or delaying its production, namely, that the disclosure would be detrimental to the interests of justice.  United States v. Snell, 899 F. Supp. at 19; See United States v Owens, 933 F. Supp. at 21-27.

The government declines to produce said requested material alleging that exposure of the witnesses' identity would put their safety and the safety of their families in jeopardy.  Defendant urges disclosure of requested information because it would not be detrimental to the interests of justice for the following reasons:

1. Mrs. Bucci is not a dangerous criminal.  There is no reason to fear her acquisition of material useful to her case.

2. Given that Mrs. Bucci had no knowledge of her son's involvement in drugs, she is without an idea as to who would testify against her and how any government witness would connect her to her son's criminal actions.  If government witnesses have any information regarding Mrs. Bucci, it would be unfair for the government to withhold it and keep her in the dark until trial.

3. Mrs. Bucci has no other means of obtaining substantially equivalent information to that acquired by the government witnesses and confidential sources.

4. If the government withholds information that may be exculpatory or may be used for the purposes of impeachment of a witness, it is violating Mrs. Bucci's due process rights under the Constitution.

                                                              Respectfully Submitted,
                                                              CATHERINE BUCCI,
                                                              By her attorney,

                                                              /s/ Robert S. Sinsheimer
                                                              B.B.O No. 464940
                                                              Denner Pellegrino, LLP
                                                              4 Longfellow Place, 35th Floor
                                                              Boston, MA 02114
                                                              617-722-9954

Dated: August 17, 2006

## Certificate of Service

      I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2006.

                                                              /s/ Robert S. Sinsheimer