UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA, )
)
vs. )
) CR No. 03-10220-MEL
SEAN BUCCI, )
DARREN MARTIN, )
CATHERINE BUCCI. )
_____)

**MEMORANDUM IN SUPPORT OF
CATHERINE BUCCI's MOTION FOR A BILL OR PARTICULARS**

Ms. Bucci has requested a bill of particulars. She is specifically seeking the manner and means by which the government alleges she had knowledge that certain funds were the product of illicit activity.

Ms. Bucci is charged with being part of a conspiracy to launder money. The essential elements of a money laundering violation are proof that the defendant conducted a financial transaction involving the proceeds of unlawful activity with knowledge that the funds were proceeds of an unlawful activity and with the intent 'to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.'" (quoting 18 U.S.C. § 1956(a)(1)(B)(i)); cf. United States v. Dugan, 238 F.3d 1041, 1043-44 (8th Cir. 2001) (finding evidence was sufficient to establish conspiracy to commit money laundering where defendant knowingly concealed proceeds of drug activities.) In this case, the only specified illegal activity is Sean Bucci's alleged drug trafficking.

The indictment suggests that, unlike the underlying drug case, the case against Ms. Bucci will focus almost exclusively upon a number of documented transactions.[1] The

---

[1] By comparison, the underlying drug case includes information obtained from at least one alleged informant, and surveillance video.

government has been reasonably forthcoming in producing the documents about these transactions, and the indictment lists a number of alleged overt acts. (See second Superceding Indictment, pp. 10-19.)

However, the government has produced no evidence demonstrating that the defendant knew that the documented transactions involved funds obtained by specified criminal acts. This goes to the very core of the case. It is therefore precisely the type of information that a Bill of Particulars is intended to address. If no Bill of Particulars is obtained, the defendant will be left guessing as to exactly what the charge is, other than participating in certain financial transactions which might be viewed by some persons as unusual.

The decision to grant a motion for a Bill of Particulars is committed to the sound discretion of the court. See United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999.) "The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial;" United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Hill, 589 F.2d 1344, 1352 (8th Cir. 1979). A bill of particulars is appropriate "where the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Matos-Peralta, 691 F. Supp. 780, 791 (S.D.N.Y. 1988), citing United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977.)

To prove conspiracy, the government must show that defendant, Ms. Catherine Bucci, did knowingly combine, conspire, confederate and agree with Sean Bucci to commit an offense against the United States. Furthermore, to sustain a charge for conspiracy to launder money, the government must prove that defendant knew that the property involved in alleged financial transactions represented proceeds of some form of unlawful activity, to wit, the alleged

distribution of marijuana, and that defendant knew the transactions were designed to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds of the specified unlawful activity.  18 U.S.C.A §1956(h).  The government's Second Superseding Indictment Ms. Bucci, does not provide any fact or evidence to support its allegation that she had the requisite knowledge under the money laundering statute.

     Therefore, to enable adequate preparation of a defense, and to avoid surprise at trial, defendant respectfully requests this Motion for a Bill of Particulars on the notion of knowledge be allowed.

                                                Respectfully Submitted,
                                                CATHERINE BUCCI,
                                                By her attorney,

/s/ Robert S. Sinsheimer
B.B.O No. 464940
Denner Pellegrino, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114
617-722-9954

Dated:  August 17, 2006

## Certificate of Service

     I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2006.

                                                /s/ Robert S. Sinsheimer