```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )      Cr. No. 03-10220 MEL
        v.                   )
                             )
3. CATHERINE BUCCI, Et al.   )
        Defendant.           )
```

### GOVERNMENT'S OPPOSITION TO MOTION FOR PRODUCTION OF EXCULPATORY EVIDENCE

Defendant Catherine Bucci has moved for production of exculpatory evidence. Specifically, the defendant asks the Court for an Order "to require the United States prior to trial to produce or provide an opportunity to inspect all exculpatory evidence." The defendant's motion was filed in violation of Local Rule 7.1(2), which requires that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." The defendant's motion should be denied on this ground alone.

In any event, the defendant's motion is an abuse of the process envisioned by the Local Rules as it ignores discovery produced to date, ignores the provisions of the Local Rules that specify the time periods within which the government must produce certain information and ignores the government's automatic discovery letter.

The government is already required, under the United States District Court Local Rules, to make <u>Brady</u> disclosures 28 days

1

after arraignment (pursuant to L.R. 116.2(B)(1)) and Giglio disclosures 21 days before trial (pursuant to L.R. 116.2(B)(1)). The government has made disclosures in its automatic discovery letter and in the thousands of documents produced to date. Recognizing that its discovery obligations are ongoing, the government will continue to review and produce any documents or statements required to be produced under the local rules within the time frame contemplated by the local rules.  The defendant's motion does not request anything more than this and, as such, is superfluous.[1]

    For these reasons, the defendant's motion should be denied.

                                     Respectfully Submitted,

                                     MICHAEL J. SULLIVAN
                                   United States Attorney

                         By:   /s PETER K. LEVITT
                              PETER K. LEVITT
                              Assistant U.S. Attorney
                              617-748-3355

Date: August 28, 2006

---

[1] Certain requests of the defendant go beyond that which is required by the local rules.  For example, the defendant requests the name and identities of informants, "whether or not the government intends to call them as witnesses."  The government is not obligated to disclose the identities of witnesses it does not intend to call in its case in chief and objects to all such requests that go beyond what is required by the local rules.