```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )    Cr. No. 03-10220 MEL
         v.                   )
                              )
3. CATHERINE BUCCI, Et al.    )
         Defendant.           )
```

### GOVERNMENT'S OPPOSITION TO MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

Defendant Catherine Bucci has moved for early disclosure of statements of witnesses – i.e., so-called <u>Jencks</u>. The defendant's motion was filed in violation of Local Rule 7.1(2), which requires that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." If counsel had conferred with the government, as required, this motion might have been avoided. The defendant's motion should be denied on this ground alone.

In any event, the governing rule of law in this respect is clear: "With respect to the statutory proscriptions upon the discretion of a district court judge under the Jencks Act, the overwhelming majority of cases--including cases from the First Circuit--adhere to a rule that is nearly absolute: district court judges may not, over the government's objection, compel pretrial disclosure of nonexculpatory Jencks Act material earlier than the close of a witness's testimony on direct examination." <u>United States v. Owens</u>, 933 F.Supp. 76, 80 (D.Mass.1996). <u>See also</u> <u>United States v. Grandmont</u>, 680 F.2d 867, 874 (1st Cir.1982) ("A

1

court may not compel the disclosure of statements of government witnesses before the conclusion of their direct testimony."); United States v. Neal, 36 F.3d 1190, 1197 (1st Cir.1994); United States v. Presser, 844 F.2d 1275, 1283 (6th Cir.1988) ("[T]he government may not be compelled to disclose Jencks Act material before trial." [citations omitted] ); United States v. Percevault, 490 F.2d 126, 129, 131 (2nd Cir.1974) ("[T]he district court did not have the statutory authority to compel disclosure [of Jencks material], over the government's objection, prior to trial.").  For this reason, the government objects to the defendant's request for the early disclosure of Jencks.

   The defendant also appears to request any Jencks material that is also Brady or Giglio.  This is merely a repetition of the defendant's Motion for Exculpatory Evidence, to which the government has already responded.  The government will meet its requirements, consistent with the timing requirements under the Local Rules, regarding the production of Brady and Giglio material, regardless of whether such material also constitutes Jencks.

   The government is not opposed, in theory, to making early disclosure of Jencks material, including grand jury testimony.  This matter is complicated, however, by the fact that the defendant's co-defendant and son, Sean Bucci, has engaged in a pattern of conduct that has led to the intimidation and

harassment of government witnesses, in this case and across the country. As a result of Mr. Bucci's establishment of the website whosearat.com, and the reckless and careless way in which the website is operated, witnesses and undercover law enforcement officers are harassed and threatened by having their identities disclosed on the website, are frightened to testify because of the threat of inclusion on the website, and have been harassed and threatened because of inclusion on the site.

Because of the pernicious nature of the website, the government will not make early disclosure of <u>Jencks</u> without a suitable protective order. The government will seek such an order in the future.

For the foregoing reasons, the defendant's motion should be denied.

                                Respectfully Submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                     By:  /s PETER K. LEVITT
                          PETER K. LEVITT
                          Assistant U.S. Attorney
                          617-748-3355

Date: August 28, 2006