UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>  v.<br><br>SEAN BUCCI,<br>DEAN MARTIN, and<br>CATHERINE BUCCI,<br>  Defendants. | )<br>)<br>)<br>)<br>)  03-CR-10220-MEL<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

LASKER, D.J.

  Defendant Catherine Bucci ("Bucci") moves to dismiss the indictment against her pursuant to Fed. R. Crim. P. 12(b) for violation of the statute of limitations. Bucci also moves for a bill of particulars indicating the basis for the government's allegations that she knew certain funds were derived from illegal activity. For the reasons set forth below, both Bucci's motion to dismiss and her motion for a bill of particulars are DENIED.

  The question presented by Bucci's motion to dismiss is whether the banking transactions Bucci allegedly carried out in December 2002 constitute part of the alleged conspiracy, thereby satisfying the five-year statute of limitations. Under United States v. LaSpina, 299 F.3d 165 (2d Cir. 2002), and United States v. Upton, 352 F.Supp.2d 92 (D. Mass. 2005), two cases Bucci relies on for support, it is clear that her indictment was

1

timely. Bucci argues that the December 2002 transactions alleged in the indictment do not satisfy the statute of limitations because they were not performed in furtherance of the alleged conspiracy, exceeded its scope, and took place three years after the other conspiratorial acts charged. The courts in LaSpina and Upton both rejected similar statute of limitations arguments, finding that the acts in question advanced the conspiracy's objective and therefore prolonged the conspiracy for statute of limitations purposes. See LaSpina, 299 F.3d at 174 (rejecting the defendant's claim that the conspiracy ended in 1994 and finding that a 1998 sale of property purchased from the proceeds of the illegal business scheme continued the conspiracy because the property sale allowed the conspirators to reap the economic benefits of their conspiratorial agreement); Upton 352 F.Supp.2d at 98 (finding that the defendant's filing of a false tax return in 2000 for fiscal year 1997 that failed to disclose stolen funds was in furtherance of the money laundering objective and therefore was part of the conspiracy).

Moreover, the three-year period between the prior conspiratorial acts charged in Bucci's indictment and the December 2002 transactions does not provide significant support for Bucci's motion. The LaSpina court explicitly affirmed its prior decision in United States v. Monaco, 194 F.3d 381 (2d Cir. 1999), which held that a charge of conspiracy to launder money

fell within the statute of limitations even though the transactions in furtherance of the conspiracy occurred twelve years after the underlying drug trafficking and piracy ended. See LaSpina, 299 F.3d at 175.

The December 2002 transactions appear to further the alleged money laundering conspiracy and are consistent with the pattern of financial activity allegedly designed to conceal the nature and source of the defendants' income, as described in the indictment. Moreover, the precedents relied upon by Defendant for support ultimately seem to weaken her motion to dismiss because both courts rejected arguments similar to Bucci's claims. For these reasons, Defendant Catherine Bucci's motion to dismiss the indictment for violation of the statute of limitations is DENIED.

Bucci's motion for a bill of particulars demands a determination of whether the Second Superseding Indictment provides sufficient indication of the charges against her to enable her to defend herself fairly and to avoid undue surprise at trial. The thirty-eight page indictment makes it clear that Defendant Catherine Bucci is charged with conspiracy to launder money by repeatedly funneling money derived from Sean Bucci's illegal drug trafficking through her bank accounts and then withdrawing the funds by various means to be used for the benefit of Sean Bucci.

3

The indictment offers specific examples of the deposits and withdrawals Bucci allegedly made, including the dates, times, locations, bank account numbers, and quantities of money involved in each transaction. It provides enough detail to support an inference that Bucci knew she was handling illegally obtained funds. For example, the indictment alleges that Bucci made material false statements in connection with a loan application used to assist Sean Bucci in purchasing property. Second Superseding Indictment ¶ 29. This information, coupled with the frequency of Defendant's alleged banking transactions and the short turnaround between when deposits were allegedly made and when nearly identical sums were allegedly withdrawn provides more than sufficient information to prepare a defense. Bucci's motion for a bill of particulars is therefore DENIED.

For the foregoing reasons, Defendant Catherine Bucci's motion to dismiss and motion for a bill of particulars are each DENIED.

It is so ordered.

Dated:   November 1, 2006
         Boston, Massachusetts         /s/ Morris E. Lasker
                                              U.S.D.J.