UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Cr. No. 03-10220 MEL |
| v. | ) |
| | ) |
| 3. CATHERINE BUCCI, | ) |
| Defendant. | ) |

## ASSENTED TO MOTION FOR A PROTECTIVE ORDER

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and Peter K. Levitt, Assistant U.S. Attorney, and moves for a protective order governing discovery provided to the defendant, Catherine Bucci, and her counsel, Robert S. Sinsheimer (the "Defendant and Counsel"). The Defendant and Counsel assent to this request. As grounds therefore, the parties state as follows.

All the defendants have requested early disclosure of statements of government witnesses (i.e., Jencks) in this case. There is a substantial amount of Jencks in this case, both in the form of grand jury testimony and reports of interviews. The government is willing to make early disclosure of grand jury transcripts and exhibits, as well as any other statements that have not already been produced (hereinafter the "Jencks Materials").

This matter is complicated, however, by the fact that defendant Sean Bucci, the son of defendant Catherine Bucci, has established a website, whosarat.com, that purports to disclose the identity of government witnesses and undercover law

enforcement agents, as well as negative information about them. The website has made witnesses fearful that their cooperation will lead to their identities being posted on the site. Because of the pernicious nature of the website, and the effect that it has had on government witnesses in this and other cases, the government has advised all the defendants that it will not make early disclosure of the <u>Jencks</u> Materials without a suitable protective order.[1]

---

[1] Historically, the whosarat website has had no controls to verify the accuracy of information posted -- anyone can post essentially anything on the site. For example, a female user admitted that she merely suspected that someone "ratted" on her boyfriend and, in retaliation, she identified the alleged "rat" on the website. Kathleen Burge, "Website Rouses Informants' Fear, Investigators' Ire," <u>The Boston Globe</u>, March 21, 2005, at A1. In addition, she admitted to knowingly posting false information about people she did not believe to be informants saying, "you're going to find a mixture of truth and fiction because pretty much anyone can go on and post." <u>Id.</u>

The message to individuals listed on the website -- and other interested parties -- was made clear by Anthony Capone, a spokesperson for the website, who stated in a newspaper article: "[N]obody likes a rat, specifically a nonviolent crime rat who is being paid or given many incentives by the government. At least Judas realized what he did was wrong and hung himself. It's a shame that part of snitching did not catch on." Lawrence, J.M., "Cheesiest Rat Trap; Mass. Man's Website Outs Snitches," <u>The Boston Herald</u>, Jan. 16, 2005, at 5.

The website was given the ignominious title of "Unethical Website of the Month" for August 2004 in a commentary by the Ethics Scoreboard, which notes of the site: "But it is abundantly clear that the site exists for more sinister objectives: to foil legitimate law enforcement efforts, to facilitate illegal drug trafficking and use, and perhaps to promote retribution against the individuals the site designates as 'rats' police informers and agents. <u>See</u> "Unethical Websites," Ethics Scoreboard, A Project of ProEthics, Ltd., visited at <u>http://www.ethicsscoreboard.com/sites/0409_rat.html.</u> (10/3/04).

The government circulated to all parties a proposed assented to protective order. Defendants Catherine Bucci and Darren Martin indicated that they were agreeable to the protective order.[2] Defendant Sean Bucci indicated that he would not agree to the protective order, which restricted his ability to disclose the identities of government witnesses on the whosarat website.

In light of the close familial relationship between the co-defendants Bucci, and Sean Bucci's refusal to enter into a protective order that would restrict his ability to post the identity of government witnesses on the website, the attached protective order specifically precludes Defendant and Counsel[3] from disclosing to any other individual, including but not limited to Sean Bucci, the identity of any government witnesses. If this protective order is violated in any way, shape, or form, the government will move that Catherine Bucci's pre-trial release be revoked, and seek other sanctions.

For the foregoing reasons, the government requests that this Court issue the attached protective order (the attached protective order has already been signed by Catherine Bucci). The terms of the order are as follows:

---

[2] The government intends to file a separate protective order for Darren Martin.

[3] When used herein, the term "Counsel" refers to Mr. Sinsheimer, and any person employed by or working with Mr. Sinsheimer, including, but not limited to, investigators, legal secretaries, and paralegals.

1. All <u>Jencks</u> Materials must remain in the office of Catherine Bucci's counsel, Robert S. Sinsheimer, Esq. ("Counsel"), at Sinsheimer & Associates, 4 Longfellow Place, Boston, MA 02114. Counsel is restricted from disseminating the <u>Jencks</u> Materials to his client, Catherine Bucci, and any other person. The defendant Catherine Bucci may review the <u>Jencks</u> Materials in the offices of Counsel. The Defendant is restricted from copying the <u>Jencks</u> Materials and is restricted from removing any of the <u>Jencks</u> Materials from the offices of Counsel.

2. Defendant Catherine Bucci and Counsel are prohibited from placing, or arranging or assisting in the placement, of the identities of any of the witnesses in this case on the whosarat.com website (or any other website).

3. Defendant Catherine Bucci and Counsel are prohibited from disclosing, in any way shape or form, the identities of any government witnesses included in the <u>Jencks</u> Materials to any other individual, including, but not limited to, defendant Sean Bucci.

                                 Respectfully submitted,

                                 MICHAEL J. SULLIVAN
                               United States Attorney

                               /s PETER K. LEVITT
                      By:   PETER K. LEVITT
                               Assistant U.S. Attorney
Dated: January 8, 2007         (617) 748-3100

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Cr. No. 03-10220 MEL |
| v. ) | |
| ) | |
| 3. CATHERINE BUCCI, ) | |
| Defendant. ) | |

<u>PROTECTIVE ORDER</u>

The United States, by its attorneys, has moved for a protective order. The defendant, Catherine Bucci, and her counsel, Robert S. Sinsheimer, have assented to the motion.

It is hereby Ordered as follows.

1. All statements of government witnesses provided by the government to defendant Catherine Bucci, including but not limited to grand jury transcripts and exhibits, and interview reports (the "<u>Jencks</u> Materials"), must remain in the office of Catherine Bucci's counsel, Robert S. Sinsheimer, Esq. ("Counsel"), at Sinsheimer & Associates, 4 Longfellow Place, Boston, MA 02114.[1] Counsel is restricted from disseminating the <u>Jencks</u> Materials to his client, Catherine Bucci, and any other person. The defendant Catherine Bucci may review the <u>Jencks</u> Materials in the offices of Counsel. The Defendant is restricted from copying the <u>Jencks</u> Materials and is restricted from removing any of the <u>Jencks</u> Materials from the offices of Counsel.

---

[1] When used herein, the term "Counsel" refers to Mr. Sinsheimer, and any person employed by or working with Mr. Sinsheimer, including, but not limited to, investigators, legal secretaries, and paralegals.

2. Defendant Catherine Bucci and Counsel are prohibited from placing, or arranging or assisting in the placement of, the identities of any of the witnesses in this case on the whosarat.com website (or any other website).

3. Defendant Catherine Bucci and Counsel are prohibited from disclosing, in any way shape or form, the identities of any government witnesses included in the <u>Jencks</u> Materials to any other individual, including, but not limited to, defendant Sean Bucci.

So Ordered,

_____
Morris E. Lasker
United States District Court Judge

Dated:

Agreed to by:

*Catherine Bucci*
Catherine Bucci                    Dated: 12/03/2006

-2-