```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )    Cr. No. 03-10220 MEL
         v.                   )
                              )
1.  SEAN BUCCI,               )
3.  DARREN MARTIN, and        )
4.  CATHERINE BUCCI,          )
        Defendants.           )
```

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
EVIDENCE OF A PRIOR CONVICTION AND TO PRECLUDE
<u>CERTAIN CROSS-EXAMINATION OF MARK WOJCIECHOWSKI</u>**

The government hereby moves *in limine* that the defense be precluded from introducing evidence of a 25-year old robbery conviction of government witness Mark Wojciechowski and be precluded from cross-examining Mr. Wojciechowski regarding that robbery, or another robbery that he committed over 25 years ago, when he was 16 years old, for which he was never charged.

In 1981, when he was 17 years old, the defendant was arrested for felony robbery in Florida. The defendant and two other individuals robbed a restaurant. All three were carrying firearms. They stole approximately $3,000 from the register for cocaine. The defendant was charged as an adult with felony robbery and convicted in 1982. He served three years in prison followed by three years probation.

Mr. Wojciechowski has also advised the government, and the government has disclosed to the defense, that, when he was 16, he committed another armed robbery of a store in Florida with another man and they stole $600-$700 to buy cocaine. Mr.

Wojciechowski was never charged with this offense.

The fact of the 1982 conviction should be excluded under Federal Rule of Evidence ("FRE") 609(b). That rule states:

> Evidence of a prior conviction *is not admissible* if more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for the conviction, whichever is the later date, *unless* the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

FRE 609(b) (emphasis added). Since the 1982 conviction clearly falls well outside the ten year limit of FRE 609(b), and is therefore "stale",[1] the question is whether the Court should nevertheless allow it because "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." It clearly does not. Cf. Wierstak v. Heffernan, 789 F.2d 968 (1st Cir.186) (affirming exclusion of convictions over ten years old because "Wierstak's 1971 convictions fall squarely within the words and policy of [FRE 609(b)]. . . . These crimes, crimes of theft, stealth, and drug use, lack probative value of showing a propensity to lie on the stand.").

Under FRE 609(b)'s exception to the ten-year limitation's period, the evidence of the prior conviction would have to, at

---

[1] See United States v. Meserve, 271 F.3d 314, 321 (1st Cir.2001) (characterizing as "stale" a conviction outside the ten-year limitations period of FRE 609(b).

the very least, be probative of Mr. Wojciechowski's character for truthfulness or untruthfulness. This test effectively blends with the test of admissibility under FRE 608(b). For the following reasons, then, extrinsic evidence of the 25-year conviction should be precluded under FRE 609(b), and the defense should be precluded from cross-examining Mr. Wojciechowski about the topic of either the robbery conviction or the uncharged robbery under FRE 608(b).[2]

   Neither of the two incidents in question is "probative of truthfulness of untruthfulness." See United States v. Thiongo, 344 F.3d 55, 59 (1st Cir.2003) ("Rule 608(b) permits a party to introduce on cross-examination specific instances of conduct for the purpose of attacking the witness' credibility if the evidence is 'probative of truthfulness or untruthfulness.'"). Furthermore, the incidents in question are remote in time, bear no resemblance to the issues in the case, and are cumulative. See id. ("The admissibility of such evidence is determined by weighing several factors including whether the instances of prior conduct bear some similarity to the conduct at issue, whether

---

   [2] If the Court were to preclude evidence of the conviction under FRE 609(b), because of the time limit, but allow cross-examination on the topic under FRE 608(b), the protections of FRE 609(b) would be illusory. If asked on cross-examination if he was ever convicted of robbery, Mr. Wojciechowski would testify that he was convicted of the robbery in 1982. The only thing FRE 608(b) would preclude, in this instance, would be the defense proving the conviction with extrinsic evidence, which would be unnecessary once he admits to it.

they were recent or remote in time, and whether the evidence is cumulative of other evidence.") (citing United States v. Simonelli, 237 F.3d 19, 23 (1st Cir.2001)).[3]

The First Circuit's decision in United States v. Meserve, 271 F.3d 314 (1st Cir.2001), is instructive with respect to the issues presented herein. The defendant in that case was convicted of robbery and firearms offenses. The defendant's brother, Kevin Meserve ("Kevin"), testified at trial on behalf of the defendant as an alibi witness and also testified that a government witness had told him that a police officer had told her what to say at trial. Meserve, 271 F.3d at 319.

At trial, the prosecutor cross-examined Kevin, over defense counsel's objection, about two prior convictions for disorderly conduct and by asking Kevin if he was a "tough guy" who had been in a lot of fights. Id. at 322-24. On appeal, the First Circuit first held that the district court erred in allowing the questions about the two prior convictions because they were neither admissible under FRE 609(a)(1) -- because the government had failed to show that the convictions were punishable by

---

[3] There will be ample other evidence for the defense to impeach Mr. Wojciechowski. For example, he will testify that, in 2004, he was arrested in Arizona on federal charges of conspiracy to distribute marijuana and that he subsequently pled guilty to that charge, and is testifying pursuant to a cooperation agreement with the government. He will also testify that, when he was caught, he had been trafficking marijuana for about 20 years.

