```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )     Cr. No. 03-10220 MEL
      v.                       )
                               )
1.    SEAN BUCCI,              )
3.    DARREN MARTIN, and       )
4.    CATHERINE BUCCI,         )
         Defendants.           )
```

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE**
**CERTAIN CROSS-EXAMINATION OF BRIAN ROBINSON**

The government hereby moves *in limine* that the defense be precluded from cross examining government witness Brian Robinson regarding a 1995 incident in which he was charged in Lawrence District Court with assault & battery with a dangerous weapon (a baseball bat).  Mr. Robinson was found not guilty after a jury trial.

Mr. Robinson is currently employed as the New Business Manager for Savings Bank Life Insurance Company and has been with the company for the last six years.  His only connection to this case is that, in 1999, he was a Manager for SIS Family Bank in Peabody and was a witness to an attempted structured Financial currency transaction by Sean Bucci and Catherine Bucci.

First of all, Mr. Robinson was found not guilty of the above offense and it is therefore irrelevant to his credibility or his character for truthfulness or untruthfulness.  See United States v. Thiongo, 344 F.3d 55, 59 (1st Cir.2003) ("Rule 608(b) permits a party to introduce on cross-examination specific instances of

conduct for the purpose of attacking the witness' credibility if the evidence is 'probative of truthfulness or untruthfulness.'"); Federal Rule of Evidence ("FRE") 608(b).  Furthermore, the underlying alleged conduct itself does not relate to truthfulness or untruthfulness.  Thiongo, 344 F.3d at 59.  Cf. Wierstak v. Heffernan, 789 F.2d 968 (1st Cir.186) (affirming exclusion of convictions over ten years old because "Wierstak's 1971 convictions fall squarely within the words and policy of [FRE 609(b)]. . . .  These crimes, crimes of theft, stealth, and drug use, lack probative value of showing a propensity to lie on the stand.").  See also United States v. Meserve, 271 F.3d 314, 328-29 (1st Cir.2001) ("The government's questions about Kevin's [the witnesses's] status as a 'tough guy' and his reputation in the community for violence were completely irrelevant on the facts here to this jury's credibility determination.  Even if, as suggested by the government at trial, people in the community were afraid Kevin because he was an 'assaultive person,' this has no bearing on Kevin's credibility as a witness, given the issues in this case.  No other theory of admissibility is offered.").[1]

---

[1] The Meserve court therefore concluded: "The specific instances of prior conduct about which the government questioned Kevin bore no relation whatsoever to his character for truthfulness or untruthfulness.  As Meserve correctly states, the government wanted to suggest, and succeeded in suggesting, that Kevin was a man with a violent disposition." Id.

2

Before allowing cross-examination on specific instances of misconduct, courts must consider whether the matter at issue is in fact probative of a witnesses' credibility and, even if it is, whether the probative value of the evidence is substantially outweighed by unfair prejudice. See, e.g., United States v. Lopez, 944 F.2d 33, 37 (1st Cir. 1991). Because "rule 608(b) is intended to be restrictive . . . the inquiry on cross-examination should be limited to . . . specific modes of conduct which are generally agreed to indicate a lack of truthfulness." United States v. Bocra, 623 F.2d 281, 288 (3d Cir.1980) (quoting 3 *Weinstein's Evidence* P 608(05) at 608-28 (1979)).[2]

The only reason the defendants would want to cross-examine Mr. Robinson about his arrest for assault & battery with a dangerous weapon, notwithstanding the not guilty finding, is to show the jury that Mr. Robinson is a "bad" or "violent" person. Cf. Meserve, 271 F.3d at 328-29 ("As Meserve correctly states, the government wanted to suggest, and succeeded in suggesting, that Kevin was a man with a violent disposition.").

---

[2] Rule 608(b) is intended to address situations in which a witness's prior activity, whether exemplified by conduct or by a statement, in and of itself casts significant doubt upon his veracity. United States v. Winchenbach, 197 F.3d 548, 558 (1st Cir. 1999); Kasuri v. St. Elizabeth Hosp. Med. Ctr., 897 F.2d 845, 853-54 (6th Cir. 1990).

**CONCLUSION**

For the foregoing reasons, the government requests that its motions *in limine* be allowed and that the defense be precluded from cross-examining Mr Robinson regarding the charge of assault and battery with a dangerous weapon.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN

                                        United States Attorney

By:  <u>/s PETER K. LEVITT (by PKL)</u>
      PETER K. LEVITT
      Assistant U.S. Attorney
      JOHN P. MCADAMS
      Trial Attorney, DOJ
      One Courthouse Way
      Boston, MA 02210
      (617)748-3100

Dated: January 17, 2007