```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )    Cr. No. 03-10220 MEL
          v.                   )
                               )
1.  SEAN BUCCI,                )
3.  DARREN MARTIN, and         )
4.  CATHERINE BUCCI,           )
      Defendants.              )
```

GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government reserves its right to supplement or modify these requested instructions in light of the requests filed by the defendants and the evidence in the case.

```
                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney


            By:          /s PETER K. LEVITT
                         PETER K. LEVITT
                         Assistant U.S. Attorney
                         JOHN P. McADAMS
                         Trial Attorney, DOJ
```

## TABLE OF CONTENTS

Duties of the Jury . . . . . . . . . . . . . . . . . . . . 1

Nature of Indictment -- Presumption of Innocence . . . . . . . 2

Preliminary Statement of Elements of Crime . . . . . . . . . 4

Evidence; Objections; Rulings; Bench Conferences . . . . . . 5

Credibility of Witnesses . . . . . . . . . . . . . . . . . 8

Conduct of the Jury . . . . . . . . . . . . . . . . . . . 9

Outline of the Trial. . . . . . . . . . . . . . . . . . . 11

Stipulations . . . . . . . . . . . . . . . . . . . . . . 13

Variance -- Dates . . . . . . . . . . . . . . . . . . . . 14

Direct and Circumstantial Evidence . . . . . . . . . . . . 15

Reasonable Consideration . . . . . . . . . . . . . . . . . 17

Burden of Proof . . . . . . . . . . . . . . . . . . . . . 18

Intent . . . . . . . . . . . . . . . . . . . . . . . . . 19

Motive . . . . . . . . . . . . . . . . . . . . . . . . . 20

Conspiracy -- Purpose of the Statute . . . . . . . . . . . 21

Elements of Conspiracy . . . . . . . . . . . . . . . . . . 23

Existence of a Conspiracy . . . . . . . . . . . . . . . . 24

Membership in the Conspiracy . . . . . . . . . . . . . . . 28

Method of Proving Knowledge . . . . . . . . . . . . . . . 31

Stake in the Outcome . . . . . . . . . . . . . . . . . . . 32

Acts and Declarations of Co-conspirators . . . . . . . . . 33

Statements by Defendant . . . . . . . . . . . . . . . . . 35

Possession with Intent to Distribute . . . . . . . . . . . 36

Possession . . . . . . . . . . . . . . . . . . . . . . . 37

Intent to Distribute . . . . . . . . . . . . . . . . . 38

Aiding and Abetting . . . . . . . . . . . . . . . . . 39

Money Laundering Conspiracy . . . . . . . . . . . . . 40

Conspiracy – Time Period . . . . . . . . . . . . . . . 43

First Element – The Agreement . . . . . . . . . . . . 44

Silent Understanding . . . . . . . . . . . . . . . . . 45

Circumstantial Evidence of Agreement . . . . . . . . . 46

Membership in the Conspiracy . . . . . . . . . . . . . 47

Responsibility for all Ongoing Actions of Co-Conspirators . . 51

Money Laundering – Elements . . . . . . . . . . . . . 52

Definitions . . . . . . . . . . . . . . . . . . . . . 53

First Element – Financial Transaction . . . . . . . . . 55

Second Element – Knowledge That Property Was Proceeds of Some

Form of Unlawful Activity . . . . . . . . . . . . . . 56

Third Element – Knowledge That Transaction Was Designed to

Conceal Origin of Property, or, That Defendant Engaged in

Financial Transaction for Purposes of Avoiding Transaction

Reporting Requirement . . . . . . . . . . . . . . . . 58

Actual Knowledge Requirement – Circumstantial Evidence . . . 60

"Willful Blindness" As a Way of Satisfying

"Knowingly" Requirement . . . . . . . . . . . . . . . 63

Avoiding Transaction Reporting Requirements . . . . . . . 64

Money Laundering . . . . . . . . . . . . . . . . . . . 66

iii

First Element – Monetary Transaction  . . . . . . . . . . . .  67

Second Element – Knowledge of Involvement of

    Criminally Derived Property . . . . . . . . . . . . . . .  69

Actual Knowledge  . . . . . . . . . . . . . . . . . . . . . .  70

Manner of Proof of Actual Knowledge  . . . . . . . . . . . .  71

No Willfulness Requirement  . . . . . . . . . . . . . . . . .  72

Specified Unlawful Activity  . . . . . . . . . . . . . . . .  73

Method of Proof of Derivation from Specified

    Criminal Activity . . . . . . . . . . . . . . . . . . . .  74

No Knowledge Requirement  . . . . . . . . . . . . . . . . . .  75

Structuring Currency Transactions  . . . . . . . . . . . . .  76

Elements of the Offense  . . . . . . . . . . . . . . . . . .  77

Knowledge of Reporting Requirement  . . . . . . . . . . . . .  78

Structuring Transactions . . . . . . . . . . . . . . . . . .  80

Intent to Evade Reporting Requirement  . . . . . . . . . . .  81

Income Tax Evasion . . . . . . . . . . . . . . . . . . . . .  82

Tax due and Owing  . . . . . . . . . . . . . . . . . . . . .  84

Expert Witness . . . . . . . . . . . . . . . . . . . . . . .  86

Submitting the Indictment . . . . . . . . . . . . . . . . . .  88

Punishment  . . . . . . . . . . . . . . . . . . . . . . . . .  89

Foreperson's Role; Unanimity . . . . . . . . . . . . . . . .  90

Consideration of Evidence . . . . . . . . . . . . . . . . . .  91

Reaching Agreement  . . . . . . . . . . . . . . . . . . . . .  92

Return of Verdict Form  . . . . . . . . . . . . . . . . . . .  94

Communication with the Court  . . . . . . . . . . . . . . . 95

**Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

1

**Proposed Instruction**

**Nature of Indictment -- Presumption of Innocence**

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney Peter Levitt and Department of Justice Trial Attorney John McAdams.  The defendant, Sean Bucci, is represented by Stylianus Sinnis.  The defendant Catherine Bucci is represented by Robert Sinsheimer.  The defendant Darren Martin is represented by Henry Brennan.

The defendants have been charged by the government with violations of federal law.

The charges against the defendants are contained in the Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything. The defendants pleaded not guilty to the charges against them and deny committing the crimes.  Each of the defendants are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

The defendants are being tried together because the government has charged that Sean Bucci and Darren Martin acted together in committing the crime of conspiracy to possess marijuana with intent to distribute it and that Sean Bucci and

2

catherine Bucci acted together in committing the crime of conspiracy to commit money laundering.  But you will have to give separate consideration to the case against each defendant.  Do not think of the defendants as a group.


Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition; Federal Judicial Center Instruction 1.

**Proposed Instruction**

**Preliminary Statement of Elements of Crime**

The defendants have been charged by the government with violations of federal law.  Specifically, they have been charged as follows:

[Read Charges From Indictment]


You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.



Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

4

**Proposed Instruction**

**Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

5

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose.  I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and  "circumstantial evidence."  Direct evidence is

6

testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

**Proposed Instruction**

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

8

### Proposed Instruction

### Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might

9

be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## Proposed Instruction

## Outline of the Trial

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so. I remind you that the defendants are presumed innocent, and the government must prove the guilt of the defendants beyond a reasonable doubt. The defendants do not have to prove their innocence.

