UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES ) | Case No: 03-CR-10220-MEL |
| ) | |
| v. ) | |
| ) | |
| CATHERINE BUCCI ) | |

DEFENDANTS REQUEST FOR JURY INSTRUCTIONS

Defendant joins all requests submitted by the co-defendant Sean Bucci, and respectfully request in addition the following:

MONEY LAUNDERING

To prove "money laundering" the government must establish each of these elements beyond a reasonable doubt:

(1) the defendant engaged, or attempted to engage, in a monetary transaction with a value of more than $10,000;

(2) the defendant knew that the property involved in the transaction had been derived from some form of criminal activity; and

(3) the property involved in the transaction was actually derived from specified unlawful activity;

(4) the intention was to conceal and disguise the location source and ownership or control of the proceeds. See, United States v. Cruzado-Laureano, 404 F.3d 470, 483 (1st Cir. 2005).

In this instance, the government has specified in the indictment that the crime in question is "to wit the distribution of marijuana as alleged in counts I an II."

1

Therefore, in this case, the government must prove beyond a reasonable doubt that the funds Ms. Bucci used to buy the properties in question were in fact the funds Sean Bucci derived from his alleged marijuana distribution, and, that Ms Bucci knew this beyond a reasonable doubt.

U.S. v. Cota, 953 F.2d 753, (2d. Cir. 1992) See also, United States v. Morales-Rodriguez, 467 F.3d 1, 12 (1st Cir. 2006); United States v. Valladares-Quintana, 1998 U.S. App. LEXIS 18152, 12 (1st Cir. 1998).

## MONEY LAUNDERING: KNOWLEDGE

The knowledge requirement under 18 U.S.C. § 1956 is twofold: the government must demonstrate (i) that the defendant knew that the funds involved in the financial transaction were the proceeds of some unlawful activity; and (ii) that she knew the transaction itself was "designed in whole or in part to conceal the nature, location, source, ownership, or control of the proceeds of such unlawful activity." United States v. Frigerio-Migiano, 254 F.3d 30, 33-34 (1st Cir. 2001) See also, United States v. Corchado-Peralta, 318 F.3d 255, 258 (1st Cir 2003); See also United States v. Rivera-Rodriguez, 318 F.3d 268 (1st Cir 2003).

In other words, even if the government proves that Ms. Bucci knew the funds were the proceeds of the alleged marijuana distribution, she can not be convicted unless the government proves that Ms. Bucci knew the intention was to conceal the nature, location, source, ownership, or control of the proceeds of such unlawful activity

Where the defendant is someone other than the source of the illegal proceeds, the government must prove that the defendant knew the source's intent in the transaction." United States v. Martinez-Medina, 279 F.3d 105, 115 (1st Cir. 2002), United States v. Campbell, 977

F.2d 854, 857-58 (4th Cir. 1992); See also United States v. Frigerio-Migiano, 254 F.3d 30, 33 (1st Cir. 2001). In other words, the government must prove beyond a reasonable doubt all of the elements of money laundering I described above against Mr. Bucci, and that Mrs. Bucci knew that such criminal money laundering was Mr. Bucci's specific intent. Id.

## CONSPIRACY

To prove conspiracy, the government must establish:

(1)   that the defendant agreed with at least one other person to commit an offense;

(2)   [that] the defendant knowingly participated in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and

(3)   that during the existence of the conspiracy, at least one of the overt acts set forth in the indictment was committed by one or more of the members of the conspiracy . . . United States v. Salameh, 152 F.3d 88, 145 (2d Cir. 1998), cert. denied, 525 U.S. 1112 (1999). Although the government may prove its existence by circumstantial evidence, it can only do so if the evidence establishes beyond a reasonable doubt the defendants' knowledge of "the essential nature of the plan and their connections with it," Blumenthal v. United States, 332 U.S. 539, 557, 92 L. Ed. 154, 68 S. Ct. 248 (1947). United States v. Cassiere, 4 F.3d 1006 , 1016 (1st Cir 1993).

## CONSPIRACY   NATURE OF AGREEMENT

The essence of conspiracy is the agreement.   . .'" Iannelli v. United States, 420 U.S. 770,

777, 43 L. Ed. 2d 616, 95 S. Ct. 1284 (1975), United States v. Moran, 984 F.2d 1299, 1300 (1st Cir 1993); United States v. Benevides, 985 F.2d 629, 633 (1st Cir 1993) Commonwealth v. DeCillis, 41 Mass.App.Ct. 312, 314 (1996) See Commonwealth v. Beneficial Fin. Co., 360 Mass. 188 (1971). The unlawful agreement constitutes the "gist of the offence..." Commonwealth v. Costa, 55 Mass. App. Ct. 901 (2002)  . . . .'" citing Commonwealth v. Benson, 389 Mass. 473, 479, 451 N.E.2d 118, cert. denied, 464 U.S. 915, 78 L. Ed. 2d 257, 104 S. Ct. 278 (1983), quoting from Commonwealth v. Dyer, 243 Mass. 472, 483, 138 N.E. 296 (1922), cert. denied, 262 U.S. 751, 67 L. Ed. 1214, 43 S. Ct. 700 (1923).  quoting Commonwealth v. Hunt, 4 Met. 111, 123-125.   See also Commonwealth v. Fidler, 23 Mass. App. Ct. 506, 513, 503 N.E.2d 1302 (1987) The elements of conspiracy are "a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose . . . .  The "agreement that must be shown to prove a conspiracy is a meeting of the minds of the conspirators separate and distinct from and prior to the common intent that is implicit  in the commission of the substantive crime. "Commonwealth v. Costa, 55 Mass. App. Ct. 901 (2002)   In order to join in a conspiracy, one must adopt its goals and adhere to its purposes. United States v. Stein, 233 F.3d 6 (1st Cir. 2000).

    A joint venture is unlike a conspiracy, where the agreement that must be shown is a meeting of the minds of the conspirators separate and distinct from and prior to the common intent that is implicit in the commission of a substantive crime. Commonwealth v. Battista, 53 Mass. App. Ct. 642, 646 (2002).

    Thus, even if you find that Ms. Bucci did in fact launder money, you must still acquit unless the government has proven to you the specific agreement to conspire with Sean Bucci for

all of the purposes required by the money laundering statute.

        Respectfully Submitted,
        CATHERINE BUCCI,
        By her attorney,

        /s/ Robert S. Sinsheimer
        B.B.O No. 464940
        Denner Pellegrino, LLP
        4 Longfellow Place, 35th Floor
        Boston, MA 02114
        617-722-9954

Dated: January 19, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 19, 2007.

        /s/ Robert S. Sinsheimer