```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )     Cr. No. 03-10220 MEL
     v.                        )
                               )
                               )
CATHERINE BUCCI,               )
     Defendant.                )
```

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO EXCLUDE POTENTIAL "404(b)" EVIDENCE

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U.S. Attorney Peter K. Levitt and Department of Justice Trial Attorney, John P. McAdams, hereby responds to defendant Catherine Bucci's Motion to Exclude Potential "404(b)" Evidence. For the reasons set forth below, the motion should be denied.

BACKGROUND

Defendant Catherine Bucci moves the Court to exclude evidence that she may have committed mortgage fraud when applying for a loan (Def. Motion at 1.). Defendant does not further specify the evidence she seeks to exclude. However, the Indictment alleges several acts by Catherine Bucci, which, although not charged as such, might be evidence of mortgage fraud. Catherine Bucci is charged in Count Four with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. 1956 (a)(1). Paragraphs 12, 13, 19, and 20 of the Second Superceding Indictment allege conduct by Catherine Bucci would might be

1

evidence of mortgage fraud.  This conduct includes the making of numerous materially false statements on loan and refinance applications in order to secure a mortgage for the benefit of Sean Bucci.  The Government submits that the evidence is intrinsic evidence of intent, and therefore not "404(b)" evidence.

Moreover, to the extent that the mortgage fraud evidence is considered under Rule 404(b), it is relevant to the issue of intent, knowledge and lack of mistake, and allowing such evidence would not be unfairly prejudicial to the defendant.

ARGUMENT

1. <u>The Mortgage Fraud Evidence Is Intrinsic.</u>

By its terms, Rule 404(b) excludes only extrinsic evidence i.e, "evidence of *other* crimes, wrongs, or acts" where the probative value of the evidence is limited to the inference of "criminal propensity." <u>United States v. Trinkler</u>, 61 F.3d 45, 56 (1st Cir. 1995)[1].  Defendant cites no rule of law for the proposition that the fact that these false statements may also constitute evidence of mortgage fraud somehow renders them

---

[1] Rule 404(b) of the Federal Rules of Evidence provides in pertinent part that:
> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, . . . .

2

inadmissable.  Circumstantial evidence "intrinsic" to the crime for which the defendant is on trial is simply not governed by Rule 404(b).  United States v. Tutiven, 40 F.3d 1 (1st cir. 1994); See also United States v. Peters, 283 F.3d 300, 313 (5th Cir.), cert. denied, 536 U.S. 934 (2002), (defendant's prior cocaine transactions were part of the "story of the crime," since they demonstrated defendant's knowledge and involvement in charged drug conspiracy, and therefore, were admissible);  see also United States v. DeLuna, 763 F.2d 897, 913 (8th Cir.1985) ("Evidence which is probative of the crime charged, and not solely uncharged crimes, is not 'other crimes' evidence. Further, where the evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated.") (citations omitted).

An act is intrinsic to the charged offense if the act arose out of the same series of transactions as the charged offense, even if occurred outside the time period of the crime charged, United States v. Loayza, 107 F.3d 257, 263-64 (4th Cir. 1997); United States v. Gonzales, 110 F.3d 936, 942 (2d Cir. 2000). Intrinsic evidence "is admitted if it contributes to an understanding of the event in question, even if it reveals crimes other than those charged . . .[a]ll circuits adopt this view."  2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal

Evidence, § 404.20[2][c] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997). Catherine Bucci's false statements on loan documents directly contribute to an understanding of "the events[s] in question." Thus, the mortgage fraud evidence should not be subject to a Rule 404(b) analysis since it is intrinsic.

   2.   The Mortgage Fraud Evidence is Admissible Under 404(b) Analysis

Even if the Court concludes that the evidence of mortgage fraud by Catherine Bucci is not intrinsic to the conspiracy alleged, it is still admissible under 404(b) as "other crimes, wrongs, or acts" probative of motive, intent, plan, and knowledge. See United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) (evidence of defendant's prior drug dealing "highly probative of the knowledge and intent elements" of drug charge).

In Huddleston v. United States, the Supreme Court defined the limits of Rule 404(b) and held that to determine whether evidence is admissible under the rule, the trial court must determine whether the evidence is probative of a material issue other than character. 485 U.S. 685, 686 (1988). The evidence of Catherine Bucci's false statements is admissible because it: (1) has "special relevance" in establishing intent and knowledge, and (2) its probative value is not substantially outweighed by the risk of undue prejudice. United States v. Hadfield, 918 F.2d

4

987, 994 (1st Cir. 1990).

Rule 404(b) evidence is deemed to have special relevance if the evidence "would allow a juror to make at least one inference probative" of a material issue. United States v. Nickens, 955 F.2d 112, 124-125 (1st Cir. 1992) (citations omitted). In Nickens, the Court of Appeals affirmed the admission of the defendant's prior narcotics convictions, concluding that a reasonable jury could have inferred that the defendant's prior experience selling cocaine made it more likely that he knew how drug traffickers operate, and therefore less likely that he had been duped by two friendly young men who, according to the defendant, had planted drugs in his suitcase. Id. See also United States v. Moccia, 681 F.2d 61, 63 (1st Cir. 1982) (jury can "infer that one who lives on a farm with marijuana in the freezer room and under the chicken coop and has a prior possession conviction is more likely to know about the presence of marijuana than one who lives on such a farm and does not have a past possession conviction"); United States v. Carty, 993 F.2d 1005, 1011 (1st Cir. 1993) (affirming admission of "bad act" evidence because it "permitted at least one relevant non-propensity and non-character based inference") (citation omitted).

In this case, evidence that Catherine Bucci provided false statements on loan applications and concealed the source of funds

used as down payment is clearly relevant to the issue of her knowledge and intent.  Moreover, issues of knowledge and intent are often combined.  See Scarfo, United States v. Robichaux, 995 F.2d 565, 568 (5th Cir. 1993) (other acts evidence admissible when defendant claimed he did not know what was going on).  It is anticipated that the defendant will claim she did not know her son Sean Bucci sold controlled substances and therefore she lacked the intent to evade to commit money laundering when she executed loan documents.  Evidence that she lied on such documents is clearly probative of her knowledge and intent.

    3.    <u>The evidence is not overly prejudicial.</u>

The defendant has not shown why the evidence with respect to mortgage fraud is overly prejudicial.  There is no showing that the evidence is so unfairly prejudicial that it would have the tendency to elicit an emotional response in the jury.  See United States v. Buckner, 91 F.3d 34, 37 (7th Cir. 1996)("the prejudicial effect of the offered evidence must *substantially* outweigh its probative value")(emphasis in original).  Additionally, any potential prejudice can be substantially minimized by a limiting jury instruction.  See Estelle v. McGuire, 502 U.S. 62, 74-75 (1991); see also United States v. Johnson, 970 F.2d 907, 912-13 (D.C. Cir. 1992) (appropriate limiting instruction removes prejudice).  Finally, if the Defendant chooses to testify, the government may attack her

6

credibility as a witness, and this evidence is then admissible as evidence of her deceitfulness.  See Fed. R. Evid. 608(a).

### CONCLUSION

Wherefore, for the reasons stated above, the United States respectfully submits the Defendant's Motion to Exclude Potential "404(b)" Evidence should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN,

United States Attorney,

By:    s/John P. McAdams
     JOHN P. McADAMS
     Trial Attorney, DOJ
     PETER K. LEVITT
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA
     617-748-3100

January 22, 2007