```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )     Cr. No. 03-10220 MEL
     v.                        )
                               )
1.   SEAN BUCCI,               )
3.   DARREN MARTIN, and        )
4.   CATHERINE BUCCI,          )
        Defendants.            )
```

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
CERTAIN TESTIMONY OF WILLIAM BUCCI**

By letter dated January 17, 2007 (the "January 17 Letter"), defendant Catherine Bucci (the "defendant"), noticed the government of her intention to introduce the testimony of her husband William Bucci. The government hereby movies, *in limine*, for an order precluding the defendant from introducing the proposed testimony listed below.

The January 17 Letter states that William Bucci will "testify that he attended a meeting among the case agents, AUSA Wortmann, Catherine Bucci, and his former attorney where he was threatened with prosecution if he and his wife did not turn on their son Sean." January 17 Letter at 2. The proposed testimony is untrue, although this is beside the point of this motion.[1]

The point is that the proposed testimony has no relevance whatsoever to the issues in this case. That is, it has no

---

[1] In fact, the Bucci's were given the opportunity to come clean about their involvement in this matter and thereby avoid potential prosecution. They were not asked, and have never been asked, either directly or indirectly, to cooperate against their son.

"tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  See also United States v. Vallejo, 237 F.3d 1008, 1015 (9th Cir. 2001)("Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence.").

Does the proposed testimony make it more or less probable that Catherine Bucci was engaged in money laundering with her son Sean Bucci?  Does it make it more or less probable that she knew her son Sean was engaged in marijuana trafficking?  Does it make it more or less probable that she knowingly engaged in structuring cash transactions with her son Sean?  The answer to these questions is of course no.  See 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 (2)(a) (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case.").

So why is this evidence being proffered?  The answer is obvious.  It might make a juror feel sympathy for Catherine Bucci and vote to acquit on that ground.  It might make a juror want to "send the government a message" that it does not approve of its tactics and vote to acquit on that ground.

2

The proposed testimony serves no purpose other than to appeal to the sympathies or emotions of the jurors. As such, it is improper testimony and should be excluded. See United States v. Payne, 501 U.S. 808, 856-57 (1991) (Marshall, J., dissenting) ("Evidence that serves no purpose other than to appeal to the sympathies or emotions of the jurors has never been considered admissible.").

To the extent the Court derives some conceivable relevance to the proposed testimony, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, [or] waste of time." Fed.R.Evid. 403. See also United Stets v. D'Andrea, 107 F.3d 949, 953 (1st Cir. 1997) ("Unfairly prejudicial evidence is evidence . . . that 'triggers [the] mainsprings of human action [in such a way as to] cause the jury to base its decision on something other than the established proposition in the case.'") (quoting United States v. Currier, 836 F.2d 11, 18 (1st Cir. 1987) (quoting 1 Weinstein's Evidence § 403, 36-39 (1986)). Cf. Gumbs v. Pueblo International, Inc., 823 F.2d 768, 773 (3d Cir.1987) ("[A] jur[or] may not abandon analysis for sympathy for a suffering plaintiff and treat an injury as though it were a winning lottery ticket.").[2]

---

[2] Introduction of this testimony would raise the unfortunate prospect of a "mini-trial" on what was or was not said during this meeting, with lawyers and agents called to testify about

**CONCLUSION**

For the foregoing reasons, the government requests that its motions *in limine* be allowed.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN

                              United States Attorney

                    By:  /s PETER K. LEVITT
                              PETER K. LEVITT
                              Assistant U.S. Attorney
                              JOHN P. MCADAMS
                              Trial Attorney, DOJ
                              One Courthouse Way
                              Boston, MA 02210
                              (617)748-3100

Dated: January 23, 2007

---

their recollection of the meeting. This would create unnecessary delay and confusion, waste time, and potentially mislead the jury about the issues in the case.