```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )    Cr. No. 03-10220 MEL
      v.                      )
                              )
                              )
CATHERINE BUCCI,              )
      Defendant.              )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE (STATEMENTS THAT PARENTS KNEW)

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U.S. Attorney Peter K. Levitt and Department of Justice Trial Attorney, John P. McAdams, hereby opposes defendant Catherine Bucci's "Motion In Limine (Statements That Parents Knew)." For the reasons set forth below, the motion should be denied.

### SUMMARY OF THE ISSUE

Defendant Catherine Bucci moves the Court to prevent the Government from introducing evidence of any alleged statement made by Sean Bucci to the effect that his parents knew he dealt marijuana. Defendant argues that the statements should be excluded under Bruton v. United States, 391 U.S. 123 (1968), and its progeny. Defendant is wrong. The statements are admissions against interest of a co-conspirator made during and in furtherance of the conspiracy. As such, they are admissible against all conspirators under a firmly rooted exception to the hearsay rule pursuant to Fed. R. Ev. 801(d)(2).

ARGUMENT

Defendant Catherine Bucci claims that admission of Sean Bucci's statements that his parent knew he dealt marijuana "would be a crystal clear violation of Bruton v. U.S. and its progeny." Def. Motion at 1. Not so. The First Circuit has squarely ruled that "Bruton is inapplicable" to "statements by co-conspirators made during and in the furtherance of a criminal conspiracy." Grieco v. Meachum, 533 F.2d 713, 716 (1st Cir. 1971), overruled on other grounds by Maine v. Moulton, 474 U.S. 159 (1985). Such statements are "admissible against all conspirators as an exception to the hearsay rule." Id.

Unlike this case, Bruton dealt with a post-offense confession. The inculpatory statements were inadmissible hearsay with respect to the defendant. Bruton, 391 U.S. at 124, 135-136. In this case, however, Sean Bucci's statements were made to an unindicted co-conspirator, Genduso, during the pendency of and in furtherance of the conspiracy. The statements are admissible as co-conspirator statements made during and in furtherance of the conspiracy under Fed. R. Ev. 801(d)(2).

Statements falling within a firmly rooted hearsay exception do not violate the Sixth Amendment's Confrontation Clause. Ohio v. Roberts, 448 U.S. 56, 66 (1980). "Statements are not hearsay if they are offered against a party who conspired with the declarant, and if they are made during and in furtherance of the

2

conspiracy." United States v. Petrozziello, 548 F.2d 20, 22 (1st Cir. 1977). See also United States v. Felton, 417 F.3d 97, 103 (1st Cir. 2005)(no Confrontation Clause problem where co-conspirator statements fall within a firmly rooted hearsay exception); United States v. Arruda, 715 F.2d 671, 685, fn 11, (1st Cir. 1983)(no Bruton problem where statement falls within co-conspirator exception to hearsay rule).  As such, the statements are admissible against Catherine Bucci.

Defendant cites one case, United States v. Turner, – F.3d –, 2007 WL 64430 (11th Cir. 2007), in support of her Bruton challenge, arguing "similar facts, blatant Bruton error."  Def. Motion at 1.  The facts are not similar.  Turner, like Bruton, involved post-offense confessions.  The Turner case is irrelevant because Bruton is inapplicable to co-conspirator statements made in furtherance of the conspiracy.

"There is no talismanic formula for ascertaining when a conspirator's statements are in furtherance of the conspiracy." United States v. Fields, 871 F.2d 188, 194 (1st Cir., 1989), quoting United States v. Reyes, 798 F.2d 380, 384 (10th Cir. 1986).  "It is sufficient that the statements were intended to promote conspiratorial objectives."  Fields 871 F.2d at 194.  See also United States v. Kaplan, 832 F.2d 676, 685 (1st Cir. 1987); Reyes, 798 F.2d at 380.

Genduso was a co-conspirator of Sean Bucci and Catherine

Bucci. Sean Bucci's statement to her about his parents was made in furtherance of the conspiracy. During the period 2001 through June 2003, Genduso was living with Sean Bucci at 23 Marshall Street in North Reading, Massachusetts. Genduso was aware that Bucci sold marijuana. Genduso was also aware that the 23 Marshall Street property was Sean Bucci's but had been purchased in the name of his parents.

During that period, Sean Bucci directed Genduso to make cash deposits in increments of approximately $9,000. When Genduso asked Sean Bucci why the amount was $9,000, Sean Bucci explained that amounts over $10,000 were reported to the government. Genduso also wrote checks on Sean Bucci's behalf to pay for expenses related to the Marshall Street property.

During the same period, Sean Bucci distributed marijuana to Genduso. In addition, at some point during this period, Genduso sold hydroponic marijuana which had been distributed to her by Sean Bucci. At some point during this period, Genduso asked Sean Bucci whether his parents knew he sold marijuana. Sean Bucci responded words to the effect of "his parents knew he sold marijuana but didn't care."

In <u>United States v. Fields</u>, the First Circuit cited with approval several examples of similar statements found by various circuit courts to be in furtherance of the conspiracy. <u>United States v. Fields</u> 871 F.2d 188, 193-194, (1st Cir., 1989). Among

them were <u>United States v. Heinemann,</u> 801 F.2d 86, 95 (2nd Cir. 1986), which held statements persuading a co-conspirator to remain in the conspiracy to be in furtherance of the conspiracy. <u>Id.</u> at 194.  Also cited with approval by the First Circuit was <u>United States v. Rahme</u>, 813 F.2d 31 (2nd Cir. 1987), which upheld the admissibility of statements made to reassure a co-conspirator of the success of the conspiracy.  <u>Id.</u>

In the present case, Sean Bucci made statements to co-conspirator Genduso assuring her that fellow co-conspirators, including his mother Catherine Bucci, were aware of his drug dealing.  On its face, the statement reassured Genduso of the success of the conspiracy (i.e., it would not be exposed by his parents) and persuaded her to remain in the conspiracy (i.e., she need not worry about his parents).  Accordingly, the statements were made in furtherance of the conspiracy and are admissible against all conspirators under Fed. R. Ev. 801(d)(2).

CONCLUSION

Wherefore, for the reasons stated above, the United States respectfully submits the Defendant's "Motion in Limine (Statements That Parents Knew)" should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN,

United States Attorney,

By: __s/John P. McAdams_____
    JOHN P. McADAMS
    Trial Attorney, DOJ
    PETER K. LEVITT
    Assistant U.S. Attorney
    One Courthouse Way
    Boston, MA
    617-748-3100

January 24, 2007