UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | Case No: 03-CR-10020-MEL |
| v. | ) | |
| CATHERINE BUCCI | ) | |

**DEFENDANT CATHERINE BUCCI'S
MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION
TO EXCLUDE STATEMENTS THAT SHE "KNEW"**

STATEMENT OF FACTS

On January 15, 2007, Leigha Genduso met with the government to provide witness testimony related to the above-captioned case. On page 18 of the government's letter dated January 16, 2007, the government reports the following:

> "Ms. Genduso advised that she once asked Bucci (Sean Bucci) whether his parents knew that he sold marijuana for a living and he said that they knew and did not care."

> "Ms. Genduso also advised that, during the 2002-2003 period, she once asked Bucci why 23 Marshall Street was in the name of Catherine and William Bucci and Bucci explained that, if anything happens, they can't take my house."

> In addition, within the same government letter dated January 16th, 2007 the governments reports that Sean Bucci told Eric Carbone that "he bought the 23 Marshall Street house for $297,000".

Lastly, in a June 29, 2004 Memorandum of Interview with a Confidential Source (CS), the memo states that the CS asked Sean why he continued his marijuana dealings when he had assets to lose. The CS claims Sean responded that he had it covered because he put his house in his parents' names so no-one could trace it back to him.

1

These statements are inadmissible against Mrs. Bucci.

ARGUMENT

The above statements pose an obvious <u>Bruton</u> problem. They are statements allegedly made by a co-defendant which the government intends to use to incriminate Catherine Bucci. If admitted, they would place undue prejudice upon Mrs. Bucci.[1] Bruton held that the admission of a "powerfully incriminating extrajudicial statement" of a non-testifying co-defendant violates a defendant's Sixth Amendment right to confront and cross-examine an adverse witnesses. <u>Bruton v. U.S.</u> 391 U.S. 123, 135-36 (1968). A statement is "powerfully incriminating" under Bruton if it directly implicates the defendant. See <u>United States v. Beale</u>, 921 F.2d 1412, 1425 (11th Cir. 1991.) The First Circuit has recently re-iterated <u>Bruton</u>'s logic that although juries normally are presumed to follow instructions, the <u>Bruton</u> situation creates too great a risk that the jury either would not or could not segregate its reliance upon the inculpatory evidence only in relation to the co-defendant, and consequently that avoidance of any such jury confusion was "vital" ... <u>Furr v. Brady</u>, 440 F. 3rd 34, 37 (1st Cir. 2007) citing <u>Bruton</u>, supra at 123.

The statements are not an exception to <u>Bruton</u> under Federal Rule of Evidence 801(d)(2)(E) as the government seems to allege. Under 801(d)(2)(E), a statement may be admitted if (1) it is an admission by a party opponent; (2) is offered against a party; and (3) is a

---

[1] Of course, severance pursuant to the due process clause of the Fourth Amendment, and the Sixth Amendment's confrontation clause is another cure for obvious <u>Bruton</u> error. Had the <u>Bruton</u> material surfaced earlier, a severance motion would have been filed. At this juncture, neither Ms.. Bucci nor the undersigned have any desire to delay the proceedings further. Thus, it would require the case be severed under the

statement by a co-conspirator of a party during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E); United States v. Castellini, 392 F.3d 35, 37 (1st Cir. 2004); United States v. Piper, 298 F.3d 47, 54-55 (1st. Cir. 2002); United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir. 1977). The defendant's argument is based on part three (3) of this rule.

This rule however, can not be read to swallow Bruton's clear constitutional mandate.

I. ALL THE STATEMENTS SHOULD BE INADMISSIBLE BECAUSE THEY ARE MERELY NARRATIVE DECLARATIONS AND THUS NOT MADE TO "FURTHER THE ALLEGED CONSPIRACY"

The case against Ms. Bcci is circumstantial. The case against Sean Bucci is strong. The element of scienter is the government's most difficult hurdle in the case against Catherine.

In this context, for the jury to hear that Sean said in passing to his girlfriend that his mother "knew" he was a dealer is contrary to every known principal of confrontation. If believed, it destroys Ms. Bucci's defense. It can never be tested on cross-examination.[2]

Moreover, the alleged statement amounts to little more than "pillow talk. It was not made "in furtherance of the [alleged] conspiracy."

