UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | Case No: 03-CR-10220-MEL |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CATHERINE BUCCI | ) |  |

## MOTION TO EXCLUDE AGENT HARRIMAN'S OPINIONS

Pursuant to Fed. R. Evid. 701, 702, 403 and all other constitutional principles of due process, the defendant Catherine Bucci respectfully requests this Honorable court to prevent the government from introducing statements to the effect that certain transactions were "structured," and that such structure is intended to evade the currency reporting requirements.

In support thereof the defendant states:

The government has provided as "Jencks Act" materials, certain grand jury testimony of Agent Michael Harriman.

For the most part, Agent Harriman testifies as to facts of certain bank withdrawals and movements of funds.

However, Agent Harriman at other times stated that the transactions were "structured."

Elsewhere in the Grand Jury testimony, Harriman defined a "structured transaction" or a series of structured transactions as one intended to evade the currency reporting requirements.

If Agent Harriman is allowed to testify in this manner at trial, he will be invading the province of the jury. Oversimplified the question of Ms. Bucci's "mens rea," is really the only question before the jury. If Agent Harriman is allowed to give testimony that the transactions were "structured," and also allowed to testify as to his definition of "structured" transactions,

Agent Harriman will in effect be testifying that Ms. Bucci harbored criminal intent. This can not be allowed.

In the alternative, the defendant requests a full "Daubert" hearing. See generally, Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579 (1993). It is respectfully submitted that the court should fulfill its "gatekeeper" function before allowing Agent Harriman such latitude.

The type of financial testimony in question has been held to be subject to Daubert scrutiny. See e.g. U.S. v. Masferrer, 367 F. Supp. 2d. 1365 (S.D. Fla. 2006). Indeed, in Masferrer, a Daubert motion to strike such testimony was allowed where the alleged experts were highly credentialed in the financial services industry.

The defendant also asserts that even if the testimony passes Daubert's muster, it is highly prejudicial and should be excluded per Rule 403 alone.

Respectfully Submitted,

        CATHERINE BUCCI,
        By her attorney,

        /s/ Robert S. Sinsheimer
        B.B.O No. 464940
        Denner Pellegrino, LLP
        4 Longfellow Place, 35th Floor
        Boston, MA 02114
        617-722-9954

Dated: January 29, 2007

**Certificate of Service**

    I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 29, 2007.

                                                                 /s/ Robert S. Sinsheimer