```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )    Cr. No. 03-10220 MEL
        v.                    )
                              )
1.  SEAN BUCCI,               )
3.  DARREN MARTIN, and        )
4.  CATHERINE BUCCI,          )
        Defendants.           )
```

### OPPOSITION OF THE UNITED STATES
### TO CATHERINE BUCCI'S MOTION TO DISMISS
### FOR VIOLATION OF THE SPEEDY TRIAL ACT OR
### IN THE ALTERNATIVE TO EXCLUDE CERTAIN EVIDENCE

1. The Motion to Dismiss

The defendant's latest motion to dismiss is non-sensical. It is entitled "Motion to Dismiss for Violation of the Speedy Trial Act." The motion does not cite any facts or make any argument whatsoever regarding any alleged violation of the Speedy Trial Act. Indeed, other than the title, the motion does not even mention the Speedy Trial Act much less cite the Speedy Trial Act or any cases. There is no violation of the Speedy Trial Act and the motion to dismiss should be denied.

2. The Motion to Exclude

The defendant requests, in the alternative, that the Court exclude any evidence produced since January 26, 2007, and any charts subsequently to be produced by Special Harriman. The defendant cites neither legal theory nor precedent for this draconian request, and there is none.

The extent of the defendant's argument is that certain identified documents "have been produced in an untimely fashion" and that these materials "should have been disclosed months ago." The defendant offers no legal support for this argument, not does it explain why these materials should have been produced "months ago". In fact, the vast majority of the materials could not have produced months ago because they were not in the government's possession (e.g., subpoenaed documents that the government just received and interviews of witnesses that just occurred). But, in any event, they were not required to be produced earlier even if the government had them.

The defendant lists several items. Some of these are reports or summaries of interviews -- for example of Kendra Smith, Eric Carbone, and Leigha Genduso. These reports are, at best, Jenks (as defense counsel was advised when the report was produced, the government is not calling Smith so her report is not even Jencks). As such, they are not required to be disclosed until after the witness testifies. To they extent they also contained Giglio, they were produced immediately.

Kendra Smith was interviewed on January 30, 2007. On January 31, 2007, the government sent defense counsel a letter stating that it had interviewed Kendra Smith, was not calling her at trial, and nevertheless providing a summary of her statements. Since the government is not calling her at trial, of course, it

was under no obligation to produce any report whatsoever.  That the defendant is claiming that the summary, provided one day after the interview, is "untimely", is revealing.[1]

Similarly, when the government interviewed Ms. Genduso in preparation for trial, it immediately provided defense counsel with a summary of any pertinent statements, particularly mindful of including any information that might be considered inconsistent with anything she had said earlier (as required by Giglio).  The Carbone report was produced out of an abundance of caution because the government could not specifically recall if it had been previously produced.  In any event, its Jencks and is not required to be produced until after the witness testifies.  So far from being *untimely*, it has been produced before required.  Similarly, also, the government provided draft charts that SA Willoughby had prepared during the course of his investigation.  These items, which are stamped draft, and were never completed,

---

[1] There is some suggestion that perhaps the defendant's real argument is that all parties should have stopped working on the case after January 26, 2007 because of the continuance.  That is, that the government should not have interviewed any witnesses thus generating reports which needed to be produced.  If this is the real argument, it makes no sense.  Indeed, Mr. Sinsheimer's response when the undersigned broached the subject of a continuance was words to the effect that he could use the extra time to prepare.  And, in fact, on January 31, 2007, after the defendant's January 26th proposed cutoff date for discovery, the defendant produced *its* discovery in the case -- numerous documents.  A copy of the defendant's January 31, 2007 discovery letter is attached as Exhibit A.  The defendant's motion does not address whether she seeks to likewise have her discovery excluded because it was produced after January 26.

3

are not on the government's exhibit list and the government does not intend to use them at trial. The government produced them in an abundance of caution because, although the government does not consider them <u>Jencks</u>, it might be argued that they are.

Other items on the defendant's list of complaints are various records. Those records had been subpoena or requested and when they were provided to the government the government provided them to defense counsel. Most of these items are not on the government's exhibit list at all -- e.g., the Eastern Bank Records, the Holyoke Mutual Insurance Records, the Northern Grind Bank Records, the Robert Fawcett Records -- but they had been subpoenaed, so when the government got them, it produced them to the defendants. The credit card records and additional tax records are on the government's exhibit list. They had been subpoenaed or requested, and when the government got them, and looked at them, it decided to produce them and put them on its exhibit list.

