UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )     Cr. No. 03-10220 MEL
        v.                     )
                               )
1.  SEAN BUCCI, and            )
4.  CATHERINE BUCCI,           )
        Defendants.            )

**GOVERNMENT'S MOTION TO SEQUESTER WITNESSES AND TO REQUEST THAT THE CASE AGENT AND SUMMARY TAX CALCULATOR BE ALLOWED TO REMAIN IN THE COURTROOM**

The government moves that, except as set forth below, all prospective witnesses in this case be sequestered from the courtroom during the trial of this matter. Under Rule 615 of the Federal Rules of Evidence, "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion." Fed.R.Evid. 615.

The government also requests, pursuant to Rule 615, that (1) the principal investigator in this case, DEA Special Agent Gregg Willoughby, be allowed to remain in the courtroom during the entire trial in order to assist the prosecution, and (2) that IRS Agent David Lajoie, who has been designated as an expert by the government, who will testify as a summary witness at the conclusion of the government's case as to his calculations of the tax due and owing Sean Bucci, based in part on the testimony and evidence at trial, be allowed to remain in the courtroom during the trial. See United States v. Lussier, 929 F.2d 25, 30 (1st Cir. 1991) (affirming district court's decision to sequester all

witnesses except case agent and IRS agent who testified as to his calculations as to the tax due and owing by defendant); United States v. Mahoney, 949 F.2d 1397, 1404-05 (6th Cir. 1991) (same). See also United States v. Machor, 879 F.2d 945 (1st Cir. 1989) (recognizing that government's principal investigator falls within exemption of Rule 615 and should be permitted to remain in courtroom to assist prosecution in all but exceptional cases); United States v. Martin, 920 F.2d 393 (6th Cir 1990)(case agent falls within exception to sequestration order and was permitted to stay at counsel table during trial to assist prosecutors); United States v. Pellegrino, 470 F.2d 1205 (2nd Cir. 1972) (same). The government anticipates that Special Agent Willoughby will be the government's first witness.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:   s/ PETER K. LEVITT
       PETER K. LEVITT
       Assistant U.S. Attorney
       JOHN P. McADAMS
       Trial Attorney, DOJ
       One Courthouse Way
       Boston, MA 02210
       (617)748-3100

Dated:  February 11, 2007