```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )     Cr. No. 03-10220 MEL
         v.                    )
                               )
1.  SEAN BUCCI, and            )
4.  CATHERINE BUCCI,           )
         Defendants.           )
```

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
THE DEFENDANT FROM INTRODUCING CERTAIN EVIDENCE, CONTINUING TO
MISSTATE THE LAW REGARDING DRUG QUANTITY, AND FROM CONTINUING
TO REFER TO THE POTENTIAL PUNISHMENT FACING THE DEFENDANT**

Defendant Sean Bucci's opening statement was carefully choreographed to appeal to the jury to reach a verdict on an improper basis -- that is, based on something other than the applicable law and the evidence.  Defense counsel did this by: (1) improperly referencing on several occasions the potential penalty facing the defendant (a mandatory minimum 10 years); (2) incorrectly indicating that it will be up to the jury to determine whether the defendant trafficked in over 1,000 kilograms, and was thus facing a mandatory 10-year sentence; and (3) suggesting that the jury can make it decision in this case based on the government's intent in charging the defendant with trafficking over 1,000 kilograms by suggesting that the government did so in retaliation for the defendant starting whosarat.com.

The government requests that the Court (1) preclude the defendant from continuing to refer to the potential punishment in this case, and advise the jury that, contrary to defense counsel

suggestion in her opening, it is not to consider the potential punishment in this case; (2) preclude the defendant from continuing to misstate the law regarding drug quantity; and (3) preclude any evidence at trial of the whosarat.com website.

    A.    **The Website**

After the eleventh hour, Defendant Sean Bucci indicated in his opening statement its intention to introduce evidence at trial that the defendant started whosarat.com, and indicated its intention to argue to the jury that that is the reason that the government superseded against the defendant to add additional drug weight to the conspiracy.  The evidence is completely irrelevant and the defendant has offered no proper purpose for its inclusion in this trial.  The only reason the defendant wants the evidence in the case is to attempt to persuade the jury to decide the case on a basis other than the law and te evidence.  This Court should not allow the defendant's cynical attempt to manipulate the judicial system.

The defendant's theory, as stated to the jury in his opening, is that the government retaliated against the defendant for starting the website.  This is not a defense.  It is a basis for a motion to dismiss for vindictive prosecution.  The defendant filed such a motion and the Court denied it.  The defendant is now making that same motion to the jury.  This is clearly improper and should not be allowed.

Evidence that Sean Bucci started whosarat.com is irrelevant to the only issues at trial -- whether Sean Bucci conspired to possess with intent to distribute marijuana, committed various financial crimes (such as money laundering), and whether he committed tax crimes. The evidence is simply inadmissible under Rule 401 of the Federal Rules of Evidence because it has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. See also United States v. Vallejo, 237 F.3d 1008, 1015 (9th Cir. 2001)("Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence.").[1]

---

[1] Does the proposed testimony about whosarat.com make it more or less probable that Sean BUcci was engaged in drug dealing, money laundering, or tax evasion? The answer of course no. The evidence is therefore inadmissible. See 2 Jack B. Weinstein & Margaret A. Berger, Weintstein's Federal Evidence § 401.04 (2) (a) (Joseph M. McLaughlin ed., 2d ed. 2000) ("Relevance is not inherent in any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."). The proposed testimony serves no purpose other than to appeal to the sympathies or emotions of the jurors. As such, it is improper testimony and should be excluded. See United States v. Payne, 501 U.S. 808, 856-57 (1991) (Marshall, J., dissenting) ("Evidence that serves no purpose other than to appeal to the sympathies or emotions of the jurors has never been considered admissible.").

To the extent the Court derives some conceivable relevance to the proposed testimony, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, [or] waste of time." Fed.R.Evid. 403. See also United

Moreover, the defendant, in its improper (and cynical) opening statement, made it clear that the reason it was introducing this evidence was precisely to invite the jury decide the case on some basis other than the facts and the law. Specifically, that it wanted the jury to look at the *intent* of the government in superseding in this case in deciding whether the defendant was guilty of trafficking more than 1,000 kilograms.

