```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,     )
                              )     Cr. No. 03-10220 MEL
         v.                   )
                              )
1.  SEAN BUCCI,               )
4.  CATHERINE BUCCI,          )
         Defendants.          )
```

## GOVERNMENT'S SUPPLEMENTAL JURY INSTRUCTIONS REGARDING DRUG QUANTITY

The United States of America submits the attached supplemental jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government reserves its right to supplement or modify this requested instruction in light of the requests filed by the defendants and the evidence in the case.

                                          Respectfully submitted,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

            By:       /s PETER K. LEVITT
                        PETER K. LEVITT
                        Assistant U.S. Attorney
                        JOHN P. McADAMS
                        Trial Attorney, DOJ

February 20, 2007

**PROPOSED INSTRUCTION: DRUG WEIGHT FOR THE CONSPIRACY AS A WHOLE**

Count One of the indictment charges that Sean Bucci conspired with others to possess with intent to distribute marijuana. Count One further alleges that the conspiracy involved at least 1,000 kilograms of marijuana. To find Sean Bucci guilty of Count One you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the conspiracy charged in the indictment existed;

Second, that the defendant knowingly and intentionally joined the conspiracy; and

Third, that the defendant intended that the possession of marijuana with intent to distribute be accomplished.

To find Sean Bucci guilty of the offense charged in Count One of the indictment, you need not decide whether he conspired to possess with intent to distribute the specific amount of marijuana alleged in the indictment. Rather, you need only find that he conspired to possess with intent to distribute some quantity of marijuana.

If you conclude that Sean Bucci is guilty of the crime charged in Count One of the Indictment -- i.e., conspiracy to possess with intent to distribute marijuana, then you must answer the separate and distinct question of whether the total amount of

2

marijuana that was involved in the conspiracy as a whole was at least 1,000 kilograms.  Your conclusion regarding the amount of marijuana attributable to the conspiracy in this case must be based on the evidence as a whole.  Your focus in answering this question should not be on the amount of marijuana that Sean Bucci conspired to possess with intent to distribute but, rather, on whether the total amount of marijuana that was involved in the conspiracy as a whole was at least 1,000 kilograms.

**AUTHORITY:** United States v. Gonzalez-Velez, 466 F.3d 27, 33 (1st Cir. 2006); Derman v. United States, 298 F.3d 34, 39 (1st Cir. 2002); Edwards v. United States, 523 U.S. 511, 514 (1998); Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Collazo-Aponte, 216 F.3d 163, 200 (1st Cir. 2000).

**PROPOSED INSTRUCTION: DRUG WEIGHT FOR COUNT TWO**

Count Two of the indictment charges that, on June 4, 2003, Sean Bucci possessed with intent to distribute marijuana. Count Two further alleges that the offense involved at least 100 kilograms of marijuana. To find Sean Bucci guilty of Count Two you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that on or about June 4, 2003, the defendant possessed marijuana, either actually or constructively;

Second, he did so with a specific intent to distribute the marijuana over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

To find Sean Bucci guilty of the offense charged in Count Two of the indictment, you need not decide whether the offense involved the specific amount of marijuana alleged in the indictment. Rather, you need only find that he possessed with intent to distribute some quantity of marijuana.

If you conclude that Sean Bucci is guilty of the crime charged in Count Two of the Indictment -- i.e., possession with intent to distribute marijuana on June 4, 2003, then you must answer the separate and distinct question of whether the offense involved at least 100 kilograms of marijuana. That is, that on

June 4, 2003, Sean Bucci possessed with intent to distribute at least 100 kilograms of marijuana.

**AUTHORITY:** United States v. Gonzalez-Velez, 466 F.3d 27, 33 (1st Cir. 2006); Derman v. United States, 298 F.3d 34, 39 (1st Cir. 2002); Edwards v. United States, 523 U.S. 511, 514 (1998); Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Collazo-Aponte, 216 F.3d 163, 200 (1st Cir. 2000).