```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )     Cr. No. 03-10220 MEL
     v.                      )
                             )
1.   SEAN BUCCI,             )
4.   CATHERINE BUCCI,        )
        Defendants.          )
```

## MEMORANDUM OF THE UNITED STATES REGARDING DRUG QUANTITY

At the charge conference on February 21, 2007, defense counsel objected to the government's proposed Special Verdict Form, which bifurcated the questions of (1) guilt or innocence on Count One (i.e., conspiracy to possess with intent to distribute marijuana) and (2) whether the conspiracy as a whole involved at least 1,000 kilograms of marijuana.  Defense counsel argued that there should only be one question to the jury: is the defendant guilty of conspiring to possess with intent to distribute at least 1,000 kilograms of marijuana.  Defense counsel's formulation badly misstates the law in this area.  The government provides this memorandum to assist the Court in resolving this important issue.

The First Circuit's recent decision in United States v. Gonzalez-Velez, 466 F.3d 27 (1st Cir. 2006), demonstrates that the government's Special Verdict Form -- and proposed jury instruction -- is the proper approach to the drug quantity issue, and that the defendant's formulation is inconsistent with settled law in this circuit (as well as other circuits).

At the conclusion of the trail in <u>Gonzalez-Velez</u>, the district court gave the jury a verdict form similar to the one proposed by the government in this case.  The verdict form in <u>Gonzalez-Velez</u> asked, first, that the jury determine the guilt or innocence of each defendant, and then asked the jury to find, second, whether the amount of cocaine involved in the conspiracy as a whole was five kilograms or more.  <u>Gonzalez-Velez</u>, 466 F.3d at 33 n.4 & 35-36.  On appeal, the First Circuit concluded that this was the proper approach to submitting the maximum- sentence driving drug quantity question to the jury.

The Court began its analysis of this issue by observing as follows: "Gonzalez and Ramos were charged with conspiracy to distribute controlled substances under 21 U.S.C. § 846.  The elements of a conspiracy are 'the existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy.'"  <u>Id.</u> at 35 (citation omitted).

The Court then continued -- in language devastating to the defendant's position in this case:  "The quantity of drugs is *not an element of conspiracy under § 846, nor is it an element of the underlying controlled substances offense under § 841(a)(2).*" <u>Id.</u> (quoting <u>United States v. Lindia</u>, 82 F.3d 1154, 1160 (1st Cir.1996)) (emphasis added).  <u>See also</u> <u>Derman v. United States</u>,

2

298 F.3d 34, 42 (1st Cir. 2002).  The Court continued:

> It was only *after each defendant's culpability was determined* individually that the jury was asked to find the conspiracy-wide drug quantity -- a finding that the court would need for sentencing.  As we have stated, "the maximum statutory penalty available to the district court at sentencing for a defendant convicted of a drug conspiracy is based on the drug quantity and amount reflected in the jury verdict attributable to the conspiracy as a whole."

Id. (quoting United States v. Irizarry, 404 F.3d 497, 504 (1st Cir.2005)).

Finally, the Gonzalez-Velez Court summed up as follows:

> In the present case, the verdict form asked the jury to make a finding of guilty or not guilty as to each defendant for each charge and then, if either defendant was found guilty, asked the jury to determine the amount of cocaine involved in the conspiracy.  As we have already stated, neither the offense of conspiracy, nor the determination of the maximum penalty for conspiracy, requires an individualized finding of the amount of drugs attributable to a specific defendant.  Rather, the amount of drugs involved in the conspiracy as a whole is a predicate for sentencing purposes.  Because the special verdict form provided for individualized findings of guilt on each charge, the special verdict form would not have misled or confused the jury as to their determination of guilt.  Thus, the special verdict form did not constitute error as to the finding of guilt.
>
> Furthermore, there were no Apprendi or Blakely errors in the special verdict form.  The jury used the special verdict form to make a finding of conspiracy-wide drug quantity.  The quantity of drugs in the conspiracy determines the statutory maximum sentence.  Thus, because the statutory maximum was determined by the conspiracy-wide drug quantity, there was no need under Apprendi or Blakely for the special verdict form to allow jurors to make an individualized determination of drug quantity for each defendant.  Accordingly, the special verdict form did not constitute error as to sentencing.

