UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )    03-10220-MEL
v.                                  )
                                    )
CATHERINE BUCCI                     )
_____)

DEFENDANT CATHERINE BUCCI'S SECOND SUPPLEMENTAL
REQUEST FOR JURY INSTRUCTIONS
AND
OBJECTION TO GOVERNMENT'S
PROPOSED INSTRUCTION ON "WILLFUL BLINDNESS"

The defendant Catherine Bucci objects to an instruction on "willful blindness." The government has failed to address specific evidence to support this theory. "In determining whether the facts suggest the type of deliberate avoidance warranting an instruction, the record evidence must reveal 'flags' of suspicion that, uninvestigated, suggest willful blindness." United States v. Epstein, 426 F.3d 431, 440 (1st cir. 2005).

Notwithstanding the objection, Ms. Bucci asserts that if a "willful blindness" instruction is given over her objection, it should include the following language:

**WILLFUL BLINDESS**

A person can "be charged with knowledge of a fact if she deliberately closed her eyes to something that otherwise would have been obvious to her." United States v. Thomas, 467 F.3d 49, 54 (1st cir. 2006), United States v. Cheal, 389 F.3d 35, 42 n.7 (1st Cir. 2004). United States v. Gabriele, 63 F.3d 6 (1st cir. 1995).

It is entirely up to you to determine whether she deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. It is important to bear in mind, however, that

1

mere negligence or mistake in failing to learn the fact is not sufficient. To find willful blindness of a fact, you must find a deliberate effort to remain ignorant to that fact. United States v. Lizardo, 445 F.3d 73, 85 (1st Cir. 2006). A person's carelessness or mistake in failing to learn about a fact is not an inference of knowledge. There must be a deliberate effort to remain ignorant of the fact, which again, must be obvious. United States v. Coviello, 225 F.3d 54, 70 (1st cir. 2000). United States v. Richardson, 14 F.3d 666, 671, (1st. Cir. 1994).

### WILLFUL BLINDNESS AS RELATED TO CONSPIRACY

An intent to join a conspiracy can not be established by willful blindness. United States v. Lizardo, 445 F.3d 73, 85 (1st Cir. 2006). There must be an actual specific intention to agree to the specific conspiracy charged. If you find from the evidence that the defendant in this case did not agree to participate in the conspiracy charged in the indictment, you are instructed that she is not a conspirator even if her actions appear to have furthered the object of the alleged conspiracy. United States v. Lizardo, 445 F.3d 73, 86 (1st Cir. 2006).

The defendant also requests the following instruction:

### STATUTE OF LIMITATIONS

The statute of limitations for the crime charged against Ms. Bucci is five years. The indictment came down on July 27, 2006.

Therefore, for you to find Ms. Bucci of a conspiracy, you must find beyond a reasonable doubt that she was an active member of the conspiracy on or later than July 27, 2000. A conspirator may withdraw from a conspiracy. To do so, a conspirator must act affirmatively either to defeat or disavow the purposes of the conspiracy; United States v. Dunn, 758 F.2d 30, 37-38 (1st Cir. 1985).

In other words, even if you find that Ms. Bucci at one time joined a conspiracy, you may not find her guilty of the crime charged unless you also find she was active in the conspiracy after July 27, 2000.

                                                Respectfully submitted:
CATHERINE BUCCI,
By her attorney,

/s/ Robert S. Sinsheimer
Robert S. Sinsheimer, BBO No. 464940
Denner Pellegrino, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
617-227-2800

Dated:   February 23, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this date this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants as of February 23, 2007.

/s/ Robert S. Sinsheimer
Robert S. Sinsheimer