```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                                ) | |
|             v.                 ) | CR No. 03-10220-MEL |
| 1. SEAN BUCCI and              ) | |
| 4. CATHERINE BUCCI,            ) | |
|       Defendants.              ) | |

**GOVERNMENT'S REVISED PROPOSED FORFEITURE**
**JURY INSTRUCTIONS AND SPECIAL VERDICT FORM**

The United States, by and through its undersigned counsel, submits the attached proposed jury instructions and special verdict form for use during the forfeiture phase of this criminal proceeding pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.[1]

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                  By:         /s PETER K. LEVITT
                              PETER K. LEVITT
                              Assistant U.S. Attorney
                              JOHN P. McADAMS
                              Trial Attorney, DOJ
```

February 23, 2007

---

[1] Rule 32.2(b)(4) provides: "Upon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1**
**(Jury's duty regarding forfeiture)**

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant Sean Bucci is guilty of Conspiracy to Possess with Intent to Distribute Marijuana, Possession with Intent to Distribute Marijuana, and Conspiracy to Commit Money Laundering, Money Laundering, and Structuring, and that defendant Catherine Bucci is also guilty of Conspiracy to Commit Money Laundering, you have one more task to perform before you are discharged.

What you must now decide is whether the defendant must forfeit certain property which the government claims is subject to forfeiture to the United States because of its connection to his drug trafficking and money laundering activities.

Under federal law, any person who is convicted of a drug violation shall forfeit to the United States:

> (1) any property constituting or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and/or
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

Proceeds of drug trafficking include any monies or other property that a defendant obtained, directly or indirectly, as the result of his drug trafficking violations. Proceeds include the total amount of gross proceeds obtained by the defendant as the result of his drug trafficking and is not reduced by any

amounts the defendant paid for the drugs he later sold or for any other costs or expenses he incurred.

Property that facilitated drug trafficking is any property used, or intended to be used, in any substantial way to promote drug trafficking or make such trafficking easier to conduct. This includes property that is used or intended to be used to purchase or manufacture controlled substances, or to transport, store, conceal, or protect drug traffickers or their controlled substances. Property need not be indispensable to the commission of the drug violation and need not be used exclusively for illegal drug trafficking, to be facilitating property. All that is necessary is that the government prove that the property was used "in any manner or part" to commit or facilitate the commission of the drug violation. If a portion of the property is used in any way to facilitate drug trafficking, then the entire property is forfeitable.

Additionally, under federal law, any person who is convicted of a money laundering violation shall forfeit to the United States:

(1) the property being laundered;

(2) any commissions or fees paid to the launderer; and any property used to facilitate the laundering offense.

The money laundered means the funds that were actually used in the specified unlawful activity, which in this case were the drug trafficking charges. Property that facilitated money

laundering used, or intended to be used, to conceal and disguise the illegal nature of the moneys laundered. The mere fact that dirty money is placed into a bank account does not mean that you must forfeit the entire account. But if you conclude that the government has proven to you that the purpose of pooling the dirty money with the clean money was to disguise the nature or the source or the location of the dirty money, then the clean money was used to facilitate the money laundering, and the entire amount is forfeitable.[2]

You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the Indictment alleges shall be forfeited to the United States and the drug violations and money laundering violations of which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty of a drug violation and a money laundering violation is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any drug violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to

---

[2] *United States v. Magauley*, 279 F.3d 62, 76 & n. 13 (1st Cir. 2002).

deliberate apply with respect to your verdicts regarding forfeiture.

---

21 U.S.C. § 853(a); Fed.R.Crim.P. 32.2(b)(1); 21 U.S.C. § 982.

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2**
**(Government's burden of proof regarding forfeiture)**

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do not apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property is the proceeds of the drug violation or facilitated the drug violation or constituted moneys laundered or facilitated the money laundering violation. The government is not required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property is proceeds of the drug violation, or facilitated the drug violation, or is money laundered, or facilitated the laundering of money, it must prove that it is more likely than not that the property was such property. In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that the property is the proceeds of the drug violation, or facilitated the drug or money laundering violation. Your job is to determine whether it is more likely than not that the property is the proceeds of the drug violation, or facilitated the drug or money laundering violation.

For purposes of deciding whether property is the proceeds of a drug violation, if the United States proves that property was acquired by the defendant during the period of the violation or within a reasonable time after such period and there was no likely source other than the violation for the property, you may presume that the property is proceeds or traceable to proceeds of that violation. You may presume this even if the United States has presented no direct evidence to trace the property to drug proceeds. You are not required to make this presumption. A defendant may present evidence to rebut this presumption but is not required to present any evidence.

_____

*Libretti v. United States*, 116 S.Ct. 356, 363 (1995)(criminal forfeiture is part of sentencing); *United States v. Keene*, 341 F.3d 78, 2003 WL 21994744 (1st Cir. 2003); *United States v. Rogers*, 102 F.3d 641, 648 (1st Cir. 1996); *South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 778 (6th Cir. 1970); 21 U.S.C. § 853(d) (rebuttable presumption).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3**
**(Jury may consider trial evidence as well as any additional evidence presented on the issue of forfeiture)**

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

_____

United States v. Derman, 211 F.3d 175, 184 (1st Cir. 2000);
*United States v. Sandini*, 816 F.2d 869, 873-74 (3d Cir. 1987);
*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4**
**(Duty not to consider certain issues to be decided by the court)**

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether property constituted the proceeds of the drug trafficking, or was used, or intended to be used, in any way to commit, or facilitate the commission of, the drug, money laundering, or structuring violation which you have found the defendant committed.

