UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
          v.                    )    Criminal No. 03-10220-MEL
                                )
SEAN BUCCI,                     )
CATHERINE BUCCI,                )
          Defendants.           )

**UNITED STATES' (1) OPPOSITION TO MOTION TO INTERVENE AND
(2) MOTION TO DISMISS NOTICE OF CLAIM OF INNOCENT OWNERSHIP**

   The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully opposes Bill Bucci's Motion to Intervene (Document No. 337) and moves to dismiss Catherine Bucci's Notice of Claim of Innocent Ownership (Document No. 336). As set forth below, the Motion and Notice are premature, and in any event do not comply with the statutory requirements for forfeiture claims.

   The relevant forfeiture statute prohibits the intervention of third parties in forfeiture proceedings until entry of an order of forfeiture. Specifically, 21 U.S.C. § 853(k)(1) provides: "except as provided in [21 U.S.C. § 853(n)], no party claiming an interest in property subject to forfeiture under this section may ... intervene in a trial or appeal of a criminal case

involving the forfeiture of such property under this section."[1]

The procedures for protection of third party interests in forfeitable property are set forth in 21 U.S.C. § 853(n). The statute specifically provides that, "<u>Following the entry of an order of forfeiture</u>," the government shall provide notice of the forfeiture to any person known to have alleged an interest in forfeitable property, and publish notice of the forfeiture and its intent to dispose of the property. 21 U.S.C. § 853(n)(1) (emphasis added). At that time – that is, <u>after</u> entry of an order of forfeiture – third parties asserting a legal interest in property subject to forfeiture may file petitions pursuant to 21 U.S.C. § 853(n)(3).

Even if the Motion and Notice had been timely filed, they do not meet the statutory requirements for claims filed in ancillary forfeiture proceedings. 21 U.S.C. § 853(n)(3) requires third parties claiming a legal interest in property which has been ordered forfeiture to the United States to submit a petition "signed by the petitioner under penalty of perjury," setting forth the nature of their interest. The Motion and the Notice are signed only by an attorney, and clearly do not comply with

---

[1] 18 U.S.C. § 983(d(2)(A)(i), cited in both the Motion to Intervene and the Notice of Claim of Innocent Ownership, is applicable only to civil forfeiture cases. The procedures applicable to criminal forfeitures under Title 21, as well as criminal forfeitures under 18 U.S.C. § 982, are found at 21 U.S.C. § 853.

the statutory requirements.

The government submits that, in the event an order of forfeiture is entered against the real property located at 23 Marshall Street, North Reading, Massachusetts, such order will be served on Bill Bucci and Catherine Bucci in accordance with 21 U.S.C. § 853(n)(1).  At that time, the movants will have an opportunity to assert their alleged interests in the property by filing petitions in compliance with 21 U.S.C. § 853(n)(3).

WHEREFORE, the United States requests that the Court deny the Motion to Intervene and dismiss the Notice of Claim of Innocent Ownership, without prejudice to the movants filing petitions pursuant to 21 U.S.C. § 853(n)(3) after entry of an order of forfeiture regarding the real property located at 23 Marshall Street, North Reading, Massachusetts.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney,

    /s/ Kristina E. Barclay
    PETER LEVITT
    KRISTINA E. BARCLAY
    Assistant U.S. Attorneys
    United States Courthouse
    Suite 9200
    1 Courthouse Way
    Boston, MA 02210
Date: June 25, 2007    (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                            /s/ Kristina E. Barclay
                                            Kristina E. Barclay
                                            Assistant U.S. Attorney

Dated: June 25, 2007