UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | Case No: 03-CR-10220-MEL |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SEAN BUCCI, et. al. | ) |  |
|  | ) |  |

## PETITION OF CATHERINE M. BUCCI AND WILLIAM P. BUCCI
## PURSUANT TO 21 U.S.C. section 853 (n)

We, Catherine M. Bucci and William P. Bucci hereby Petition this Honorable Court to

amend the Preliminary Order of Forfeiture so as to exclude certain real property located at 23

Marshall Street, North Reading, County of Middlesex, Massachusetts.

In support, we depose and on our separate and individual oaths do swear:

1. I, Catherine M. Bucci, am an individual who resides at ~~10 Loring Road,~~ *4 Loris Rd C.B. 8-22-07* Danvers,

Massachusetts. I am the mother of Sean Bucci, defendant in the above-captioned case,

and the wife of William P. Bucci, co-Petitioner.

2. I, William P. Bucci am an individual who resides at ~~10 Loring Road,~~ *4 Loris Rd WB 8-22-07* Danvers,

Massachusetts. I am the father Sean Bucci, defendant in the above-captioned case, and

the husband of Catherine M. Bucci, co-petitioner.

3. On or about August 10, 2007 we were served with a "Preliminary Order of Forfeiture"

which issued in the above captioned matter, dated July 11, 2007. The preliminary order

made reference to the following property:

Page 1 of 3.

A.   The real property and buildings located at 23 Marshall Street, County of Middlesex, North Reading, Massachusetts, having a deed recorded at Book 28760 page 410

The order recites that the property allegedly was utilized in conjunctions with crimes for which our son Sean stands convicted.

4.   We are the sole legal owners of this property, having purchased it on or about June 8, 1998. We own it jointly and severally. Since June of 1998, we have paid the taxes and mortgage on the property from our own funds, including funds paid to us for the rental of the locus.

5.   To purchase this property we utilized approximately $60,000.00 of our own funds in the form of a down payment. Some of these funds were obtained from a trust settled by William Bucci's late uncle. Some were obtained from Catherine Bucci's mother. Evidence supporting these facts was admitted at trial.

6.   Sean Bucci has never had a legal interest in this real estate and does not currently have a legal interest in this real estate.

7.   At no time prior to our purchase of the property did either of us have any knowledge that Sean Bucci was involved in the sale of drugs in any way, shape, or form. We therefore believe we are "innocent owners" as that term is described at 18 USC 983 (d)(2)(A)(i), and we believe that therefore, we have the right to contest the forfeiture of the property at issue.

8.    To protect our rights as innocent owners, we have, through our attorney, filed an
opposition to the proposed forfeiture together with individual affidavits signed under
pains and penalties of perjury, essentially stating the above. Those affidavits are
incorporated herein, by reference.

9.    We are nonetheless filing this "Petition" which we believe and assert is in more complete
conformity with 21 U.S.C. section 853 (n). By this petition we are attempting to assert
our joint and several rights to contest the forfeiture to the fullest extent the law allows.
We respectfully request a hearing and to the extent jury issues may be framed, trial by
jury.

Signed under pains and penalties of perjury,

Catherine M. Bucci

Signed under pains and penalties of perjury,

William P. Bucci

For Catherine and William Bucci

/s/ Robert S. Sinsheimer
Robert S. Sinsheimer
B.B.O No. 464940
Denner Pellegrino, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114
617-227-2800

Dated: August 21, 2007