4

imprisonment in excess of one year -- nor admissible under FRE 609(a)(2) because they did not involve dishonesty or false statements.

On this latter issue, the court noted that the legislative history of Rule 609(a)(2) the rule makes clear:

> [T]he phrase 'dishonesty and false statement" . . . means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Id. at 328 (quoting H.R. Conf. Rep. No. 93-1597, at 9 (1974), reprinted in 1974 U.S.C.C.A.N. 7098, 7103).  Thus, the court concluded, "[t]o be admissible under Rule 609(a)(2), a prior conviction must involve 'some element of deceit, untruthfulness, or falsification which would tend to show that an accused would be likely to testify untruthfully,' elements not readily apparent in the crimes of disorderly conduct and assault."  Id. (quoting United States v. Seamster, 568 F.2d 188, 190 (10th Cir.1978)).

The Meserve court also held that the prosecutor's questions to Kevin about being a "tough guy" and about having "[b]een in a lot of fights in [his] day" were irrelevant to the jury's credibility determination and inadmissible under FRE 608(b).  Id. at 328-29.  The court reasoned as follows:

> The government's questions about Kevin's status as a "tough guy" and his reputation in the community for violence were completely irrelevant on the facts here to this jury's credibility determination.  Even if, as

5

>   suggested by the government at trial, people in the
>   community were afraid of Kevin because he was an
>   "assaultive person," this has no bearing on Kevin's
>   credibility as a witness, given the issues in this
>   case.  No other theory of admissibility is offered.

Id. at 328-29.  The court therefore concluded: "The specific instances of prior conduct about which the government questioned Kevin bore no relation whatsoever to his character for truthfulness or untruthfulness.  As Meserve correctly states, the government wanted to suggest, and succeeded in suggesting, that Kevin was a man with a violent disposition."  Id.

Rule 608 generally prohibits proof of prior acts of misconduct for the purpose of attacking a witness's credibility, but permits questions about such incidents "in the discretion of the court" if they are "probative of truthfulness or untruthfulness."  See FRE 608(b).[4]  Similar to Kevin's alleged propensity for violence in Meserve, the specific instance of Wojciechowski's prior conduct bears "no relation whatsoever to his character for truthfulness or untruthfulness."  Meserve, 271

---

[4] Before allowing cross-examination on specific instances of misconduct, courts must consider whether the matter at issue is in fact probative of a witnesses' credibility and, even if it is, whether the probative value of the evidence is substantially outweighed by unfair prejudice.  See, e.g., United States v. Lopez, 944 F.2d 33, 37 (1st Cir. 1991).  Because "rule 608(b) is intended to be restrictive . . . the inquiry on cross-examination should be limited to . . . specific modes of conduct which are generally agreed to indicate a lack of truthfulness."  United States v. Bocra, 623 F.2d 281, 288 (3d Cir.1980) (quoting 3 *Weinstein's Evidence* P 608(05) at 608-28 (1979)).

F.3d at 329.[5]  Instead, the only reason the defendants would want to cross-examine Wojciechowski about the robberies he committed while still in his teens is to show the jury that Wojciechowski is a "bad" or "violent" person.  Cf. id. ("As Meserve correctly states, the government wanted to suggest, and succeeded in suggesting, that Kevin was a man with a violent disposition.").

If this Court finds that the fact of Mr. Wojciechowski's 25-year old robbery conviction is admissible under FRE 609 or FRE 608 because probative of his character for truthfulness or untruthfulness, the government requests an Order that the defendants be permitted to elicit only the crime charged, the date, and the disposition.  See Young v. James Green Management, Inc., 327 F.3d 616, 625-26 (7th Cir.2003) ("As a general rule, we have held that 'all that is needed to serve the purpose of challenging the witness's veracity is the elicitation of the crime charged, the date, and the disposition' and that 'it is error to elicit any further information for impeachment purposes'") (quoting Gora v. Costa, 971 F.2d 1325, 1330 (7th Cir.1992)).

---

[5] Rule 608(b) addresses situations in which a witness's prior activity, whether exemplified by conduct or by a statement, in and of itself casts significant doubt upon his veracity. United States v. Winchenbach, 197 F.3d 548, 558 (1st Cir. 1999); Kasuri v. St. Elizabeth Hosp. Med. Ctr., 897 F.2d 845, 853-54 (6th Cir. 1990).

**CONCLUSION**

For the foregoing reasons, the government requests that its motions *in limine* be allowed and that the defense be precluded from introducing evidence of Wojciechowski's 25-year old robbery conviction and be precluded from cross-examining Wojciechowski's regarding that robbery or the other robbery he committed when 16 years old.

Respectfully submitted,

MICHAEL J. SULLIVAN

United States Attorney

By: /s PETER K. LEVITT (by PKL)
PETER K. LEVITT
Assistant U.S. Attorney
JOHN P. MCADAMS
Trial Attorney, DOJ
One Courthouse Way
Boston, MA 02210
(617)748-3100

Dated: January 17, 2007