11

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  I just told you that the opening statements by the lawyers are not evidence.  The same applies to the closing arguments.  They are not evidence either.  In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

12

**Proposed Instruction**

**Stipulations**

Throughout the trial the parties may have stipulated to one or more facts.  This means that the parties agree on the existence of those facts.  You should therefore treat those facts as having been proven.

## Proposed Instruction

## Variance -- Dates

You will note that Counts in the indictment charge that certain conduct occurred "in or about" certain dates.

It does not matter if the indictment charges that specific acts occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, 53-12 (1990).

<u>United States v. Brody</u>, 486 F.2d 291 (8th Cir. 1973), <u>cert</u>. <u>denied</u>, 417 U.S. 949 (1974).

14

**Proposed Instruction**

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence.  Direct evidence is where a witness testifies to what he saw, heard or observed.  In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet.  Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you

15

to conclude that it had been raining.  Inferences are deductions

on conclusions which reason and common sense lead you to draw

from the facts as established by the evidence.

That is all there is to circumstantial evidence.  You infer

on the basis of reason and experience and common sense from an

established fact the existence or the nonexistence of some other

fact.

Circumstantial evidence is of no less value than direct

evidence; for, it is a general rule that the law makes no

distinction between direct and circumstantial evidence, but

simply requires that before convicting a defendant, the jury must

be satisfied of the defendant's guilt beyond a reasonable doubt

from all of the evidence in the case.  In reaching your verdict

it is permissible to draw and rely upon inferences from the

evidence.

L. B. Sand, <u>Modern Federal Jury Instruction: Criminal</u>, ¶5-2
(1990).

16

**Proposed Instruction**

**Reasonable Consideration**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§15.01 (3d ed. 1977).

## Proposed Instruction

### Burden of Proof

In this, as in every criminal case, the government has the burden of proving the defendant guilty of every essential element of the offenses charged beyond a reasonable doubt.  The government is not required, however, to prove the defendant guilty beyond all possible doubt.  Nor must the government exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt.

The burden of proof never shifts during trial.  The law does not require a defendant to prove his innocence or to produce any evidence.

United States v. Gibson, 726 F.2d 869, 874 (1st Cir. 1984); United States v. Thornley, 707 F.2d 622, 625 (1st Cir. 1983).

18

**Proposed Instruction**

**Intent**

To act with intent refers to a mental condition or state of mind. Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there. Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances. In this connection you may consider any actions undertaken by a defendant and any statements made by her and all other facts and circumstances in evidence which bear on the defendant's state of mind.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.13 (3d ed. 1977).

19

**Proposed Instruction**

**Motive**

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done.  The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.11 (3d ed. 1977).

20

**Proposed Instruction**

**Conspiracy--Purpose of the Statute**

A conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two persons to violate the law by some joint or common plan or course of action.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve some unlawful purpose.

The crime of conspiring to violate Title 21, United States Code, Section 846 -- that is, conspiring to possess with intent to distribute marijuana -- is independent from the crime of actually possessing with intent to distribute marijuana.  The law refers to the object of the conspiracy -- in this case, the possession of marijuana with intent to distribute -- as the substantive crime.

The crime of conspiring to possessing marijuana with intent to distribute is separate and distinct from the substantive crime of actually possessing marijuana with intent to distribute.  The crime of possessing marijuana with intent to distribute need not be completed in order to convict the defendant of conspiring to possess with intent to distribute marijuana.

21

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of a particular venture.

Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶19.01 (1993).  <u>United States v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994), <u>cert</u>. <u>denied</u>, 115 S.Ct. 1118 (1995)(defining "intent to commit" object of conspiracy as "an intent to effectuate the commission of the substantive offense.  A defendant need not have had the intent to personally commit the substantive crime.")

**Proposed Instruction**

**Elements of Conspiracy**

In order to satisfy its burden of proof on Count One of the Indictment, the government must prove three elements beyond a reasonable doubt:

One: that the conspiracy charged in the indictment existed;

Two: that the defendant knowingly and intentionally joined the conspiracy; and

Three: that the defendant intended that the possession of marijuana with intent to distribute be accomplished.

23

**Proposed Instruction**

**Existence of A Conspiracy**

To prove the first element of Count One, that a conspiracy existed, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the Indictment. According to the indictment in this case, the unlawful purpose or object here was to possess marijuana with intent to distribute it.

A conspiracy is an agreement, spoken or unspoken.  A conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

The government must prove beyond a reasonable doubt that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.  That is, the evidence must show beyond a reasonable doubt that the defendant and at least one other person in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

In order for you to find that a conspiracy existed, you need not find that the alleged members of the conspiracy met together

24

and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what their scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  It is sufficient if an agreement is shown by conduct, by a wink, a nod, a handshake, or by a silent understanding to share a purpose to violate the law.[1]

A conspiracy is, by its very nature, usually secret in its origin and in its execution.  Therefore, what the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members in some way or manner, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.  In essence, there must have been an agreement.

Since a conspiracy is by its very nature often secret, neither the existence of the common agreement or scheme, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from circumstantial

---

[1]  United States v. Sepulveda, 15 F.3d at 1173 ("There are no particular formalities that attend this showing:  the agreement may be express or tacit and may be proved by direct or circumstantial evidence."); United States v. Pallindo, 203 F.Supp. 35, 37 (D.Mass.1962) ("An agreement may be shown by conduct, by a wink or a nod, by a silent understanding to share a purpose to violate the law").

25

evidence.[2]  The common purpose or plan may be inferred from the course of the dealing between a defendant and another alleged conspirator.[3]  In this regard, you may, in determining whether an agreement existed herein, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together for the accomplishment of an unlawful purpose.

The Indictment alleges that the conspiracy existed "[f]rom a time unknown . . . but at least by in or about January, 2002, and continuing thereafter until on or about June 4, 2003.  In determining whether the defendant and at least one other person conspired as charged, you need not find that the conspiracy existed at the exact time or over the entire period charged.  What must be proven beyond a reasonable doubt is that the conspiracy was in existence for some period of time reasonably near the time alleged or for some portion of the period charged.

You may find that the conspiracy charged did exist even if you find that there were changes in either the personnel (by the

---

[2] <u>United States v. O'Campo</u>, 973 F.2d 1015, 1019 (1st Cir. 1992) (no need for express agreement; circumstantial evidence sufficient).

[3] <u>United States v. Rivera-Santiago</u>, 872 F.2d 1073, 1079 (1st. Cir. 1989), <u>cert.</u> <u>denied</u> 104 S.Ct. 3227 (1989) ("Because of the secretive nature of the crime, it is recognized that the agreement may be express or tacit.  The agreement, whether tacit or express, may be proven by circumstantial as well as express evidence.  A common purpose and plan may be inferred from a development and collocation of circumstances").

termination or withdrawal of one or more members, or the addition

of one or more new members), or activities, or both, so long as

you find that some of the co-conspirators continued to act for

the entire duration of the conspiracy for the purposes charged in

the Indictment.  It is not necessary for you to find that the

alleged co-conspirators joined the conspiracy at the same time,[4]

or that all of the participants in the conspiracy knew each

other, or that all members participated in the conspiracy at the

same time in the furtherance of their criminal activities.  What

is essential is that the criminal goal or plan have persisted

without fundamental alteration, notwithstanding variations in

personnel and their roles.