For the court to deem that the above statement was made "in furtherance of the conspiracy", the court must find that the statement "tends to promote one or more of the objects of the conspiracy." United States v. Flemmi, 402 F.3d 79, 94 (1st Cir. 2005); United States v. Piper, 298 F.3d 47, 54 (1st Cir. 2002) ( A statement is considered to be in furtherance of the conspiracy "as long as it can be said to advance the goals of the conspiracy in some way"); United States v. Eubanks, 591 F.2d 513, 520 (9th Cir. 1979). Merely narrative declarations are

---

[2] The undersigned assumes that Sean will not testify.

not admissible as declarations in furtherance of the conspiracy.  United States v. Heinemann, 801 F.2d 86, 95 (2d Cir. 1986); United States v. Eubanks, 591 F.2d at 520 (9th Cir. 1979)(citing United States v. James, 510 F.2d 546, 549 (5th Cir. 1975); United States v. Birnbaum, 337 F.2d 490, 495 (2d Cir. 1964); United States v. Goodman, 129 F.2d 1009, 1013 (2d Cir. 1942).

United States v. Turner, 2007 U.S. App. LEXIS 545 appears to be the most recent case on point.  In this case, decided less than three weeks ago, the parties were similarly situated. Ms. Turner was the girlfriend of a thief, one William Broxton.  One defendant was an alleged drug dealer.

Therein, the court held that the admission of similar statements was plain Bruton error. The conviction was upheld only because the error was harmless and had not been the subject of proper objection.

The government asserts, by citing United States v. Heinemann, 801 F.2d at 95, that Sean Bucci made this statement to Genduso to reassure her of the success of the conspiracy and to induce her continued assistance (i.e. that she need not worry about his parents).  However, Ms. Genduso was not indicted as a coconspirator.  The presumption is that she is not one.  For the government to assert the above, it must first prove by a preponderance of the evidence that Ms. Genduso is an unindicted coconspirator. See Fed. R. Evid. 801(d)(2)(E).

More important, Sean Bucci's alleged statement to Ms. Genduso about his parents' knowledge of his drug dealing does not in any way further any common objectives or advance the goals of the alleged conspiracy with his mother.  It is a merely narrative declaration inadmissible as a hearsay exception under Rule 801(d)(2)(E).

In <u>Heinemann</u>, the statements that made were "designed to induce the assistance" of a co-conspirator, (i.e. "reassure" a co-conspirator) were detailed. The persons in question discussed the means of overcoming the tax liabilities that were posing obstacles in achieving the goals of the conspiracy. <u>United States v. Heinemann</u>, 801 F.2d at 95-96. The statements included a thorough discussion of purchasing a particular church. <u>Id.</u> at 96. The court reasoned that these details make it clear that the "essence of this conversation involved an attempt to convince [a coconspirator] to continue and deepen his participation" in the conspiracy. <u>Id.</u>

Ms. Genduso's statement is a "blanket" narrative statement, void of any detail. Thus it is inadmissible. There are no facts to assert that Ms. Genduso's alleged question to Sean Bucci about his parents knowledge of his drug dealing stemmed from her uncertainty about staying involved in the conspiracy.

Furthermore, all the statements mentioned above that involve discussion of the 23 Marshall Street house should be inadmissible. They too are merely narrative declarations that are inadmissible under Rule 801(d)(2)(E). <u>United States v. Heinemann</u>, 801 F.2d 86, 95 (2d Cir. 1986); United <u>States v. Eubanks</u>, 591 F.2d at 520 (9th Cir. 1979)(citing <u>United States v. James</u>, 510 F.2d 546, 549 (5th Cir. 1975); <u>United States v. Birnbaum</u>, 337 F.2d 490, 495 (2d Cir. 1964); <u>United States v. Goodman</u>, 129 F.2d 1009, 1013 (2d Cir. 1942). The statements about the house were made by Sean Bucci in passing, during recreational conversation. The fact that Sean casually stated to Eric Carbone, Ms. Genduso, or the CS that "his house" was in his parents' name has nothing to do with furthering any objectives of the alleged conspiracy and thus are inadmissible. The statements were not meant to induce and clearly would not have induced Mr. Carbone or the CS to cease whatever involvement they had in the dealing or purchasing of

marijuana. See discussion of <u>Heinemann</u> *supra* (where statements were a hearsay exception because they were made to induce further assistance in the conspiracy). A mere narrative declaration in casual conversation does not fall under the 801(d)(2)(E) exception to <u>Bruton</u>.

## CONCLUSION

For the reasons stated above, Defendant Catherine Bucci, requests that this Honorable Court exclude the above four witness statements.

Respectfully Submitted,
CATHERINE BUCCI,
By her attorney,

/s/ Robert S. Sinsheimer
B.B.O No. 464940
Denner Pellegrino, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114
617-722-9954

Dated: January 29, 2007

### Certificate of Service

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 29, 2007.

/s/ Robert S. Sinsheimer