The defendant also complains that it had not previously received "non-redacted copies" of the Family Bank employee interviews. In its automatic discovery letter, dated September 9, 2005, the government provided the defendants with redacted copies of the Family Bank employee interviews in question. The only redaction was, for privacy reasons, and because of whosarat.com, the date of birth, social security number, and

4

address and telephone number of the respective interviewees.

The first request that the government ever received for non-redacted copies of these letters was in the defendant's January 31, 2007, discovery letter -- a year and a half after the reports had been produced. The government promptly provided the unredacted reports. In short, the defendant had the redacted copies of the reports for a year and half. If the defendant wanted unredacted copies earlier, the government would have obliged whenever requested. Instead, the defendant waited for a year and half, requested them, and then, when produced as requested, moved to exclude them for not being produced earlier.[2]

Finally, the defendant notes that it had not received the summary charts of SA Harriman. Those were produced, by hand, on the afternoon of February 8, 2007. The summaries were produced when completed. The summaries are <u>Jencks</u>. They are not required to be produced until after the witness testifies. The government has nevertheless endeavored to produce them prior to the witnesses's testimony as an accommodation to defense counsel.[3]

---

[2] The defendant's motion states that defense counsel has received an "overwhelming" amount of discovery. That counsel is overwhelmed by the amount of discovery, of course, is not a reason to exclude the discovery.

[3] In his motion, defense counsel states that the government "requested a continuance based on Agent Harriman's alleged family emergency." The use of the word "alleged" in this context is an unwarranted attack on the integrity of the undersigned who, as on officer of the Court, advised the Court of SA Harriman's family situation. If necessary, the undersigned will provide the Court

**CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied.

<pre>
                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN

                                    United States Attorney

                               By:  /s PETER K. LEVITT
                                    PETER K. LEVITT
                                    Assistant U.S. Attorney
                                    JOHN P. MCADAMS
                                    Trial Attorney, DOJ
                                    One Courthouse Way
                                    Boston, MA 02210
                                    (617)748-3100
</pre>

Dated: February 9, 2007

---

with an update on the family emergency of SA Harriman, which unfortunately deteriorated after the January 24, 2007 conference.



**DENNER ♦ PELLEGRINO, LLP**

COUNSELLORS AT LAW

January 31, 2007

Peter K. Levitt, Assistant U.S. Attorney
United States Attorney
District of Massachusetts
United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02110

    Re:    <u>United States v. Sean Bucci, Anthony Belmonte, Darren Martin, and Catherine Bucci</u>
            Criminal Docket No. 03-10220

Dear Mr. Levitt,

    Our records indicate that we have never received non-redacted reports of the witness interviews of the four SIS Family Bank employees you intend to call as witnesses. Please provide them forthwith.

    Also, enclosed please find the following documents that Defendant Catherine Bucci may introduce at trial:

1. World Savings Loan Statement dated December 23, 2006 for the 23 Marshall Street property;
2. A copy of the financial records for the five December 2002 transactions in question;
3. Letter dated April 28, 2004 from Defendants' former attorney Joseph Majchzak;
4. First and Final Account of the Pasquale Landolphi Estate;
5. Inventory Report of the Pasquale Landolphi Estate;
6. Special Administration for Pasquale Landolphi Estate;
7. Pasquale Landolphi Trust; and
8. Marion Court College Dean's Academic Achievement Award awarded to Catherine Bucci on May 18, 2001.

    If you have any questions do not hesitate to call.

4 Longfellow Place, 35th Floor, Boston, MA 02114    Telephone (617) 227-2800    Telefax (617) 973-1562

265 State Street
Springfield, MA 01103
(413) 746-4400

536 Atwells Avenue
Providence, RI 02909
(401) 454-4004

350 Fifth Avenue, Suite 6110
New York, NY 10118
(866) 348-0900

# DENNER ◆ PELLEGRINO, LLP
## COUNSELLORS AT LAW

Thank you for your timely attention to this matter.

Very truly yours,

Robert S. Sinsheimer

Enclosures
Copy: Mrs. Catherine Bucci
H:\sinsheimer\MyFiles\BUCCI, CATHERINE\Levitt.013107.wpd