The defendant accomplished this in its opening by first improperly stating on several occasions that the defendant was charged with trafficking over 1,000 kilograms and implying that this was an element of the crime (when, in fact, defense counsel well knows that it is not, and that defendant is not charged with trafficking over 1,000 kilograms at all) (see infra). The defendant than compounded the impropriety by making reference on several occasions to the potential punishment of a mandatory punishment of 10 years in this case (and by linking that to the government's alleged intention in superseding to charge the

---

Stets v. D'Andrea, 107 F.3d 949, 953 (1st Cir. 1997) ("Unfairly prejudicial evidence is evidence . . . that 'triggers [the] mainsprings of human action [in such a way as to] cause the jury to base its decision on something other than the established proposition in the case.'") (quoting United States v. Currier, 836 F.2d 11, 18 (1st Cir. 1987) (quoting 1 Weinstein's Evidence § 403, 36-39 (1986)). Cf. Gumbs v. Pueblo International, Inc., 823 F.2d 768, 773 (3d Cir.1987) ("[A] jur[or] may not abandon analysis for sympathy for a suffering plaintiff and treat an injury as though it were a winning lottery ticket.").

4

defendant with trafficking over 1,00 kilograms.

    **B.**    <u>**The Drug Quantity Issue**</u>

In his opening, Defendant Sean Bucci repeatedly suggested that the government superseded because of the website to allege that the defendant trafficked over 1,000 kilograms and was therefore subject to a 10-year penalty. This was improper on a variety of grounds. First, as noted, the claim of retaliation is not a defense. Second, it is a misstatement of the law regarding drug quantity. Third, it was improper for defense counsel to discuss with the jury the possible penalty facing the defendant, much less argue that they should acquit because of it.

When a defendant is charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, the government must prove three specific elements. These elements are: "the existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy." <u>United States v. Gomez-Pabon</u>, 911 F.2d 847, 852 (1st Cir.1990). "The quantity of drugs is *not an element* of conspiracy under § 846, nor is it an element of the underlying controlled substances offense under § 841 (a)(2)." <u>United States v. Gonzalez-Velez</u>, 466 F.3d 27, 35 (1st Cir. 2006) (emphasis added). <u>See also</u> <u>United States v. Linda</u>, 82 F.3d 1154, 1160 (1st Cir. 1996)("Drug quantity . . . is not an element of the offense of conviction, 21 U.S.C. §§ 846 and

841 (a)(1), but is typically *relevant only for determining the penalty*.") (emphasis added).

When the government alleges a specific drug quantity in the indictment (as it did here), this is relevant to the jury at trial only to the extent that, as far as the maximum potential sentence available to the Court at sentencing, the jury must make a finding that the *conspiracy as a whole* involved over the alleged amount (in this case 1,000 kilograms), not, as defense counsel repeatedly suggested in her opening, that the defendant himself trafficked in over 1,000 kilograms. The First Circuit cases are replete and dispositive on this point. See, e.g., Derman v. United States, 298 F.3d 34, 43 (1st Cir. 2002) ("The rule, then, is that the government need only allege and prove to the jury the bare facts necessary to increase the statutory sentencing maximum *for the conspiracy as a whole* (e.g., that the conspiracy involved at least 1,000 marijuana plants).") (emphasis in original). See also Gonzalez-Velez, 466 F.3d at 35-36 ("[t]he maximum statutory penalty available to the district court in sentencing a defendant convicted under § 846 is based on the drug quantity and amount reflected in the jury verdict attributable to the conspiracy as a whole," and proving a specific quantity of the controlled substance is incidental to the finding of guilt).

Ultimately, the question of drug weight attributable to the

defendant is a sentencing factor for the Court to determine under a preponderance of the evidence standard at sentencing. Drug quantity is a sentencing factor, not a substantive element of the offense. United States v. Malouf, 466 F.3d 21, 26 (1st Cir. 2006) ("Drug quantity . . . is a sentencing factor that may be determined by a preponderance of the evidence.")(citing United States v. Goodine, 326 F.3d 26, 32 (1st Cir.2003)). See also United States v. Goodine, 326 F.3d 26, 32-34 (1st Cir.2003) (holding that drug quantity is a sentencing factor that can be determined by the sentencing court under a preponderance of the evidence standard, rather than an element of the offense). See also United States v. Vazquez, 271 F.3d 93, 98 (3d Cir. 2001) (en banc); United States v. Williams, 235 F.3d 858, 862-64 (3d Cir. 2000).[2]