3

Id. at 36-37.

These are precisely the arguments that the government made in the charge conference. Since the drug quantity is not an element of the offense, the jury should only be asked about drug quantity *after* it has made a determination that the government has proven the essential elements of the offense beyond a reasonable doubt. Gonzalez-Velez, 466 F.3d at 35 ("It was only after each defendant's culpability was determined individually that the jury was asked to find the conspiracy-wide drug quantity -- a finding that the court would need for sentencing.").

The Court should therefore provide the jury with a Verdict Form which, as in Gonzalez-Velez, first, and separately, asks the jury to determine whether the defendant is guilty of the crime of conspiracy to possess with intent to distribute marijuana. If the jury concludes that the defendant is guilty of this offense, the jury should then be asked on the Verdict Form, as in Gonzalez-Velez, to determine whether the conspiracy as a whole involved at least 1,000 kilograms of marijuana.[1]

---

[1] The First Circuit quoted the district court's jury instruction on the drug conspiracy and drug quantity as follows:

> Count one of the indictment charges that the defendants conspired with one another to distribute controlled substances, that is to say, five kilograms or more of cocaine and a detectable amount of cocaine base, both Schedule II narcotic drug controlled substances · · · · To find any defendant guilty of conspiracy to distribute controlled [sic] you must be convinced that the government has proven each of the following things beyond a reasonable doubt: First, that the agreement

4

As explained in Gonzalez-Velez, the only reason the jury is asked to determine the conspiracy-wide drug quantity amount is that the amount of marijuana involved in the conspiracy sets the statutory maximum penalty for § 846.  See Gonzalez-Velez, 466 F.3d at 36 ("The amount of cocaine involved in the conspiracy sets the statutory maximum penalty for § 846.").  In this case, a finding by the jury that the conspiracy involved at least 1,000 kilograms of marijuana would set at life the statutory maximum sentence available to the Court at sentencing.  It would then remain incumbent on the Court at sentencing to determine, based on the preponderance of the evidence, the amount of marijuana attributable to the defendant.  See United States v. Malouf, 466 F.3d 21, 26 (1st Cir. 2006) ("[D]rug quantity for purposes of § 841 is a sentencing factor that may be determined by a

---

*specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute controlled substances; and Second, that the defendants knowingly and willfully joined in that agreement · · · · To find a defendant guilty of the offense charged in the indictment, you do not have to find that the defendant conspired to distribute the specific amount of controlled substances alleged in the indictment.  To find a defendant guilty, you need only find that he conspired to distribute some quantity of controlled substances as alleged in count one.  If you find that a defendant conspired to distribute some quantity of controlled substance, you will be asked to make a special finding as to the quantity of controlled substance that he conspired to distribute.*

Gonzalez-Velez, 466 F.3d at 33 (emphasis added).

preponderance of the evidence.") (quoting United States v. Goodine, 326 F.3d 26, 32 (1st Cir. 2003)). See also United States v. Lizardo, 445 F.3d 73, 90 (1st Cir.2006).

In United States v. Gomez-Rosario, 418 F.3d 90, 103 (1st Cir. 2005), the First Circuit approved a Verdict Form similar to that in Gonzalez-Velez and to that proposed by the government in this case. The verdict Form in that case was as follows:

> COUNT II.   CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN
>
> 3. We, the jury, find the defendant Fernando Gómez-Rosario (guilty/not guilty).
>
> 4. (Answer only if you have answered "Guilty" to Question # 3.)
>
> (a) Was the amount of heroin at least 100 grams or more?
>
> Yes___ No___
> (b) [Answer *only* if you have answered "no" to Question # 4(a).]
>
> Was the amount of heroin less than 100 grams?
>
> Yes___ No___

Gomez-Rosario, 418 F.3d at 103.

For the foregoing reasons, the Court should use the proposed jury instructions and Verdict Form provided to the Court by the government.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                   By:   /s PETER K. LEVITT
                         PETER K. LEVITT
                         Assistant U.S. Attorney
                         JOHN P. McADAMS
                         Trial Attorney, DOJ
                         One Courthouse Way
                         Boston, MA 02210
                         (617)748-3100

February 21, 2007