Similarly, you are not to consider whether the property is presently available. That matter also will be considered solely by the court in imposing sentence.

_____

*United States v. Derman,* 211 F.3d 175, 184 (1st Cir. 2000).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5**
**(Special verdict forms)**

A special verdict form has been prepared for you. The special verdict form lists the property which the government asserts is proceeds or facilitating property.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO". If you answer "NO", there is a follow-up question you must answer. The foreperson must then sign and date the special verdict form. You will see that some special verdict forms ask you to consider separately whether certain properties are subject to forfeiture on more than one basis. Even if you find that any given property is in fact subject to forfeiture for more than one reason, that does not mean that the government will receive forfeited property twice. It is important, however, that you indicate on the special verdict form all bases on which you find any given property subject to forfeiture. Any issue of double-counting will be considered by the court in imposing sentence.

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6**
**(Unanimous verdict)**

You must reach a unanimous verdict as to each question on each special verdict form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict form.

Everyone must agree whether the preponderance of the evidence proves that such property constitutes the proceeds of the drug trafficking violation of which the defendant was convicted, or that the property constitute money that was laundered, or that such property was used, or intended to be used, in some way to commit, or facilitate the commission of, the drug trafficking, money laundering, or structuring violation of which such defendant was convicted.

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,    )
                             )
              v.             )    CR No. 03-10220-MEL
1. SEAN BUCCI and            )
4. CATHERINE BUCCI,          )
     Defendants.             )

## SPECIAL VERDICT 1

We, the jury, return the following special verdict:

Has the government established, by a preponderance of the evidence, that Sean Bucci obtained, directly or indirectly, at least **$3,000,000** in proceeds as the result of the drug crimes charged in Counts 1 and 2 of the Second Superseding Indictment ?

       **YES**  _____
       **NO**   _____

If you answer "NO" above, then what was the value of the proceeds that Sean Bucci did obtain, directly or indirectly, from the offense?  $_____

_____                    _____
DATE                                       FOREPERSON

## **SPECIAL VERDICT 2**

We, the jury, return the following special verdict:

Has the government established, by a preponderance of the evidence, that the amount of at least **$800,000** was involved in the conspiracy charged in Count 4 of the Second Superseding Indictment, either as moneys laundered or as property that was used to facilitate the offense?

**YES** _____
**NO**  _____

If you answer "NO" above, then what was the value of the property involved in the offense? $_____

_____                          _____
DATE                                              FOREPERSON

## **SPECIAL VERDICT 3**

We, the jury, return the following special verdict as to the following property:

>the real property and buildings located at 23 Marshall Street, North Reading, Massachusetts, having a deed recorded at the Middlesex County Registry of Deeds, at Book 28760, Page 410.

We, the jury, find that the property identified above is:

a.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

>Yes _____
>No  _____

b.  property constituting, or derived from, proceeds that the defendant obtained, directly conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

>Yes _____
>No  _____

c.  property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment.

>Yes _____
>No  _____

_____                    _____
DATE                                        FOREPERSON

## SPECIAL VERDICT 4

We, the jury, return the following special verdict as to the following property:

> One black 2002 Chevrolet Avalanche, bearing Vehicle Identification Number 3GNGK23G52G233472, seized from Sean Bucci on June 4, 2003.

We, the jury, find that the property identified above is:

a.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

> Yes _____
> No  _____

b.  property constituting, or derived from, proceeds that the defendant obtained, directly conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

> Yes _____
> No  _____

c.  property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment.

> Yes _____
> No  _____

_____          _____
DATE                                      FOREPERSON

## **SPECIAL VERDICT 5**

We, the jury, return the following special verdict as to the following property:

> $35,486.18 in United States currency seized on June 6, 2003, from a Bank North Account in the name of "Sean Bucci".

We, the jury, find that the property identified above is:

a.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

>   Yes _____
>   No  _____

b.  property constituting, or derived from, proceeds that the defendant obtained, directly conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

>   Yes _____
>   No  _____

c.  property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment.

>   Yes _____
>   No  _____

_____                      _____
DATE                                          FOREPERSON

## **SPECIAL VERDICT 6**

We, the jury, return the following special verdict as to the following property:

    $1,803.89 seized from an Ameritrade Brokerage Account in the name of "Sean Bucci.

We, the jury, find that the property identified above is:

a. Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

    Yes _____
    No  _____

b. property constituting, or derived from, proceeds that the defendant obtained, directly conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

    Yes _____
    No  _____

c. property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment.

    Yes _____
    No  _____

_____    _____
DATE                                                         FOREPERSON

## **SPECIAL VERDICT 7**

We, the jury, return the following special verdict as to the following property:

>One 31' 1972 Silverton Cabin Cruiser, with a white and blue hull, bearing Massachusetts boat registration number MS2576AF, hull identification number MSZMT095I202, and the name "That's Amore".

We, the jury, find that the property identified above is:

a.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

>Yes _____
>No  _____

b.  property constituting, or derived from, proceeds that the defendant obtained, directly conspiracy to distribute marijuana charged in Count One of the Second Superseding Indictment.

>Yes _____
>No  _____

c.  property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the conspiracy to launder money charged in Count Four of the Second Superseding Indictment.

>Yes _____
>No  _____

_____          _____
DATE                                FOREPERSON