Adapted from 1 L. Sand, Modern Federal Jury Instructions:
Criminal, ¶19-4 (1993).

---

[4]  United States v. Bello-Perez, 977 F.2d 664, 668 (1st Cir. 1992).

27

**Proposed Instruction**

**Membership in the Conspiracy**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that the defendant <u>knowingly</u> and <u>intentionally</u> became a member of the conspiracy, with the intent to further the unlawful purposes of the conspiracy.

A person acts "knowingly" and "intentionally" if he acts voluntarily and not because of ignorance, mistake, accident or carelessness.[5]

Proof that a defendant simply knew about a conspiracy or was present at times or associated with members of the group is not enough, even if he approved of what was happening or did not object to it.  Mere associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, by itself, make someone a member of a conspiracy.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not make him a conspirator.

An individual may be found to be a part of a drug conspiracy even though he did not intend to, and did not, directly

---

[5]  Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶3A-1 (1993).

participate in actually possessing marijuana with intent to
distribute, and even though he did not know the precise extent of
the enterprise.[6]  That is, it is not necessary that the
government prove that each member of a conspiracy knew the names,
identities or even the number of all of his confederates.  Nor
does the government need to prove that each member of the
conspiracy knew all of the details of the conspiracy.[7]  The
government need not prove that the defendant committed the
alleged acts so long as the government proves the three elements
of the charge of conspiracy beyond a reasonable doubt.[8]  The

---

[6]United States v. Piper, 35 F.3d 611, 615 (1st Cir. 1994)
citing United States v. Moosey, 735 F.2d 633, 635-36 (1st Cir.
1984) (upholding conviction for conspiracy even though defendant
personally had not intended to, and did not, participate in the
underlying substantive offense of interstate trafficking).  See
also, United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st
Cir.) (an individual could be found to be part of a conspiracy to
possess and distribute cocaine even though he neither directly
participated in interstate trafficking nor knew the precise
extent of the enterprise.  The fact that he participated in one .
. . link of the distribution chain, knowing it extended beyond
his individual role, was sufficient).

[7]Sepulveda, 15 F.3d at 1173 ("in a criminal conspiracy,
culpability may be constant though responsibilies are divided;
the government does not need to show as a precursor to a finding of
guilt that a given defendant took part in all aspects of the
conspiracy.").

[8]  United States v. Dannenburg, 980 F.2d 741 (10th Cir.
1992) (numerous decisions recognize that a conspiracy conviction
may be supported by evidence of predicate acts different from
those alleged in the Indictment as long as no unreasonable
surprise to defense); United States v. Bello-Perez, 977 F.2d 664,
669 (1st Cir. 1992) (although overt acts were gratuitously set
forth in the Indictment, the government is not limited at trial
to proof of the alleged over acts; nor is the Indictment rendered

government must prove, however, that the defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.[9] If he did, then he may be charged with what others may have done in execution of those purposes.[10]

---

insufficient for failure to plead other overt acts).

[9] <u>Rivera-Santiago</u>, 872 F.2d at 1079; <u>United States v. Stubbert</u>, 655 F.2d 453, 457 (1st Cir. 1981).

[10] <u>Rivera-Santiago</u>, 872 F.2d at 1079; <u>Angiulo</u>, 847 F.2d at 969.

**Proposed Instruction**

**Method of Proving Knowledge**

Your decision about whether the defendant knew the essential purpose and aim of the conspiracy involves a decision about his state of mind.  It is difficult to prove directly the operation of the defendant's state of mind, but you may consider all the facts and circumstances shown by the evidence, and make reasonable inferences from the evidence, to determine the defendant's state of mind.

Adapted from L. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶56-01, Instr. 56-59 (1993).  Devitt & Blackmar, § 28.05; <u>U.S. v. Cintolo</u>, 818 F.2d 980, 1003 (1st Cir. 1987)(mere association not sufficient).

31

**Proposed Instruction**

**Stake in the Outcome**

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocence is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the gambit of the conspiracy.

Moreover, a person may be found to be a member of a conspiracy whether or not he had a financial stake in the illegal venture.  Conspirators may have different motives for participating in a conspiracy.

**AUTHORITY:**  This instruction is adopted from: (1) an instruction given by Judge Keeton in <u>United States v. Forero-Diaz</u>, Criminal Number 88-110-K, pp. 29; and (2) L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §19-6 (1990).

32

**Proposed Instruction**

**Acts and Declarations of Co-conspirators**

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions. This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made

33

during the existence, and in furtherance, of the unlawful scheme.

If the acts were done or the statements made by someone whom you

do not find to have been a member of the conspiracy or if they

were not done or said in furtherance of the conspiracy, they may

not be considered by you as evidence against the defendant.

**AUTHORITY:** United States v. Petrozziello, 548 F.2d 20, 23 (1st
Cir. 1977); L.B. Sand, Modern Federal Jury Instructions:
Criminal, §19-9 (1990); United States v. Angiulo, 847 F. 2d 956,
969 (1st Cir. 1988) ("As long as it is shown that a party, having
joined a conspiracy, is aware of the conspiracy's features and
general aims, statements pertaining to the details of plans to
further the conspiracy can be admitted against the party even if
the party does not have specific knowledge of the acts spoken
of."). Devitt and Blackmar, Federal Jury Practice and
Instructions, §§14.13 (3d ed. 1977).

**Proposed Instruction**

**Statements by Defendant**

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide: (1) whether the defendant made the statement; and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

**AUTHORITY**: Pattern Jury Instructions: **First Circuit**, Criminal Cases  Committee on Pattern Criminal Jury Instructions §2.10 (1998 Edition).

35

**Proposed Jury Instruction**

**Possession with Intent to Distribute a Controlled Substance**

Sean Bucci is accused in Count Two with possessing marijuana on or about June 4, 2003, intending to distribute it to someone else. Darren Martin is accused in Count Three with possessing marijuana on or about June 4, 2003, intending to distribute it to someone else. It is against federal law to have marijuana in your possession with the intention of distributing it to someone else. For you to find the defendant in question guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that on or about June 4, 2003, the defendant possessed marijuana, either actually or constructively;

Second, he did so with a specific intent to distribute the marijuana over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

## Proposed Instruction

### Possession

The term "possess" means to exercise authority, dominion or control over something.  The law recognizes different kinds of possession.

"Possession" includes both actual and constructive possession.  A person who has direct physical control of something on or around his person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena,987 F.2d 849, 852 (1st Cir. 1993).  Pattern Jury Instructions: **First Circuit**, Criminal Cases

## Proposed Instruction

## Intent to Distribute

The intent to distribute is typically established through circumstantial evidence.  In determining whether either defendant intended to distribute any prohibited drug which you conclude was in his possession, you may consider all the surrounding circumstances, including whether he in fact distributed, that is transferred possession of the controlled substance to someone else.  It is not necessary, however, for you to be convinced that either defendant actually delivered a prohibited drug to someone else or that he made any money out of any such delivery.  It is enough for the government to prove, beyond a reasonable doubt, that the defendant had in his possession a substance that he knew was marijuana and that he intended to deliver it (or some of it) to someone else, with or without any financial interest in the transaction.