The same is true with respect to any statutory mandatory

---

[2] The First Circuit explained in Goodine that "drug quantity is a classic sentencing factor . . . it goes to the 'nature and circumstances of the offense.'" Goodine, 326 F.3d at 32. The Court further explained that the jury's determination of the conspiracy-wide quantity serves as a cap on "the maximum sentence a judge can impose, regardless of [individual] drug quantity determination." Id. at 32. Finally, the Court noted that, the reason the jury does not make the drug quantity determination relative to sentencing is that "drug quantity goes to how the offense is conducted, rather than the result of the crime . . . . Drug quantity is 'not necessary to the determination of whether [defendant's] conduct was 'criminal' or 'innocent.'" Id. at 32 (quoting United States v. Collazo-Aponte, 281 F.3d 320, 326 (1st Cir. 2002)).

minimum sentence.  The decision regarding a quantity which dictates a mandatory minimum is within this Court's province at sentencing, and no jury determination is required.  See Goodine, 326 F.3d at 32-34; United States v. Glaum, 356 F.3d 169, 177 n.4 (1st Cir. 2004) ("The amount of drugs for which a defendant is responsible is not an element which the government must prove to obtain a conviction.") (citing Goodine, 326 F.3d at 32-33).[3]

    Pursuant to the Sentencing Guidelines, U.S.S.G. § 1B1.3, cmt. (n.2)(2006), the defendant is responsible "for drugs he himself sold, transported, or negotiated, as well as for drug quantities attributable to others that are reasonably foreseeable to him in furtherance of the conspiracy."  United States v. Ortiz-Torres, 449 F.3d 61, 79 (1st Cir. 2006).  See also United States v. Laboy, 351 F.3d 578, 582 (1st Cir. 2003) ("In the case of controlled substances, the defendant is responsible for 'all reasonably foreseeable contraband that were within the scope of the criminal activity that he jointly undertook.'" (quoting

---

[3] "[O]nce the jury has determined that the conspiracy involved a type and quantity of drugs sufficient to justify a sentence above the default statutory maximum and has found a particular defendant guilty of participation in the conspiracy, the judge lawfully may determine the drug quantity attributable to that defendant and sentence him accordingly." Gonzalez-Velez, 466 F.3d at 38.  See also United States v. Colon-Solis, 354 F.3d 101, 103 (1st Cir. 2004) ("[W]hen a district court determines drug quantity for the purpose of sentencing a defendant convicted of participating in a drug-trafficking conspiracy, the court is required to make an individualized finding as to drug amounts attributable to, or foreseeable by, that defendant.").

U.S.S.G. § 1B1.3, cmt. (n.2). Determination of the defendant's individual drug quantity requires proof by a preponderance of the evidence. <u>Laboy</u>, 351 F.3d at 582.

Thus, the defendant's argument in his opening statement that, while the defendant was a marijuana dealer, the government will not be able to show that the defendant trafficked in 1,000 kilograms, was an improper statement of the jury's legal function and should not be allowed to continue.

C.  **Punishment**

Defense counsel repeatedly referred in her opening to the potential penalty facing the defendant -- a mandatory prison sentence of 10 years. This was nothing less than a cynical attempt to suggest to the jury that it could consider this fact in rendering its verdict. The Court should not sit idly on the sidelines and allow the defendant to attempt to manipulate the judicial system.

As stated in the government's proposed Jury Instructions in this case (at p.89):

> The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

L. B. Sand, Modern Federal Jury Instructions: Criminal, §9-1 (1990).

The law in this area is well-settled.  For example, in Shannon v. United States, 512 U.S. 573, 579 (1994), the Court stated:

> It is well established that "when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"  The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury.  The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

(quoting Rogers v. United States, 422 U.S. 35, 40 (1975) and Pope v. United States, 298 F.2d 507, 508 (5th Cir.1962)).[4]

---

[4] In Rogers v. United States, 422 U.S. 35, 40 (1975), in discussing the proper charge that should have been given to the jury in an Allen charge type situation, the Court noted:  "In addition, the response should have included the admonition that the jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed."

## **CONCLUSION**

For the foregoing reasons, the government requests that its motion be allowed and that the Court (1) preclude the defendant from continuing to refer to the potential punishment in this case, and advise the jury that, contrary to defense counsel suggestion in her opening, it is not to consider the potential punishment in this case; (2) preclude the defendant from continuing to misstate the law regarding drug quantity; and (3) preclude any evidence at trial of the whosarat.com website.

Respectfully submitted,

MICHAEL J. SULLIVAN

United States Attorney

By:  /s PETER K. LEVITT
     PETER K. LEVITT
     Assistant U.S. Attorney

     JOHN P. MCADAMS
     Trial Attorney, DOJ
     One Courthouse Way
     Boston, MA 02210
     (617)748-3100

Dated: February 14, 2007

11