United States v. Echeverri, 982 F.2d 675, 678-79 (1st Cir.1993) (considering layout of defendant's apartment, amount of cocaine found, and the presence of a scale and a ledger as corroborative of intent to distribute); United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989); see also United States v. Akinola, 985 F.2d 1105, 1109 (1st Cir. 1993); United States v. Morales-Cartagena,987 F.2d 849, 852 (1st Cir. 1993).  Pattern Jury Instructions: **First Circuit**, Criminal Cases, Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## Proposed Instruction

## Aiding and Abetting

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt the following two things: (1) that someone else committed the charged crime; and (2) that the defendant willfully associated himself in some way with the crime and willfully participated in it as they would in something they wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him. The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting. An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done -- that is to say with bad purpose, either to disobey or disregard the law.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

39

**Proposed Instruction**

**Money Laundering Conspiracy**
**18 U.S.C. §1956(h)**

Count Four charges the defendant Sean Bucci with conspiring with defendant Catherine Bucci to violate the money laundering statute, in violation of Title 18, United States Code, Section 1956(h).

The crime of conspiracy is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as substantive crimes.

Indeed, you may find the defendant guilty of the crime of conspiracy to commit money laundering even though the substantive crime which was the object of the conspiracy -- that is, the actual money laundering -- was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture. 18 U.S.C. §1956(h); Sand, Modern Federal Jury Instruction, ¶19.01 at 19-3 (1992).

Title 18, United States Code, Section 1956(h), makes it a Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Title 18, U.S.C. §§1956 or 1957.

40

Under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

**First**:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate [18 U.S.C. Section 1956], as charged in the Second Superseding Indictment; and

**Second**:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly joins in that plan on one occasion, that is sufficient to convict that Defendant for

conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.[11]

---

[11]    **ANNOTATIONS AND COMMENTS**

18 U.S.C. 1956(h) provides:

> (h) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

**Proposed Instruction**

**Conspiracy - Time Period**

The Indictment alleges that the conspiracy charged in Count Four began from a time unknown, but at least by in or about May 1998, and continuing until at least in or about June 2003.

In determining whether Sean and Catherine Bucci conspired as charged, you need not find that the conspiracy existed during the entire period charged.  It is sufficient that you find that the conspiracy was in existence for any period of time which included the period alleged in the Indictment, and that the defendant was a member of the conspiracy during that period.

**Proposed Instruction**

**First Element - The Agreement**

With respect to the first element -- the existence of the conspiracy -- you should understand that a "conspiracy" is simply a combination or agreement by two or more persons to accomplish the unlawful purpose or object of the conspiracy charged.

A conspiracy is a kind of partnership in criminal purposes in which each member works as the agent of another member.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.  It is not necessary that the unlawful purpose of the conspiracy actually be achieved in order to prove that the conspiracy existed.  What the evidence must show is that the members, in some way or manner, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully, and intentionally.

Pettibone v. United States, 148 U.S. 197, 203 (1893); United States v. Guerro, Cr. No. 81-215-K, (D. Mass.) Tr. 5:85-86, aff'd 693 F.2d 10 (1st Cir. 1982).

44

**Proposed Instruction**

**Silent Understanding**

In order to establish the existence of a conspiracy, the government need not show that the conspirators entered into any express agreement or formal agreement.  It is not necessary to show that the conspirators directly, by spoken or written words, stated among themselves exactly what their object or purpose was, or exactly what the details of the scheme were, or exactly what means they would adopt to achieve their goals.  Indeed, it would be extraordinary if there were or had been such formal meeting, or documents, or even a specific oral agreement.  A conspiracy is, by its very nature, usually secret in its origin and its execution.  It is sufficient if the government demonstrates conduct evidencing a silent understanding to share a purpose to violate the law.

United States v. Paramount Pictures, Inc., 334 U.S. 131, 142 (1948); United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989); United States v. Addonizio, 451 F.2d 49, 74 (3d Cir. 1971); United States v. Palladino, 203 F. Supp. 35, 37-38 (D.Mass. 1962).

45

**Proposed Instruction**

**Circumstantial Evidence of Agreement**

Because a conspiracy by its very nature is often secret, neither the existence of the agreement, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from the development and course of the dealings between the defendant and the other alleged conspirators.

United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989); United States v. Stubbert, 655 F.2d 453, 456 (1st Cir. 1981); United States v. Hathaway, 534 F.2d 386, 400-401, (1st Cir. 1976); United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982); United States v. Patterson, 644 F.2d 890, 893 (1st Cir. 1981); United States v. Nardi, 633 F.2d 972 (1st Cir. 1980).

**Proposed Instruction**

**Membership in the Conspiracy**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that Sean Bucci and Catherine Bucci each knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy in the Indictment existed, you must next ask yourselves who the members of that conspiracy were.  In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he or she participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he or

47

she knowingly joined in the unlawful agreement or plan. The key
question, therefore, is whether the defendant joined the
conspiracy with an awareness of at least some of the basic aims
and purposes of the unlawful agreement.

It is important for you to note that the defendant's
participation in the conspiracy must be established by
independent evidence of his or her own acts or statements and the
reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the
facts proved. In that connection, I instruct you that to become
a member of the conspiracy, the defendant need not have known the
identifies of each and every other member, nor need he or she
have been apprized of all their activities. Moreover, the
defendant need not have been fully informed as to all of the
details, or the scope, of the conspiracy in order to justify an
inference of knowledge on his or her part. Furthermore, the
defendant need not have joined in all of the conspiracy's
unlawful objectives.

In addition, the defendant need not have known of all of the
facts that may establish that the conspiracy accomplished its
unlawful objectives. I will instruct you on the elements of the
crimes that were the objective of the conspiracy. The government
need not prove that the defendant knew of the existence of each

48

of these elements, although it must prove that the defendant knew of the conspiracy's unlawful purpose.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his or her participation. Indeed each member may perform separate and distinct acts and may perform them at different times. One conspirator may play a major role, while another may play a minor part in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him or her a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or

49

objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  He or she thereby becomes a knowing and willing participant in the unlawful agreement--that is to say, a conspirator.

Sand, Modern Federal Jury Instruction, ¶19.01 at 19-34.2 (1992); United States v. Rosa, 17 F.3d 1531, 1542-46 (2d Cir. 1994).

**Proposed Instruction**

**Responsibility For All Ongoing Actions of
Co-Conspirators**

A co-conspirator is responsible for all actions taken by his co-conspirators in furtherance of the conspiracy while the co-conspirator is a member.  So long as the partnership in crime continues, the partners act for each other in carrying it forward.  Any act of one partner may be the act of all without any new agreement specifically directed to that act.


Pinkerton v. United States, 328 U.S. 640, 646-47 (1946).

**Proposed Instruction**

**Money Laundering - Elements of Money Laundering**
**18 U.S.C. §1956(a)(1)(B)**

The defendants Sean Bucci and Catherine Bucci are charged in Count Four with conspiracy to commit money laundering in violation 18 U.S.C. §1956(a)(1), and therefore it is necessary for me to explain the elements of money laundering under these specific sections of the Code.  In order to prove the crime of money laundering in violation of Section 1956(a)(1), the government must establish beyond a reasonable doubt each of the following elements:

> **First**, that the defendant conducted or attempted to conduct a "financial transaction" involving property constituting the proceeds of specified unlawful activity, to wit, the sale of controlled substances, in violation of U.S.C.

> **Second**, that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity; and

> **Third**, that the defendant knew, <u>either</u>, that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity; <u>or</u>, that the defendant engaged in the financial transaction for the purpose of avoiding a transaction reporting requirement under state or federal law.

52

## Proposed Instruction

### Definitions

Let me begin discussing these elements by first giving you some definitions.

The term <u>conducts</u> includes initiating, concluding, or participating in initiating or concluding a transaction.

A <u>transaction</u> for purposes of this statute includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

A <u>monetary instrument</u> includes coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders.

A <u>financial transaction</u> means a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel, or aircraft. The defendant's conduct "affected" interstate or foreign commerce if the conduct "in any way or degree" had a demonstrated connection or link with such commerce.  It is not necessary for the government to prove that the defendant actually intended or anticipated an effect on

53

commerce.  It is only necessary that the natural and probable consequences of the defendant's conduct would be to affect commerce in some way.  Only a minimal effect on commerce is necessary.  If you find beyond a reasonable doubt that the transactions involved checks drawn on banks, this is itself sufficient to satisfy the interstate commerce requirement.

Finally, <u>specified unlawful activity</u> means any one of a variety of offenses defined by the statute.  In this case, the government has alleged that the funds in question were the proceeds of sales of controlled substances, as charged in Counts One and Two of the Indictment. I instruct you that, as a matter of law, conspiracy to distribute marijuana and possession of marijuana with intent to distribute both fall within the definition of "specified unlawful activity".  However, it is for you to determine whether the funds were the proceeds of that unlawful particular activity.[12]

18 U.S.C. §1956(c); <u>United States v. Skinner</u>, 946 F.2d 176, 177-78 (2d Cir. 1991); <u>United States v. Jackson</u>, 935 F.2d 832, 842 (7th Cir. 1991); <u>United States v. Montoya</u>, 945 F.2d 1068, 1076 (9th Cir. 1991).

---

[12] 3 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 50A.02, Instruction No. 50A-8 (1999); <u>See</u> <u>United States v. Isabel</u>, 945 F.2d 1193 (1st Cir. 1991).

**Proposed Instruction**

**First Element: Financial Transaction**

The first element which the government must prove beyond a reasonable doubt is that the defendant conducted or attempted to conduct a financial transaction. A financial transaction, as defined by the statute, is a transaction involving a monetary instrument. Monetary instruments include personal checks, bank checks, cashier's checks, treasurers checks, and money orders as well as cash. Thus, if a person gives such a check to another person, he or she engages in a financial transaction.

United States v. Isabel, 945 F.2d 1193, 1201 (1st Cir. 1991) (quoting United States v. Jackson, 935 F.2d 832, 841 (7th Cir. 1991)).

55

**Proposed Instruction**

**Second Element - Knowledge That Property Was
Proceeds of Some Form of Unlawful Activity**

The second element which the government must prove beyond a reasonable doubt is that the defendant knew the property involved in the financial transaction was the proceeds of some form of unlawful activity.

It is not necessary for the government to prove that the defendant knew exactly what type of criminal activity produced the property involved in the transactions.

In order to determine whether the defendant knew that the transactions listed in the Indictment involved the proceeds of unlawful activity, you will have to make a decision about the state of mind of the defendant.  This cannot be proven directly, because you cannot look into the defendant's mind.  Therefore, you may rely on circumstantial evidence in making your decision. For example, you may, but are not required to, infer from a set of elaborate transactions that the defendant would not have acted in that way if he had not known the property involved in the transactions was derived from unlawful activity.

In your deliberations, you should consider all the facts and circumstances shown in the evidence in order to infer with a reasonable degree of accuracy what the defendant's state of mind was.

56

<u>United States v. Gabriele</u>, 63 F.3d 61, 66-67 (1st Cir. 1995);
<u>United States v. Campbell</u>, 977 F.2d 854, 857 (4th Cir. 1992);
<u>United States v. Brown</u>, 944 F.2d 1377, 1387-88 (7th Cir. 1991)
(circumstantial evidence; inference of knowledge from elaborate
transactions); Sand, <u>Modern Federal Jury Instructions</u>, 50A-8
(1992).

**Proposed Instruction**

**Third Element - Knowledge That Transaction Was
Designed to Conceal Origin of Property, or, that Defendant
Engaged in financial transaction for purpose of avoiding
transaction reporting requirement**

The third element which the government must prove beyond a reasonable doubt is, <u>either</u>, that the defendant acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity, namely the sale of controlled substances, <u>or</u>, the defendant engaged in the financial transaction for the purpose of avoiding a transaction reporting requirement under state or federal law.

With respect to the first element, concealment, this element can be broken down into two parts:

First, concealment must have been at least part of the purpose of the transactions. It is not enough that the transactions happened to conceal the nature, location, source, ownership, or control of the unlawful proceeds. The transactions must have been designed to do so. Therefore, the mere use of unlawful proceeds in a financial transaction, without intent to conceal them, does not constitute a violation of Section 1956(a)(1).

Although the government must show that at least part of the purpose of the transactions was concealment, it is not necessary

58

that the transactions successfully concealed the nature, location, source, ownership, or control of the unlawful proceeds. Intent to conceal is sufficient.

Second, the defendant must have known that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the unlawful proceeds. To satisfy this condition, the government must show that the defendant had actual knowledge of the purpose of the transactions. A showing that the defendant should have known of the transactions' purpose is not sufficient for conviction.

United States v. Campbell, 977 F.2d 854, 857 (4th Cir. 1992) (actual knowledge requirement); United States v. Willey, 57 F.3d 1374, 1384 (5th Cir.), cert. denied, 116 S.Ct. 675 (1995) (purpose/design requirement); United States v. Jackson, 935 F.2d 832, 841-42 (7th Cir. 1991) (same; no requirement that concealment be successful); United States v. Turner, 975 F.2d 490, 497 (8th Cir. 1992), cert. denied, 506 U.S. 1082 (1993)(no requirement that concealment be successful); United States v. Sutera, 933 F.2d 641, 648 (8th Cir. 1991) (same); United States v. Garcia-Emanuel, 14 F.3d 1469, 1474 (10th Cir. 1994) (purpose/design requirement); United States v. Sanders, 928 F.2d 940, 946 (10th Cir.), cert. denied, 502 U.S. 845 (1991)(same); United States v. Kaczowski, 882 F.Supp. 304, 308 (W.D.N.Y. 1994) (no requirement that concealment be successful); Sand, Modern Federal Jury Instructions, 50A-9 (1992).

**Proposed Instruction**

**Actual Knowledge Requirement - Circumstantial Evidence**

In determining whether the defendant actually knew that the transactions listed in the Indictment were designed in whole or in part to conceal or disguise the unlawful proceeds, you will have to make a determination about the defendant's state of mind during his or her involvement in the transactions.  However, this cannot be proven directly because you can not look inside the defendant's mind.  Therefore, you may rely on circumstantial evidence in making your decision.

To constitute sufficient proof that defendant knew the purpose of the transactions was to conceal proceeds, circumstantial evidence must be substantial.  However, a variety of factors may suffice as substantial evidence.  They include, but are not limited to, the following:

1) A financial motive for laundering proceeds;

2) Structuring the transaction in a way to avoid attention, such as making a long series of transactions, or convoluted financial dealings;

3) Highly strange or unusual features of the transaction;

4) Commingling unlawful proceeds with legitimate funds;

5) Using a third party to conceal the real owner of the proceeds;

6) Unusual secrecy surrounding the transaction;

60

7) Misleading statements by the defendant regarding the
proceeds.

Furthermore, you may consider each transaction in light of
the facts surrounding it.  For example, it is not necessary that
any particular transaction be highly unusual, if there is
evidence that the transaction is part of a larger scheme that is
designed to conceal illegal proceeds.

The existence of any of these factors is not necessarily
enough to prove defendant's knowledge, nor is this list of
factors meant to be exhaustive.  You should consider all the
facts and circumstances shown in the evidence in order to infer
with a reasonable degree of accuracy what the defendant's state
of mind was.

United States v. Isabel, 945 F.2d 1193, 1202-04 (1st Cir. 1991)
(circumstantial evidence generally; financial motive; reduction
of tax liability; unusual transaction method, payroll check
exchange scheme); United States v. Cota, 953 F.2d 753, 760-61 (2d
Cir. 1992)("strange manner" of transaction; secrecy surrounding
transaction); United States v. Massac, 867 F.2d 174, 177-78 (3d
Cir. 1989)(unusual money transfer method, not utilizing a bank);
United States v. Willey, 57 F.3d 1374, 1385-86 (5th Cir.), cert.
denied, 116 S.Ct. 675 (1995)(using third party; series of unusual
financial moves; transaction part of larger scheme); United
States v. Beddow, 957 F.2d 1330, 1335 (6th Cir. 1992)
("convoluted" financial dealings; using a third party); United
States v. Brown, 944 F.2d 1377, 1387 (7th Cir. 1991)(elaborate
transfer method); United States v. Jackson, 935 F.2d 832, 839
(7th Cir. 1991)(commingling); United States v. Termini, 992 F.2d
879, 881 (8th Cir. 1993)(commingling); United States v. Kaufmann,
985 F.2d 884, 984 (8th Cir. 1993)(anonymity; using a third
party); United States v. Peery, 977 F.2d 1230, 1234 (8th Cir.
1992), cert. denied, 507 U.S. 946 (1993)(large number of
transfers); United States v. Golb, 69 F.3d 1417, 1423-24 (9th

Cir. 1995), <u>cert. denied</u>, 116 S.Ct. 1369 (1996)("convoluted payment methods"); <u>United States v. Garcia-Emanuel</u>, 14 F.3d 1469, 1475, 1478 (10th Cir. 1994)(substantial evidence requirement; list of types of sufficient evidence; hiding assets from the IRS); <u>United States v. Lovett</u>, 964 F.2d 1029, 1036 (10th Cir.), <u>cert. denied</u>, 506 U.S. 857 (1992)("convoluted series of financial transactions"; misleading statements regarding the proceeds' nature or source); <u>United States v. Edgmon</u>, 952 F.2d 1206, 1210-11 (10th Cir. 1991), <u>cert. denied</u>, 505 U.S. 1223 (1992)(using a third party).

Proposed Instruction

**"Willful Blindness" As a Way of
Satisfying "Knowingly" Requirement**

In deciding whether the defendant Catherine Bucci acted knowingly, you may infer that Mrs. Bucci had knowledge of a fact if you find that she deliberately closed her eyes to a fact that otherwise would have been obvious to her.  In order to infer knowledge, you must find that two things have been established. First, that Catherine Bucci was aware of a high probability that the financial transactions she conducted or attempted to conduct involved property constituting the proceeds of specified unlawful activity, to wit, the sale of controlled substances.  Second, that Catherine Bucci consciously and deliberately avoided learning of that fact.  That is to say, Catherine Bucci willfully made herself blind to that fact.  It is entirely up to you to determine whether she deliberately closed her eyes to the fact and, if so, what inference, if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.


First Circuit Pattern Jury Instructions 2.14; United States v. Gabriele, 63 F.3d 61, 66 (1st Cir.1995) (willful blindness instruction is warranted if (1) the defendant claims a lack of knowledge; (2) the evidence would support an inference that the defendant consciously engaged ina course of deliberate ignorance; and (3) the , as a whole, could not lead the jury to conclude that an inference of knowledge was mandatory).

**Proposed Instruction**

**Avoiding Transaction Reporting Requirements**

As I stated earlier, the third element which the government must prove beyond a reasonable doubt is, <u>either</u>, that the defendant acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity, namely drug distribution, <u>or</u>, the defendant engaged in the financial transaction for the purpose of avoiding a transaction reporting requirement under state or federal law.

The federal money laundering statute prohibits structuring a transaction to avoid reporting requirements. It is against federal law to structure transactions for the purpose of evading the reporting requirements. In order to establish a violation of the structuring aspect of the federal money laundering statute, the government must prove the following things beyond a reasonable doubt:

First, the defendant structured or assisted in structuring, or attempted to structure or assist in structuring, a transaction with one or more domestic financial institutions; and

Second, the defendant did so with the purpose of evading the reporting requirements of federal law affecting the transactions.

Federal law requires that transactions in currency of more than $10,000 be reported by a financial institution to the Internal Revenue Service.

64

A deposit into a commercial bank or trust company or a credit union is a financial transaction.

**Proposed Instruction**

**Money Laundering**
**18 U.S.C. §1957**

The defendant Sean Bucci is charged in Counts Five and Six with money laundering in violation 18 U.S.C. §1957. Title 18, United States Code, Section 1957, makes it a Federal crime or offense for anyone to engage in certain kinds of financial transactions commonly known as money laundering. In order to prove a violation of 18 U.S.C. §1957, the government must prove the following three elements beyond a reasonable doubt:

First, that the defendant engaged or attempted to engage in a monetary transaction with a value of more than $10,000;

Second, that the defendant knew that the property involved in the transaction had been derived from some form of criminal activity;

Third, that the property involved in the transaction was actually derived from specified unlawful activity.

Money Laundering Federal Prosecution Manual Chapter Three, United States Department of Justice, 1994, p. R82; Sand, Modern Federal Jury Instructions, ¶50A.06, at 50A-19 (1996); United States v. Sokolow, 91 F.3d 396, 408 (1st Cir. 1996), cert. denied, 117 S.Ct. 960 (1997).

66

**Proposed Instruction**
**First Element - Monetary Transaction**

To satisfy the first element, the government must prove that the defendant knowingly engaged in, or attempted to engage in, a monetary transaction involving property of a value greater than $10,000.

A monetary transaction is the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds by, through or to a financial institution.  The term "financial institution" means , among other things, a commercial bank or trust company or any credit union.

Thus, the transaction must involve three things:

First, it must be in, or have some minimal relationship to, interstate commerce.

Second, it must be by, through, or to a financial institution.  For example, drawing a check on a bank account would satisfy this requirement.

Third, the property involved must have a value greater than $10,000.  Although the government must prove that at least $10,000 of the property at issue was criminally-derived property, the government does not have to prove that *all* of the property at issue was criminally-derived.[13]

---

[13]  **ANNOTATIONS AND COMMENTS**

18 U.S.C. §1957(a) and (d) provide:

67

18 U.S.C. §1957(f)(1) (definition of monetary transaction); Sand, Modern Federal Jury Instructions, ¶50A.06, at 50A-20 (1996) (same); Money Laundering Federal Prosecution Manual Chapter Three, United States Department of Justice, 1994, p. R82 ($10,000 requirement and financial institution requirement); United States v. Aramony, 88 F.3d 1369 (4th Cir. 1996), cert. denied, 117 S.Ct. 1842 (1997)(interstate commerce requirement).

--------

(a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

(d) The circumstances referred to in subsection (a) are:

(1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States; or

(2) that the offense under this section takes place outside the United States and such special jurisdiction, but the defendant is a United States person (as defined in section 3077 of this title, but excluding the class described in paragraph (2)(D) of such section).

Proposed Instruction

## Second Element - Knowledge of Involvement of Criminally Derived Property

To prove the second element, the government must show that the defendant knew that the money involved in the transaction was criminally derived property.

Criminally derived property includes funds that are the proceeds of criminal activity or funds derived from the proceeds of criminal activity.  This means that the funds must have been obtained from some previous, separate criminal action.

The government is only required to show that the defendant knew that the funds were derived from *some* form of criminal activity.  It does not have to prove that the defendant knew what particular type of criminal act produced the funds.

18 U.S.C. §1957(f)(2) (defining criminally derived property); United States v. Savage, 67 F.3d 1435 (9th Cir. 1995), cert. denied, 116 S.Ct. 964 (1996)(same); United States Department of Justice, Money Laundering Federal Prosecution Manual Chapter Three, 1994, p. R84 (no requirement that the defendant know what particular crime produced the funds); Sand, Modern Federal Jury Instructions, ¶50A.06, at 50A-20, 50A-21, 50-22 (1996).

69

**Proposed Instruction**
**Second Element - Actual Knowledge**

In order to prove the element of knowledge, the government must show that the defendant actually knew that the property was derived from criminal activity.  It is not sufficient for the government to show that the defendant might have known or should have known.

United States v. Gabriele, 63 F.3d 61, 66 (1st Cir. 1995); United States v. Sokolow, 91 F.3d 396, 410 (3d Cir. 1996), cert. denied, 117 S.Ct. 960 (1997).

70

**Proposed Instruction**

**Second Element - Manner of Proof of Actual Knowledge -
Circumstantial Evidence**

In determining whether the defendant knew that the funds
were derived from criminal activity, the jury must make a
decision about the defendant's state of mind at the time of the
transaction.  It is impossible to prove this directly, because
the jury can not look into the defendant's mind.  Therefore, you
may rely on circumstantial evidence in making this determination.
You should consider all the facts and circumstances shown in the
evidence in order to infer with a reasonable degree of accuracy
what the defendant's state of mind was.

One of the circumstances you may consider is whether the
defendant and others committed the acts from which the funds were
derived.  If they did so, you may, but are not required to, infer
that they knew that the funds were derived from criminal
activity.

Sand, Modern Federal Jury Instructions, 48-28 (1996)(by analogy);
United States v. Lombardi, 5 F.3d 568 (1st Cir. 1993) (knowledge
inferred from commission of criminal act producing funds).

71

**Proposed Instruction**
**Second Element - No Willfulness Requirement**

The government is not required to prove that the defendant knew that the transaction involving criminally derived property was itself an illegal act.  In other words, although the defendant must know that the funds were the result of criminal acts, the law does not require that he be aware that the transaction involving those funds is a separate illegal act in order to be found guilty.

United States v. Sokolow, 91 F.3d 396, 408-09 (3d Cir. 1996), cert. denied, 117 S.Ct. 960 (1997) (18 U.S.C. §1957 contains no willfulness requirement); United States v. Gabriele, 63 F.3d 61, 66 n.5 (1st Cir. 1995)(same (dicta).

**Proposed Instruction**
**Third Element - Specified Unlawful Activity**

To prove the third element of the offense, the government must show that the funds involved in the transactions were actually derived from specified criminal activity, here, the sale of controlled substances, marijuana.

**Proposed Instruction**

**Method of Proof of Derivation from Specified Criminal Activity**

In determining whether the funds involved in the transaction were derived from specified criminal activity, you may consider circumstantial evidence insofar as it would support common sense inferences based on the realities of human experience.

United States v. Saccoccia, 58 F.3d 754, 782 (1st Cir. 1995), cert. denied, 116 S.Ct. 1322 (1996)(citing United States v. Ingraham, 832 F.2d 229 (1st Cir. 1987)).

**Proposed Instruction**

**Specified Criminal Activity - No Knowledge Requirement**

As already mentioned, the government must prove beyond a reasonable doubt that the defendant knew that the funds involved in the transaction were derived from criminal activity.

However, the government does not need to show that the defendant knew that the funds were derived from any of the offenses that qualify as specified criminal activity.  All that is required is knowledge that the funds were produced by some form of unlawful action.


18 U.S.C. §1957(c); <u>United States v. Gabriele</u>, 63 F.3d 61, 65 (1st Cir. 1995); <u>United States v. Lombardi</u>, 5 F.3d 568, 570 n.3 (1st Cir. 1993); <u>United States v. Isabel</u>, 945 F.2d 1193, 1202 (1st Cir. 1991).

**Proposed Instruction**

**Structuring Currency Transactions**
31 U.S.C. 5324

The defendant Sean Bucci is charge in Counts Seven through Thirteen with violating section 5324 of Title 31 of the United States Code by structuring currency transactions with one or more financial institutions for the purpose of evading the reporting requirements of section 5313(a) of Title 31, which applies to certain currency transactions as I will define them.

Section 5324(a), the statute referred to in the indictment provides that

> No person shall for the purpose of evading the reporting requirements of section 5313(a) ... or any regulation prescribed under [that section]
>
> (3) structure or assist in structuring ... any transaction with one or more domestic financial institutions

Section 5324(d) provides that whoever violates this section shall be guilty of a crime.

3  Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-19, p. 50B-26.

76

**Proposed Instruction**

**Structuring Currency transactions**
<u>Elements of the Offense</u>

In order to prove the crime of structuring a currency transaction, the government must prove beyond a reasonable doubt each of the following three elements:

First, that the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000.

Second, that the defendant engaged or assisted in the structuring of a currency transaction with one or more domestic financial institution.

Third, that the defendant acted with the intent to evade the reporting requirement.

If you find that the government has proven these three elements as to any of the currency transaction structuring counts alleged in the indictment, then you must decide, beyond a reasonable doubt, whether he did so while violating another law of the United States.

3  <u>Mod</u>. <u>Fed</u>. <u>Jury</u> <u>Instructions</u>, ¶50B.05, Instruction No. 50B-20, p. 50B-28.

77

**Proposed Instruction**

**Knowledge of Reporting Requirement**

The first element that the government must prove beyond a reasonable doubt is that at the time the transactions described in the Indictment occurred, the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000.

A financial institution is defined in the statute as an insured bank, as defined in section 3(h) of the Federal Deposit Insurance Act;

Under section 5313, a financial institution is required to file a report with the federal government any time that it is involved in a transaction involving $10,000 or more in United States currency.  This is known as a currency transaction report, or CTR.

In order to satisfy this element the government must prove that the defendant knew that the financial institution involved would be required to file a CTR for any currency transaction involving $10,000 or more.

The question of whether a person acted with knowledge is a question of fact for you to determine, like any other fact question.  Direct proof of knowledge is not always available, and such proof is not required.  The ultimate fact of whether someone knew something at a particular time, though subjective, may be

78

established by circumstantial evidence, based upon a person's
outward manifestations, his words, his conduct, his acts, and all
the surrounding circumstances disclosed by the evidence and the
rational or logical inferences that may be drawn from them.

3 Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-21,
p. 50B-31.

**Proposed Instruction**

**Structuring Transactions**

The second element the government must prove beyond a reasonable doubt is that the defendant engaged or assisted in the structuring of a currency transaction.

A currency transaction is any financial transaction which includes the physical transfer of currency.  For example, taking a check to the bank and cashing it is a currency transaction, but depositing the check in a bank account is not.  As I instructed you before, engaging in a currency transaction in an amount greater than $10,000 requires the financial institution to file a currency transaction report.

Structuring of a transaction occurs when a person, acting alone or with others, conducts or attempts to conduct one or more currency transactions, in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirement I have described.  Structuring includes, but is not limited to, writing more than one check, each in an amount less than $10,000, and then cashing each of these checks in order to avoid the reporting requirement.  The transactions need not exceed $10,000 at any single financial institution, or on any single day, in order to constitute structuring.

3  Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-22, p. 50B-35.

80

**Proposed Instruction**

**Intent to Evade Reporting Requirement**

The third element the government must prove beyond a reasonable doubt is that the defendant engaged in structuring with the intent to evade the reporting requirement.

A person acts intentionally when he acts deliberately and purposefully. The defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

Direct proof of a defendant's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestation, his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them.

3  Mod. Fed. Jury Instructions, ¶50B.05, Instruction No. 50B-23, p. 50B-37.

81

**Proposed Instruction**

**Income Tax Evasion**
26 U.S.C. § 7201

Defendant Sean Bucci is charged with in Counts Fourteen through Seventeen with income tax evasion. For you to find Mr. Bucci guilty of this crime, the government must prove the following things beyond a reasonable doubt with respect to each of those counts.

First, that Mr. Bucci had a tax due and owing;

Second, that the Mr. Bucci intended to evade or defeat the assessment or payment of this tax; and

Third, that Mr. Bucci willfully committed an affirmative act in furtherance of this intent.

A person may not be convicted of federal tax evasion on the basis of a willful omission alone; he also must have undertaken an affirmative act of evasion. The affirmative act requirement can be met by the filing of a false or fraudulent tax return or by other affirmative acts of concealment such as concealing assets, handling affairs so as to avoid keeping records, using nominee bank accounts, and so forth.

A defendant acted "willfully" if the law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated that duty. Thus, if a defendant acted in good faith, he cannot be guilty of this crime.  The burden to prove intent, as

82

with all other elements of the crime, rests with the government.
This is a subjective standard: what did each defendant honestly
believe, not what a reasonable person should have believed.
Negligence, even gross negligence, is not enough to meet the
"willful" requirement.

First Circuit Pattern Jury Instruction 4.25.

**Proposed Instruction**

**Tax Due and Owing**

The government must prove beyond a reasonable doubt that Sean Bucci owed substantially more federal income tax to the United States than he reported.  Counts Fourteen through Seventeen each charge tax evasion with respect to a particular tax year.  Count Fourteen charges tax evasion for the tax year 1999, that is January 1, 1999, through December 31, 1999.  Count Fifteen charges tax evasion for the year 2000.  Count Sixteen charges tax evasion for the year 2001.  Count Seventeen charges tax evasion for the year 2002.

The government does not have to prove the exact amount of the tax alleged in the indictment to be due and owing.  Nor does the government have to prove that all of the taxes charged in Counts Fourteen through Seventeen were evaded.  The issue is whether the taxes due and owing each year are a substantial amount compared to what was reported.  A tax deficiency exists from the date a return is due to be filed, which is April 15 of the following year.  So, for example, a tax deficiency for tax year 1999 exists from April 15, 2000.

The issue of whether the income taxes due and owing are substantial is not a question of a minimum amount of money owed, but rather turns on whether the income taxes owed are substantial in comparison to the income taxes actually paid.

84

26 U.S.C. Section 7201, <u>United States v. Johnson</u>, 319 U.S. 503, 517-18 (1943) (government need not prove exact amount of unreported income); <u>United States v. Citron</u>, 783 F.2d 307, 315 (2d Cir. 1986) (government need not prove exact amount of tax due and owing, just that it was substantial).

**Proposed Instruction**

**Expert Witness**

You have heard expert testimony from certain witnesses regarding the significance of certain evidence.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions or reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept a witness' testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.


L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶7-21 (1990).  <u>E.g.</u>, <u>United States v. Castiello</u>, 915 F.2d 1, 4-5 (1st Cir. 1990) (DEA agent's testimony regarding meaningfulness of defendant's tape-recorded statements about prices helpful to jury and therefore proper); <u>United States v. Anguilo</u>, 847 F.2d 956, 975 (1st Cir. 1988) ("expert testimony of law enforcement officials concerning practices of those engaged in organized criminal activity ... is often helpful to the fact finder"),

86

cert. denied, 109 S. Ct. 314 (1989); United States v. Hoffman, 832 F.2d 1299, 1310 (1st Cir. 1987) (DEA agent may provide expert testimony regarding meaning of words used by drug traffickers when cryptically referring to cocaine); United States v. Hensel, 699 F.2d 18, 38 (1st Cir.) (DEA agent's testimony regarding methods of drug smugglers may assist trier of facts, citing, among other cases, United States v. Golden, 532 F.2d 1244, 1247-48 (9th Cir.) (DEA agent testifies about the price of drugs), cert. denied, 461 U.S. 958 (1983); United States v. Pugliese, 712 F.2d 1574, 1581-1582 (2nd Cir. 1983) (quantity and purity and cost of heroin used by addicts on street assisted jury in understanding the magnitude of a purchase of one ounce of heroin with the purity of 90 percent and thereby shed light on defendants' intent).

**Proposed Instruction**

**Submitting the Indictment**

I am sending a copy of the indictment into the jury room for you to have during your deliberations.  You may use it to read the crime which the defendant is charged with committing.  You are reminded, however, that the indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶9-4 (1990)

88

**Proposed Instruction**

**Punishment**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §9-1 (1990).

89

**Proposed Instruction**
**Foreperson's Role; Unanimity**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

90

**Proposed Instruction**

**Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

91

## Proposed Instruction

## Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own

92

conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## Return of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

94

## Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.